## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HARVEY, MERYL EICHENBAUM, and ROXANNE KUZOWSKY, as representatives of a class of similarly situated persons, and on behalf of the BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN, | Case No. 2:23-cv-20376-CCC-SDA |

Plaintiffs,

v.

BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN COMMITTEE and LAURA CROSSEN,

Defendants.

## DECLARATION OF JENNIFER K. LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION <u>SETTLEMENT</u>

I, Jennifer K. Lee, declare and state as follows:

1.     I am a partner at the law firm of Engstrom Lee LLC, and counsel for Plaintiffs Paul Harvey, Meryl Eichenbaum, and Roxanne Kuzowsky in the above-captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class Under Fed. R. Civ. P. 23(b)(1).

## SETTLEMENT TERMS

2.      Attached hereto as Exhibit 1 is a true and correct copy of the proposed

Class Action Settlement Agreement ("Settlement Agreement"). The Settlement

resolved Plaintiffs' class action claims against Defendants Bed Bath & Beyond,

Inc. 401(k) Savings Plan Committee and Laura Crossen regarding Defendants'

management of the Bed Bath & Beyond, Inc. 401(k) Savings Plan ("Plan").

3.      The Settlement Agreement calls certification of the following

Settlement Class:

> All Participants whose individual Plan accounts were adjusted by any
> amount due to the Market Value Adjustment that was applied to the
> Plan's interest in the MassMutual Guaranteed Interest Account after
> Bed Bath & Beyond passed a resolution to terminate the Bed Bath &
> Beyond, Inc. 401(k) Savings Plan in 2023, along with their
> Beneficiaries and Alternate Payees of record, excluding Defendants.

Settlement Agreement § 1.43.

4.      Under the Settlement, Defendants or their insurers will pay $1.95

million to a Qualified Settlement Fund ("QSF"). *Id.* § 1.22. The net proceeds of the

QSF after accounting for any attorneys' fees, costs, administrative expenses, and

class representative compensation) will be distributed to eligible Class Members in

accordance with the Plan of Allocation in the Settlement. *Id.* §§ 1.26, 5.1. Under

the Plan of Allocation each Class Member's Settlement Credit Amount shall be

equal to the Net Settlement Amount multiplied by the percentage of the Market

Value Adjustment charged to the Plan account(s) of that Class Member (or to the

Plan account(s) of the Participant on whom the Class Member's membership in the Settlement Class is based). *Id.*

5.    Settlement Class Members who properly submit a claim form will have their distribution rolled over to an individual retirement account or other eligible employer plan. *Id.* § 5.4.1. Other Settlement Class Members will receive a direct payment by check. *Id.* § 5.4.2, 5.4.3. Otherwise, the treatment of Class Members is identical for purposes of the Plan of Allocation.

6.    The Gross Settlement Amount ($1.95 million) compares favorably in relation to the total losses suffered by the Plan ($6.58 million). This is especially true in light of the novelty of the claim and potential defenses regarding loss causation.

## INVESTIGATION, DISCOVERY, AND SETTLEMENT NEGOTIATIONS

7.    Throughout this litigation, our firm has vigorously represented the interests of the class. Prior to filing the Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual basis for those claims. This included reviewing publicly available information relating to the Plan, examining our clients' account statements, and conducting an analysis of the Plan's losses.

8.    On December 12, 2023, Defendants moved to dismiss both claims. Dkt. 24. In response, Plaintiffs filed a First Amended Complaint ("FAC") on

January 9, 2024. Dkt. 28. Defendants moved to dismiss the FAC on January 30, 2024. Dkt. 34. Briefing on that motion was completed on March 4, 2024. Dkts. 37, 40.

9.     While briefing Defendants' motion to dismiss, the Parties engaged in preliminary informal discovery. *See* Dkt. 45. This included production of (1) the Plan Document, (2) the Trust Agreement, (3) the complete contract governing the GIA, (4) 404a-5 disclosures, and (5) 408(b)(2) disclosures. *Id.* The Parties also exchanged initial disclosures. *Id.*

10.     On August 28, 2024, the Court concluded that "mediation would conserve the resources and be in the best interests of the Court and the parties" and administratively terminated Defendants' pending Motion to Dismiss Plaintiffs' First Amended Complaint without prejudice and ordered the Parties to participate in mediation with Judge Mark Falk (Ret.). Dkt. 49. That mediation was held on October 29, 2024. Dkt. 52. Although the case did not settle that day, the session ended with a mediator's proposal that the Parties considered for several weeks. *Id.* On December 2, 2024, the Parties reconvened for a second mediation session and reached a settlement-in-principle. Dkts. 55 and 56.

## PROFESSIONAL BACKGROUND

11.     I am licensed to practice law in the States of Minnesota and New York, and also have been admitted to practice in several federal district courts and

4

appellate courts.  A list of jurisdictions and courts in which I have been admitted is set forth below:

| |
|---|
| Supreme Court of the United States |
| 1st Circuit Court of Appeals |
| 5th Circuit Court of Appeals |
| 6th Circuit Court of Appeals |
| 7th Circuit Court of Appeals |
| 9th Circuit Court of Appeals |
| U.S.D.C. for the Northern District of Illinois |
| U.S.D.C. for the Northern District of Indiana |
| U.S.D.C. for the Eastern District of Michigan |
| U.S.D.C. for the Western District of Michigan |
| U.S.D.C. for the Eastern District of New York |
| U.S.D.C. for the Southern District of New York |
| U.S.D.C. for the Western District of New York |
| U.S.D.C. for the Eastern District of Wisconsin |
| Minnesota Supreme Court |
| New York Supreme Court |

I am in good standing in every jurisdiction and court in which I have been admitted to practice.

12.     I received my law degree from the University of Chicago Law School in 2010 and my B.A. from Yale College in 2006. I have been actively engaged in the practice of law since 2010 and have substantial class action experience. For the past eight years, my practice has focused on class action cases, almost exclusively on ERISA class actions.

13.     Engstrom Lee is a boutique ERISA and employment firm. In 2022 I,

along with three of my current partners (Carl Engstrom, Brandon McDonough, and Mark Thomson), separated from Nichols Kaster PLLP, to found Engstrom Lee. Prior to separating from Nichols Kaster, we were attorneys in that firm's ERISA practice group, which had recovered more than $300MM for its clients since Engstrom founded the practice in 2015.

14.    My partners and I have the requisite skills and experience necessary to serve as class counsel. I have been appointed class counsel in several class actions in ERISA cases against defendants such as McKinsey & Co., Allianz Asset Management of America, American Century, BB&T, among others. My partners have likewise been appointed class counsel in dozens of class actions in actions against Putnam Investments, LLC, Deutsche Bank, American Airlines, Allina Health System, Lowe's Co., Fidelity, Fujitsu Tech, among others. Collectively, we have litigated numerous ERISA class actions, settling many while taking others to trial. My partners and I have also been invited to speak at industry and bar events on ERISA class actions. None of Plaintiffs' counsel has ever been disciplined or sanctioned and we have comported ourselves ethically in this case. A complete firm biography listing representative matters of Plaintiffs' counsel is attached to my declaration as Exhibit 2.

## SETTLEMENT ADMINISTRATOR

15.    Analytics Consulting, LLC ("Analytics") has been selected to serve as

6

the Settlement Administrator in this matter. Analytics was selected following a competitive bidding process and they were the most competitive. Analytics has extensive experience administering class action settlements, including several ERISA settlements in this circuit. A copy of Analytics' company profile is attached as Exhibit 3.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2025   /s/Jennifer K. Lee
          Jennifer K. Lee

## **<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on February 14, 2025, the foregoing was

electronically filed using the CM/ECF system, causing a Notice of Electronic

Filing to be transmitted to all counsel of record.

<u>/s/ Andrew R. Frisch</u>
Andrew R. Frisch

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAUL HARVEY, MERYL EICHENBAUM, and ROXANNE KUZOWSKY, as representatives of a class of similarly situated persons, and on behalf of the BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN, | Case No. 2:23-cv-20376-CCC-SDA |
| Plaintiffs, |  |
| v. |  |
| BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN COMMITTEE and LAURA CROSSEN, |  |
| Defendants. |  |

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT ("Settlement Agreement") is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Settlement Agreement is entered into by and between the Class Representatives in this Class Action, for themselves and on behalf of the Settlement Class and the Plan, on the one hand, and Defendants, on the other.

NOW, THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Class Action whatsoever, and without any admission or concession on the part of Defendants as to the merits of the allegations, claims asserted in the Class Action, or any other unlawful conduct or wrongdoing, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties from the Settlement Agreement, including avoiding the inherent risks, difficulties, uncertainties, and

1

delays in conclusively resolving complex ERISA litigation such as the Class
Action, that all Released Claims as against the Released Parties shall be
compromised, settled, released, and dismissed with prejudice, upon and subject to
the following terms and conditions:

## 1.    ARTICLE 1 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, unless
otherwise defined, the following terms have the meanings specified below:

1.1.    "Administrative Expenses" means expenses incurred in the
administration of this Settlement Agreement, including (a) all fees, expenses, and
costs associated with providing the Settlement Notice to the Class Members; (b) all
expenses related to taxes (including taxes and tax expenses noted in Section 4.5);
(c) all expenses and costs associated with the distribution of funds under the Plan
of Allocation; (d) all fees and expenses of the Settlement Administrator and
Escrow Agent; (e) all fees and expenses of the Independent Fiduciary, and (f) all
fees, expenses, and costs associated with providing CAFA Notices. Excluded from
Administrative Expenses are the Settling Parties' respective legal fees and
expenses. Administrative Expenses shall be approved by the Court and paid or
reimbursed from the Qualified Settlement Fund.

1.2.    "Alternate Payee" means a person other than a Participant or
Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a
Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to the
benefit of a Participant.

1.3.    "Attorneys' Fees and Costs" means the amount awarded by the Court
as compensation for the services provided and expenses advanced and carried by
Class Counsel. The amount of Attorneys' Fees that Class Counsel will seek shall
not exceed one-third of the Gross Settlement Amount and shall be deducted from
the Gross Settlement Amount and paid from the Qualified Settlement Fund. In
addition, Class Counsel also will seek reimbursement for all litigation costs and
expenses advanced and carried by Class Counsel for the duration of this Class
Action, which also shall be paid from the Qualified Settlement Fund.

1.4.    "BBB" means Bed, Bath & Beyond, Inc.

1.5.    "Beneficiary" means a person who is entitled, based on the
designation of a Participant or by the terms of the Plan, to receive a benefit under

2

the Plan that is derivative of a Participant's benefit under the Plan, other than an Alternate Payee.

    1.6.  "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

    1.7.  "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, substantially in the form set forth in Exhibit E hereto.

    1.8.  "Class Action" means *Harvey, et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee, et al.*, Civil Action No. 2:23-cv-20376-CCC-SDA, in the United States District Court for the District of New Jersey.

    1.9.  "Class Counsel" means Engstrom Lee LLC and Morgan & Morgan, P.A.

    1.10.  "Class Representatives" means Paul Harvey, Meryl Eichenbaum, and Roxanne Kuzowsky on behalf of themselves, the Plan, and each of the Class Members, and their respective Successors-In-Interest.

    1.11.  "Class Representative Compensation" means the amount awarded by the Court as compensation for the services provided by the Class Representatives in the Class Action and the risks assumed by the Class Representatives in the Class Action.

    1.12.  "Complaint" means the First Amended Class Action Complaint filed in the Class Action on January 2, 2024, at Dkt. 28.

    1.13.  "Court" means the United States District Court for the District of New Jersey.

    1.14.  "Defendants" means Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee ("Committee") and Laura Crossen ("Crossen").

    1.15.  "Defense Counsel" means counsel for Defendants, Morgan, Lewis & Bockius LLP.

    1.16.  "Escrow Agent" means Huntington National Bank or another entity selected by Class Counsel, subject to approval by Defendants, which approval shall not be unreasonably withheld, to act as escrow agent for any portion of the Gross

Settlement Amount deposited in or accruing in the Qualified Settlement Fund pursuant to this Agreement.

1.17.  "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*., including all regulations promulgated thereunder.

1.18.  "Final Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees, Costs, and Administrative Expenses; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23.

1.19.  "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, motions challenging the judicial ruling, order, or judgment, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.

1.19.1.  The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Final thirty-five (35) calendar days after its entry by the Court.

1.19.2.  Notwithstanding any other provision hereof, the Final Approval Order shall be deemed Final without regard to whether the Court has entered an order regarding the award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation or whether such an order has become Final, or is reversed or modified on appeal.

1.20.  "Final Approval Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.21.  "GIA" means the MassMutual Guaranteed Interest Account.

4

1.22.  "Gross Settlement Amount" means the sum of ONE MILLION NINE HUNDRED AND FIFTY THOUSAND ($1,950,000.00), contributed to the Qualified Settlement Fund in accordance with Article 4.

    1.22.1.     The Defendants shall pay or cause to be paid $1,950,000.00 in full settlement of Plaintiffs' claims against them.

    1.22.2.     Neither Defendants nor their insurers will make any additional payment in connection with the Settlement of the Class Action.

1.23.  "Independent Fiduciary" means Gallagher Fiduciary Advisors, LLC , which has no relationship to any of the Settling Parties and will serve as an independent fiduciary to the Plan to approve and authorize the Settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.24.  "Market Value Adjustment" means the market value adjustment that was applied to the Plan's interest in the GIA after BBB passed a resolution to terminate the Plan in 2023. The Settling Parties agree that the Market Value Adjustment was $6,575,624.

1.25.  "Mediator" means Mark Falk, Retired U.S. District Judge, who presided over a remote mediation in this Class Action on October 29, 2024, with substantial follow up with the Settling Parties on December 2, 2024 (the "Mediation").

1.26.  "Net Settlement Amount" means the Gross Settlement Amount plus any interest earned by the Qualified Settlement Fund minus: (a) all Attorneys' Fees and Costs; (b) Administrative Expenses, other than taxes withheld or payable with respect to Class Members' receipt of their Settlement Credit Amount; and (c) all Class Representative Compensation.

1.27.  "Non-Rollover-Electing Settlement Class Member" means a Settlement Class Member who does not submit a Rollover Form or whose Rollover Form is rejected by the Settlement Administrator.

1.28.  "Participant" means a person who had an account in the Plan at the time of the Market Value Adjustment.

1.29.  "Person" means an individual, partnership, corporation, limited liability company, governmental entity or any other form of legal entity or organization.

1.30.  "Plaintiffs" means the Class Representatives and each Settlement Class Member.

1.31.  "Plan" means the Bed Bath & Beyond, Inc. 401(k) Savings Plan, and the trust created and attendant to the Plan.

1.32.  "Plan of Allocation" means the method of allocating and distributing the Net Settlement Amount to Settlement Class Members as set forth in Section 5.1.

1.33.  "Preliminary Approval Order" means the order of the Court to be proposed by the Settling Parties for approval by the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.34.  "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Articles 4 & 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.35.  "Released Claims" means any and all claims arising from or in any way related to the allegations and claims in either the original or First Amended Complaint filed in the Class Action, any and all claims that could have been asserted by Plaintiffs in the Class Action based upon information and discovery available to Plaintiffs and their counsel, and any and all claims (known or unknown) concerning the management or administration of the Bed Bath & Beyond, Inc. 401(k) Savings Plan at issue in this action, as well as any claims:

    1.35.1.    That would be barred by *res judicata* based on entry of the Final Approval Order;

    1.35.2.    That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to any Settlement Class Member in accordance with the Plan of Allocation; or

    1.35.3.    That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

    1.35.4.    The Class Representatives, Settlement Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted

6

by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.35.5.    "Released Claims" do not include any claims to enforce this Settlement Agreement.

1.36.  "Released Parties" means (a) all Defendants and any of their Successors-In-Interest; (b) BBB and any of its subsidiaries, affiliates, predecessors, successors, and its or their board members; (c) Defendants' and/or BBB's insurers, co-insurers, and reinsurers; (d) the Committee's individual members; (e) the Plan's fiduciaries, agents, representatives, service providers, insurers, and co-insurers; and (f) Defendants' current and former attorneys, agents, directors, officers, employees, or representatives.

1.37.  "Rollover Form" means the form substantially similar to Exhibit B that the Settlement Administrator will send with the Settlement Notice, subject to Section 1.46, Section 2.3.5, and Section 5.6.2.

1.38.   "Rollover-Electing Settlement Class Member" means a Settlement Class Member whose Rollover Form is accepted by the Settlement Administrator.

1.39.  "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 13.6.

1.40.  "Settlement Administrator" means Analytics Consultants LLC, an independent contractor to be retained by Class Counsel with review and approval from Defendants and approved by the Court for purposes of sending the Settlement Notices to the Class, establishing the Settlement Website and telephone support line, and other duties as described herein. The Settlement Administrator shall be the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and, consistent with Treas. Reg. § 1.468B-2(l)(2) and under the terms of this Settlement Agreement, is responsible for all tax withholding and reporting for the Qualified Settlement Fund and its distributions, including determining whether tax-qualified roll-over distributions may be offered to the Settlement Class Members, and administering the Settlement and Plan of Allocation.

1.41. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.42. "Settlement Agreement Execution Date" is the last date that this Settlement Agreement is executed by a Settling Party.

1.43. "Settlement Class" or "Class" means the following class to be certified by the Court for settlement purposes: All Participants whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's interest in the MassMutual Guaranteed Interest Account after Bed Bath & Beyond passed a resolution to terminate the Bed Bath & Beyond, Inc. 401(k) Savings Plan in 2023, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

1.44. "Settlement Class Members" or "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.45. "Settlement Credit Amount" means that portion of the Net Settlement Amount payable to an individual Settlement Class Member, as determined according to the procedures described in Section 5.1 herein.

1.46. "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

1.47. "Settlement Notice" means the Notice of Class Action Settlement and Final Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A. The Settlement Notice shall inform Class Members of a Final Fairness Hearing to be held by the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation; and (c) payment or reimbursement of Administrative Expenses. Subject to its discretion and authority granted by the Preliminary Approval Order and further identified in Section 5.6.2, the Settlement Administrator will include a Rollover Form, in substantially the form attached hereto as Exhibit B, with the Settlement Notice.

8

1.48. "Settlement Website" means the internet website to be established by the Settlement Administrator in accordance with Section 12.2.

1.49. "Settling Parties" means the Defendants and the Class Representatives, the latter on behalf of themselves, the Plan, and each of the Settlement Class Members.

1.50. "Successor-In-Interest" shall mean a Person's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

2.     ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

2.1.    Independent Fiduciary. The Independent Fiduciary retained by Defendants in consultation with class counsel, in their role as Settling Parties entitled to a binding Plan release, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.1. The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.2. The Independent Fiduciary shall notify Defendants through Defense Counsel of its determination, in writing (with copies to Class Counsel), which notification shall be delivered no later than ten (10) calendar days after Class Counsel provide the Independent Fiduciary either a draft in substantially final form of, or after they file, the Settlement Agreement and their application for Attorney's Fees, Costs, and Administrative Expenses with the United States District Court.

2.1.3. All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $25,000, will constitute Administrative Expenses and will be paid from the Qualified Settlement Fund, subject to Court approval.

9

2.1.4. Defendants, Defense Counsel, Class Counsel and Class Representatives shall respond to reasonable requests from the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement, including any requests for confidential information submitted by the parties to the Mediator.

2.1.5. If Defendants reasonably conclude, solely in their role as Settling Parties entitled to a binding Plan release, that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary and Class Counsel within fourteen (14) calendar days of receipt of the determination.

2.1.6. A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel, who may file it with the Court in support of final approval of the Settlement.

2.2. Preliminary Approval. The Class Representatives, through Class Counsel, shall file with the Court on or by February 14, 2025, a motion seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C. While Defendants may not agree with all the averments of Plaintiffs' Motion for Preliminary Approval of Settlement, Defendants will not object to the relief sought in Plaintiffs' motion. Class Counsel shall give Defendants at least seven (7) calendar days before filing to review the draft in substantially final form of Plaintiffs' Motion for Preliminary Approval. Defendants may, but shall not be required to, submit papers in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Defendants shall provide any comments to Plaintiffs' Motion at least two (2) calendar days prior to filing and, if any issues are not amicably resolved, Defendants will provide copies of any such papers they intend to file in substantially final form to Class Representatives, through Class Counsel, at least one calendar day prior to filing.

2.3. The Preliminary Approval Order to be proposed to the Court shall, among other things:

2.3.1. Grant the motion to certify the Settlement Class for settlement purposes only under Fed. R. Civ. P. 23(b)(1), meaning a mandatory, non-opt out settlement;

10

2.3.2. Approve the text of the Settlement Notice for mailing to Settlement Class Members;

2.3.3. Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.3.4. Approve the appointment of the Settlement Administrator, including for the Settlement Administrator to be responsible for all tax withholding and reporting related to the Qualified Settlement Fund and for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members;

2.3.5. Order the Settlement Administrator to send—within thirty (30) calendar days following entry of the Preliminary Approval Order—by first-class mail the Settlement Notice to each Settlement Class Member, in accordance with Section 2.6;

2.3.6. Approve the establishment of the Qualified Settlement Fund;

2.3.7. Approve the appointment of the Independent Fiduciary and payment or reimbursement of the fees and expenses of the Independent Fiduciary from the Qualified Settlement Fund;

2.3.8. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.3.9. Set the Final Fairness Hearing for at least one hundred and twenty (120) days after entry of the Preliminary Approval Order, in order to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

11

2.3.10.       Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Court, with copies timely provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any supporting documents must be filed or postmarked, with copies provided to Class Counsel and Defense Counsel, at least twenty-one (21) calendar days prior to the scheduled Final Fairness Hearing. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Court, Class Counsel, and Defense Counsel within fourteen (14) calendar days before the Final Fairness Hearing;

2.3.11.       Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing;

2.3.12.       Provide that the Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court; and

2.3.13.       Approve the form of the CAFA Notice attached as Exhibit E and order that upon mailing of the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

2.4.   Settlement Class. The Settling Parties agree to certification of the Settlement Class for settlement purposes only, and Defendants agree not to challenge certification of the Settlement Class for settlement purposes. The Settling Parties further agree that, if the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Class Action and the claims asserted therein will revert to their status as of the day immediately before the Court administratively terminated Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint on August 28, 2024 at Dkt. 49. In such event, Defendants will not be deemed to have consented to the certification of any class, and the agreements and stipulations in this Settlement Agreement and its Exhibits concerning class definition, class period, and class certification shall not be used in any way to support any class

definition, any class period, any class certification, or for any other purpose, and Defendants will retain all rights to oppose any motion for class certification.

2.5.    Settlement Administrator. Plaintiffs and Defendants shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for any readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.5.1. The Settlement Administrator shall use the data from the Plan's former recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.5.2. At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.6.    Settlement Notice. By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice and Rollover Form in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits A and B or a form subsequently agreed to by the Settling Parties and approved by the Court.

2.6.1. The Settlement Administrator shall use records provided by the Plan's former recordkeeper to identify Settlement Class Members and their mailing addresses last known to the Plan.

2.6.2. Before mailing a Settlement Notice to a Settlement Class Member, the Settlement Administrator shall (a) determine whether the Settlement Class Member has provided an updated mailing address to Class Counsel or the Settlement Administrator and (b) use commercially reasonable efforts to attempt to verify the Settlement Class Member's mailing address and search for any new address information. For any returned Settlement Notice, the Settlement Administrator shall make a second commercially reasonable effort to try to find that Class Member, including mailing the Settlement Notice at least one additional time. Each Settlement Notice shall be sent to the mailing address determined, in the

judgment of the Settlement Administrator, most likely to reach the Settlement Class Member.

2.6.3. The Settlement Administrator shall email the Settlement Notice to each Settlement Class Member who provides an email address to the Settlement Administrator and requests such electronic copy.

2.6.4. The Settlement Administrator may communicate with the Plan's former recordkeeper, with prior notice to Class Counsel and Defense Counsel, if the Settlement Administrator believes that such communication may help to explain, verify, or supplement the information regarding the Class provided by the Plan's former recordkeeper. Any expense incurred as a result of such communication shall be deemed to be an Administrative Expense of the Settlement, and Plaintiffs shall request payment or reimbursement of any such expense from the Qualified Settlement Fund. Defendants shall not be obligated to make any payment related to Plan records inquiries in connection with the Settlement. The Settling Parties agree that they will not unreasonably withhold any approval or consent to release information to the Settlement Administrator, if requested by the Plan's former recordkeeper.

2.7.    CAFA Notice. No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants will serve or cause the Settlement Administrator to serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

## 3.    ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1.    No later than thirty (30) calendar days before the Final Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit D) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. Class Counsel shall give Defendants at least seven (7) calendar days to review Plaintiffs' Motion for Final Approval before filing. Defendants may, but shall not be required to, submit papers in connection with Plaintiffs' Motion for Final Approval.

3.2.    The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law:

3.2.1. Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.2.2. A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided;

3.2.3. Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.2.4. That the Plan, the Settlement Class, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims;

3.2.5. That the Settlement Class and each Class Member shall release the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs;

3.2.6. That the provisions of Sections 3.2.3, 3.2.4, and 3.2.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released

Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

3.2.7. That all applicable CAFA requirements have been satisfied;

3.2.8. That (a) the Plan of Allocation is approved; (b) the Settlement Administrator shall have final authority to determine each Class Member's Settlement Credit Amount in accordance with the Plan of Allocation; and (c) the Settlement Administrator is authorized to direct the Escrow Agent to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation

3.2.9. That within thirty-one (31) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a Settlement payment from the Qualified Settlement Fund and the amount of such payment;

3.2.10. Consistent with Section 13.1, that the Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

3.3. The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, all Class Members, and the Plan shall be bound by the Settlement Agreement and the Final Approval Order.

## 4. ARTICLE 4 – ESTABLISHMENT AND FUNDING OF THE QUALIFIED SETTLEMENT FUND

4.1. No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall cause to be established, at the Escrow Agent, the Qualified Settlement Fund for the safekeeping of the Settlement payments, which shall be an interest-bearing account and considered a common fund created as a result of the Class Action. The Qualified Settlement Fund shall be governed by this Settlement Agreement and orders of the Court. The Settling

Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1).

4.2.    Based on information to be supplied by the Settlement Administrator, Class Counsel shall provide to Defendants: (i) written notification of the date of establishment of the Qualified Settlement Fund; (ii) written notification of the following information regarding the Escrow Agent and the Settlement Fund Account: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed for Defendants or their insurance carrier to deposit the payments set forth below into the Qualified Settlement Fund. The Settlement Administrator shall direct the Escrow Agent to make distributions by wire transfer or check from the Qualified Settlement Fund in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized.

4.2.1. Within thirty (30) days of the entry of the Preliminary Approval Order, the Defendants shall pay or cause to be paid $975,000.00 into the Qualified Settlement Fund.

4.2.2. Within forty-five (45) days of the entry of the Final Approval Order, the Defendants shall pay or cause to be paid $975,000.00 into the Qualified Settlement Fund, unless there is a Review Proceeding of the Final Approval Order, in which case these payments will be made 30 days after the Final Approval Order and the subsequent Review Proceeding has become Final.

4.3.    The Escrow Agent may invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and the Escrow Agent shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.4.    The payments in Sections 4.2.1 & 4.2.2, together with any interest earned thereon, shall fund the Qualified Settlement Fund. Under no circumstances shall the Defendants or their insurers be responsible for any payments, costs, or fees whatsoever under the Settlement beyond Defendants' obligation to cause the amounts set forth in Sections 4.2.1 & 4.2.2 to be deposited in the Qualified Settlement Fund as provided in this Article 4.

17

4.5.     The Qualified Settlement Fund will be considered to be in the legal custody of the Court until such time as such funds may be distributed pursuant to the orders of the Court, or the terms of this Settlement Agreement. The Court shall retain continuing jurisdiction over the Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1(c)(1). The Qualified Settlement Fund shall be structured and managed by the Settlement Administrator to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code, and Treas. Reg. § 1.468B-1 *et seq.*, and the Settlement Administrator shall provide reports to Class Counsel to keep Class Counsel apprised of actions taken by the Settlement Administrator or Escrow Agent for tax compliance purposes. Plaintiffs intend that the Qualified Settlement Fund be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans. All expenses incurred to maximize the tax benefits, if any, for the Settlement Class, and taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiffs and shall be paid out of the Qualified Settlement Fund.

4.6.     Subject to Class Counsel's prior approval and if authorized by the Court, the Settlement Administrator shall direct the Escrow Agent to pay from the Qualified Settlement Fund the costs and expenses of the Qualified Settlement Fund charged to the Qualified Settlement Fund in accordance with Section 1.1. Subject to Class Counsel's prior approval and if authorized by the Court, the Settlement Administrator may instruct the Escrow Agent to reserve any portion of the Qualified Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Qualified Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement. Defendants take no position, directly or indirectly, with respect to such matters. Plaintiffs and Defendants acknowledge and agree that Defendants shall have no authority, control, or liability in connection with the design, management, administration, including on any tax issue or taxes due, investment, maintenance, or control of the Qualified Settlement Fund, or any distribution therefrom, or for any expenses the Qualified Settlement Fund may incur, or for any taxes that may be payable by the Qualified Settlement Fund or due on any distribution from the Qualified Settlement Fund, including due by any distributee therefrom.

4.7.     Sole Monetary Contribution. The Gross Settlement Amount shall be the full and sole monetary contribution made by the Defendants and their insurers in connection with this Settlement Agreement.

## 5. PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

5.1. **Plan of Allocation.** For each Class Member identified by the Settlement Administrator, the Settlement Administrator shall calculate a Settlement Credit Amount. Each Class Member's Settlement Credit Amount shall be equal to the Net Settlement Amount multiplied by the percentage of the Market Value Adjustment charged to the Plan account(s) of that Class Member (or to the Plan account(s) of the Participant on whom the Class Member's membership in the Settlement Class is based).[1] In accordance with the procedures set forth in this Article, as approved or modified by the Court, the Settlement Administrator will distribute to each Class Member their Settlement Credit Amount. Any Settlement Credit Amounts distributed but not claimed (as contemplated by Section 5.5) shall revert to the Qualified Settlement Fund and be re-distributed *pro rata* to Class Members who claimed their Settlement Credit Amounts.

5.1.1. The Plan of Allocation shall be submitted to the Court for preliminary and final approval in connection with the preliminary and final approval motions contemplated by the Settlement Agreement. If the Court rejects this Plan of Allocation, Plaintiffs shall provide their revised plan of allocation for review and comment by Defendants before submission to the Court.

5.1.2. The Class Representatives, Class Counsel, Defendants, and Defense Counsel shall have no responsibility or liability for the calculations and distributions of the Net Settlement Amount to Settlement Class Members. In the event of an error by the Settlement Administrator in the calculations or distributions of the Net Settlement Amount to Settlement Class Members, the Settlement Administrator shall correct the error within a reasonable amount of time.

5.1.3. The aggregate of all Settlement Credit Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such *pro rata* changes as are

---

[1] For illustrative purposes, if it is assumed that the Net Settlement Amount equals $1.25 million and $10,000 of the Market Value Adjustment was applied to the account of Class Member A, then Class Member A's Settlement Credit Amount equals $1,900.96. This is because the percentage of the Market Value Adjustment applied to Class Member A's account was 0.152078621% ($10,000 / $6,575,624), and 0.152078621% multiplied by $1.25 million equals $1,900.96.

necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

5.2.    Following the Settlement Effective Date and completion of all payments to the Qualified Settlement Fund required by Sections 4.2.1 and 4.2.2, the Qualified Settlement Fund shall be distributed in the following manner, as approved or modified by the Court: First, within ten (10) business days, all Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation approved by the Court shall be paid or reimbursed. Second, within twenty (20) business days, (a) the Settlement Administrator shall begin distributing the Net Settlement Amount to Class Members in accordance with the Plan of Allocation and Section 5.4. Pending final distribution of the Net Settlement Amount to Class Members, the Escrow Agent will maintain the Qualified Settlement Fund. If Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation remains pending as of the Settlement Effective Date, calculation and distribution of the Net Settlement Amount shall proceed subject to a reserve maintained in the Qualified Settlement Fund in an amount equal to the sum of Attorneys' Fees and Costs and Administrative Expenses requested in Class Counsel's motion. Any difference between the amount of such reserve and a subsequent award of Attorneys' Fees and Costs, Administrative Expense, and Class Representative Compensation shall be distributed to Class Members per Section 5.5.2.

5.3.    Final List of Class Members. Prior to the disbursement of the Net Settlement Amount to the Class Members, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list shall be eligible to receive any recovery from this Settlement.

5.4.    Initial Distribution of Settlement Credit Amounts to Class Members.

5.4.1. For each Rollover-Electing Class Member, no later than twenty (20) business days following the Settlement Effective Date, the Settlement Administrator shall attempt to effect a rollover of the Class Member's Settlement Credit Amount from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Class Member in their Rollover Form, if the conditions for such rollover are satisfied and adequate paperwork necessary to transfer such Settlement Credit Amount by rollover has been provided.

5.4.2. If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Class Member as provided in their Rollover Form due to inadequate information supplied by the Class Member or failure by the custodian of the individual retirement account or other eligible employer plan designated by the Class Member to claim the Class Member's Settlement Credit Amount within thirty (30) days of its issuance from the Qualified Settlement Fund, the Class Member will be treated as a Non-Rollover-Electing Class Member.

5.4.3. Non-Rollover-Electing Class Members. For each Non-Rollover-Electing Class Member, no later than twenty (20) business days following the Settlement Effective Date, or as soon as practicable if the Class Member becomes a Non-Rollover-Electing Class Member pursuant to Section 5.4.2, the Settlement Administrator shall distribute the Class Member's Settlement Credit Amount from the Qualified Settlement Fund by calculating and withholding any taxes required to be withheld per Section 5.4.5 and mailing a check for the remainder of the Settlement Credit Amount to the Settlement Class Member.

5.4.4. Before mailing any check to a Settlement Class Member, the Settlement Administrator shall (a) determine whether the Settlement Class Member has provided an updated mailing address to Class Counsel or the Settlement Administrator and (b) use commercially reasonable efforts to attempt to verify the Settlement Class Member's mailing address and search for any new address information. Each check shall be sent to the mailing address determined, in the judgment of the Settlement Administrator, most likely to reach the Settlement Class Member.

5.4.5. For each check issued, other than any permitted rollover, the Settlement Administrator shall (1) calculate and withhold any applicable taxes required to be withheld associated with the payments allocable to the Class Member; (2) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (3) issue appropriate tax forms to the Class Member.

5.5.    Expiration of Checks and Disbursement of Unclaimed Settlement Credit Amounts.

5.5.1. For Non-Rollover-Electing Class Members, the Settlement Administrator may issue up to three checks to attempt to distribute their Settlement Credit Amount to them. The first round of checks issued pursuant

21

to this Plan of Allocation shall expire sixty (60) calendar days after their issue date. For Class Members who fail to cash checks issued in this first round before the expiration date of the check, the Settlement Administrator will endeavor to locate an alternative current address. If an alternative address is identified, a second round of checks will be issued to Settlement Class Members who failed to cash checks issued in the first round and for whom an alternative address is identified. These checks will expire ninety (90) calendar days after their issue date. Additionally, starting thirty (30) days after a check has been mailed to a Settlement Class Member but not cashed and continuing until all second round checks have expired, the Settlement Administrator may stop payment on the check (if necessary) and re-issue the check to the Settlement Class Member if (a) the Settlement Class Member contacts the Settlement Administrator and reports that the check was lost or not received and (b) provides or confirms to the Settlement Administrator the mailing address to which the Settlement Class Member would like the check to be re-issued. Any check re-issued at the request of a Class member pursuant to this Section shall expire sixty (60) calendar days after its issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

5.5.2. After all efforts permitted by Section 5.5.1 to distribute each Settlement Credit Amount to the Class Member for whom it was calculated have been exhausted, all Settlement Credit Amounts that reverted to the Qualified Settlement Fund per Section 5.5.1 shall be re-distributed *pro rata* to the Class Members who received their Settlement Credit Amounts in the same manner that such Class Members received the Settlement Credit Amount initially allocated to them.

5.5.3. Any checks issued per Section 5.5.2 shall be mailed one time and shall expire sixty (60) days after issuance. Any such checks that are undelivered or not cashed shall revert to the Qualified Settlement Fund. Any funds left in the Qualified Settlement Fund after efforts described in Section 5.5.2 and 5.5.3 have been exhausted shall be transferred to the State of New Jersey Unclaimed Property Administration. Under no circumstance will funds left in the Qualified Settlement Fund revert to Defendants.

5.6.    Responsibility for taxes.

5.6.1. The Settling Parties acknowledge that any payments to Settlement Class Members may be subject to applicable tax laws. Defense Counsel, Defendants, Class Counsel, and the Class Representatives will

provide no tax advice to the Class Members and make no representations regarding the tax consequences of any of the Settlement payments described in this Settlement Agreement. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law and the terms of this Settlement Agreement in respect of all payments or distributions made under the Settlement Agreement.

5.6.2. The Settlement Administrator is the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and the terms of this Settlement Agreement.  Consistent with Treas. Reg. § 1.468B-2(l)(2), and under the terms of this Settlement Agreement, the Settlement Administrator shall have sole responsibility for tax withholding and reporting for the Qualified Settlement Fund and its distributions, and the fulfillment of plan administrative functions related to the distributions, including determining whether the distributions to the Settlement Class Members qualify as eligible rollover distributions within the meaning of Code Section 402 and implementing regulations and, if so, for compliance with same, including responsibility for any notices that may be required for such distributions.

5.6.3. Each Settlement Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold Defendants, Defense Counsel, Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit) related to such tax liability.

5.7.    The Released Parties shall have no responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Qualified Settlement Fund, including with respect to personal, private, confidential or otherwise protected data received or maintained by the Settlement Administrator, or otherwise; (b) the offering of a tax-qualified rollover to Class Members, or otherwise; (c) the management,

23

investment, or distribution of the Qualified Settlement Fund; (d) the Plan of
Allocation as approved by the Court; (e) the determination, administration,
calculation, or payment of any claims asserted against the Qualified Settlement
Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified
Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or
costs incurred in connection with the taxation of the Qualified Settlement Fund or
tax reporting or payments to or tax withholding from payments made to Class
Members from the Qualified Settlement Fund, or the filing of any returns.

## 6.   ARTICLE 6 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVE COMPENSATION

6.1.    Through an application for Attorneys' Fees and Costs, Administrative
Expenses, and Class Representative Compensation, Class Counsel intends to seek
to recover their Attorneys' Fees not to exceed one-third of the Gross Settlement
Amount and Class Representative Compensation not to exceed $7,500 for each
Class Representative. Class Counsel also will seek reimbursement of all litigation
costs and expenses advanced and carried by Class Counsel for the duration of the
Class Action, which shall be recovered from the Qualified Settlement Fund. At the
same time, Class Counsel will also seek approval for the payment or
reimbursement of all Administrative Expenses (other than any Administrative
Expenses already authorized by the Preliminary Approval Order). The appropriate
amount of any such awards shall be determined by the Court in its discretion. This
Settlement Agreement does not purport to establish a presumptively reasonable
amount and Defendants will not take any position on Class Counsel's application
for fees and costs. Plaintiffs and Defendants acknowledge and agree that
Defendants shall have no authority, control, or liability in connection with Class
Counsel's Attorneys' Fees and Costs, Administrative Expenses, or Class
Representative Compensation.

6.2.    Class Counsel will file a motion for an award of Attorneys' Fees and
Costs, Administrative Expenses, and Class Representative Compensation no later
than thirty (30) calendar days before the date of the Final Fairness Hearing set by
the Court.

6.3.    This Settlement Agreement is not contingent on whether Class
Counsel's motion for Attorney's Fees and Costs, Administrative Expenses, and
Class Representative Compensation is approved or modified.

## 7.     ARTICLE 7 – RELEASES AND COVENANTS NOT TO SUE

7.1.     As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1), the Settlement Class, and the Settlement Class Members (and their respective Successors-In-Interest, beneficiaries, executors, administrators, past and present partners, officers, directors, agents, attorneys, and predecessors), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Settlement Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Settlement Class Members have actually received the Settlement Notice, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed, and whether or not the Settlement Administrator concludes that they are eligible for a tax-qualified rollover from the Qualified Settlement Fund.

7.2.     As of the Settlement Effective Date, the Settlement Class, the Settlement Class Members, and the Plan (subject to Independent Fiduciary approval as required by Section 2.1) expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance agency or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims against any Released Party, and that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Released Parties. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3.     Class Counsel, the Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, had they been known, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Settlement Class Member not to object to the Settlement.

Notwithstanding the foregoing, each Settlement Class Member, the Settlement Class, and the Plan shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.

7.4.    The Settlement Class, each Settlement Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Settlement Class, the Settlement Class Members, and Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Settlement Class, the Settlement Class Members, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, that the Settlement Class, the Settlement Class Members, and the Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

7.5.    The Settlement Class, the Settlement Class Members, and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that each of the foregoing terms in this Article 7 were bargained for separately and are each a key element of the Settlement embodied in this Settlement Agreement.

7.6.    Dismissal With Prejudice. The Class Action and all Released Claims shall be dismissed with prejudice.

7.7    Mutual Releases Among Defendants. The Defendants each mutually release any and all claims that they could have asserted against each other relating to the subject matter of the Class Action or the defense of the Class Action.

## 8.    ARTICLE 8 – REPRESENTATIONS AND WARRANTIES

8.1.    Taxation. Plaintiffs acknowledge and agree that the Released Parties have no responsibility for any taxes due by Plaintiffs or the Plan or the Settlement Administrator from this Settlement, including on funds deposited in or distributed from the Qualified Settlement Fund. Plaintiffs further acknowledge and agree that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund. Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

8.2.    Cooperation. Defendants agree to provide good faith cooperation in providing information, to the extent they have any, necessary for identification of Class Members and contact information. Any fees charged by former service providers to facilitate this or other information needed for the Settlement shall be paid from (or reimbursed from) the Qualified Settlement Fund.

8.3.    No Assignment. Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Party and further covenant that they will not assign or otherwise transfer any interest in any Released Claims. Class Representatives further represent and warrant that they shall have no surviving claim or cause of action against any Released Party with respect to the Released Claims or that is in any way related to the Class Action.

8.4.    The Settling Parties further represent and warrant as follows:

8.4.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations under the auspices of the Mediator; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any

27

representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement.

8.4.2. That they assume the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

8.4.3. That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Defendants and Class Representatives. The Settling Parties, and each of them, further represent and warrant to each other that he, she, they, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, they, or it deems necessary.

8.5.    Signatories' Representations and Warranties. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he, she, they, or it has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

8.6.    Settling Parties' Reliance. The Settling Parties acknowledge that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

## 9.    ARTICLE 9 – NO ADMISSION OF LIABILITY

9.1.    The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission, or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

9.2.    This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability

or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation. Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation such as the Class Action. Neither the fact nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

9.3.   This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to *Federal Rule of Evidence* 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

9.4.   This Settlement Agreement and the payments made hereunder:

9.4.1. Do not constitute and shall not be deemed to constitute any liability, breach of fiduciary duty or any other violation or wrongdoing under ERISA, or wrongdoing of any other type or kind by any Defendant, or give rise to any inference of wrongdoing or liability under ERISA or otherwise;

9.4.2. Do not constitute, and shall not be offered or received against or to the prejudice of any Defendant as evidence of, any presumption, concession, or admission by any Defendant with respect to the truth of any allegation by Plaintiffs or as alleged in the Class Action, or of any liability, breach of fiduciary duty or any other violation or wrongdoing under ERISA, damages, fault, omission, or wrongdoing of any Defendant; and

9.4.3. Shall not be offered by or received against or to the prejudice of any Defendant, in any other civil, criminal, or administrative lawsuit or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

## 10.   ARTICLE 10 – CONDITIONS TO FINALITY OF SETTLEMENT

10.1.  This Settlement shall be contingent upon each of the following conditions in this Article 10 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated

(subject to Defendants' right to waive the conditions set forth in Section 10.4 and 10.6) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Court Order administratively terminating Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint on August 28, 2024, at Dkt. 49.

10.2.   Court Approval and Class Certification for Settlement Purposes. The Court shall have certified the (mandatory, non-opt out) Settlement Class for settlement purposes (and Defendants will not object to this certification for settlement purposes), the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order substantially in the form attached as Exhibit D hereto.

10.3.   Finality of Settlement. The Settlement Effective Date shall have occurred.

10.4.   Resolution of CAFA Objections (If Any). In the event that any of the government officials who received a CAFA Notice objects to and requests modification(s) to the Settlement, including if the United States Department of Labor threatens to commence an investigation or lawsuit, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modification(s). In the event such objection(s) or requested modification(s) are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 11, which may be waived.

10.5.   Prior to the Final Fairness Hearing, another party has not filed a separate class action or action on behalf of the Plan that asserts Released Claims against the Released Parties.

10.6.   Settlement Approved by Independent Fiduciary. At least fourteen (14) calendar days before the Final Fairness Hearing, the Independent Fiduciary shall have approved in writing the Settlement in accordance with PTE 2003-39. If the Independent Fiduciary disapproves of the Settlement or otherwise determines that does not meet the requirements of PTE 2003-39, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary. Otherwise, Defendants shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

## 11. ARTICLE 11 – TERMINATION, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

11.1.  The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

11.1.1.    Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 10.6;

11.1.2.    The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties.

11.1.3.    The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

11.1.4.    This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

11.1.5.    The Preliminary Order or Final Approval Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modification.

11.2.  If (i) the Court enters an order modifying the economic terms of this Settlement Agreement or materially modifying any term of the Preliminary Approval Order or the Final Approval Order, and (ii) within twenty (20) calendar days after the date of any such ruling or within twenty (20) calendar days after the date of the Court's order following a motion for reconsideration of any such ruling, whichever is later, the party detrimentally affected by the modification(s) declines to waive its objections to the modifications and the Settling Parties otherwise are not able to reach an agreement in light of the modifications, then this Settlement

Agreement shall automatically terminate on the twentieth (20th) day after issuance of the order referenced herein.

11.3.  If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement, and:

11.3.1.    All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants and/or Defendants' insurer(s) within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void;

11.3.2.    The Settling Parties shall confer in good faith to propose an initial Case Management and Scheduling Order; and

11.3.3.    In any subsequent proceeding, the terms of this Settlement Agreement shall not constitute nor be construed as an admission by any Settling Party, nor be used against any Settling Party, in any manner, whether as evidence or argument.

11.4.  It shall not be deemed a failure to approve the Settlement Agreement if the Court denies or modifies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation or modifies any of the proposed orders relating to Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

## 12.    ARTICLE 12 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

12.1.  Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations and statements made to and shared with the Mediator, with the Class Representatives, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they comply with this Article 12 in all other respects.

12.2.   The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents following the date of the Preliminary Approval Order: the Complaint, Settlement Agreement and its Exhibits, Settlement Notice and Rollover Form, Plaintiffs' Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties.

12.3.   On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

12.4.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any statements, or take any other actions, to disparage, defame, sully, or compromise the goodwill, name, brand, or reputation of any Settling Party or their counsel in relation to the Class Action or Settlement. However, Defendants are free to make non-disparaging statements to their employees about the Class Action. Class Counsel may state the grounds they assert support their motion for Preliminary Approval of the Settlement, motion for Final Approval of the Settlement, or their request for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, or as necessary to provide notice to the Settlement Class. This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a request by a regulatory agency, or as required by law.

12.5.   Defendants, Class Representatives, Class Counsel, and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations, or order of the Court.

# 13.  ARTICLE 13 – GENERAL PROVISIONS

13.1.  Continuing Jurisdiction of the Court. The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of enforcing the Settlement Agreement, or resolving any dispute that may arise regarding the Class Notice, the Final Approval Order, or any other matters relating thereto.

13.1.1.  The Settling Parties agree to reasonably cooperate and act in good faith and a timely manner to resolve any dispute that arises regarding the Settlement Agreement;

13.1.2.  If the Settling Parties are unable to resolve their dispute, the Court shall have the power to do so, subject to the limitation that this does not include the power to modify or change the terms of the Settlement Agreement.

13.2.  The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to undertake all tasks as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing. The Settling Parties agree, without further consideration, and as part of finalizing the Settlement hereunder, that he, she, or it will, in good faith, execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

13.3.  With respect to Class Members, only Class Counsel may seek enforcement of this Settlement Agreement on behalf of Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate that is not in contravention to this Settlement Agreement, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses from the Qualified Settlement Fund beyond the Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation determined by the Court.

13.4.  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, New Jersey state law.

13.5.  Any motion to enforce this Settlement Agreement—including by way of injunction—shall be filed in this Class Action.

13.6.  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing, or if Defendants exercise their option to waive approval of the Independent Fiduciary as a condition to this Settlement Agreement pursuant to Section 10.6. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Court and the Independent Fiduciary in writing (unless Defendants exercise their option to waive approval of the Independent Fiduciary as a condition to this Settlement Agreement pursuant to Section 10.6).

13.7.  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

13.8.  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit B – Rollover Form; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

13.9.  No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

13.10.  Fees and Expenses. Except as otherwise expressly set forth herein, each Settling Party shall pay its own fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, expenses, and disbursements of its counsel and other advisors. Nothing in the Settlement Agreement shall require Defendants or any Released Party to pay any monies other than as expressly provided herein.

13.11. Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement:

13.11.1.     Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

13.11.2.     Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

13.11.3.     Gender. Definitions apply to the masculine, feminine, non-binary, and neutral genders of each term defined.

13.11.4.     References to a Person. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

13.11.5.     Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

13.12. Severability. The material provisions of this Settlement Agreement are not severable.

13.13. Survival. All of the covenants, representations, and warranties, express or implied, oral, or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

13.14. Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVES:

> Jennifer K. Lee
> Carl F. Engstrom
> ENGSTROM LEE LLC
> 323 N. Washington Ave., Suite 200
> Minneapolis, MN 55401
> Telephone: (612) 293-6184
> Email: jlee@engstromlee.com
> Email: cengstrom@engstromlee.com
>
> *Counsel for Class Representatives and the Proposed Class*

IF TO DEFENDANTS:

> Christopher J. Boran
> Thomas H. Severson
> MORGAN, LEWIS & BOCKIUS LLP
> 110 North Wacker Drive, Suite 2800
> Chicago, IL 60606
> Telephone: (312) 324-1000
> Facsimile: (312) 324-1001
> Email: christopher.boran@morganlewis.com
> Email: tom.severson@morganlewis.com
>
> *Counsel for Defendants*

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

13.15. Entire Agreement. This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties. No representations, warranties, or inducements have been made to any party

37

concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto. It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

13.16. Counterparts. The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile, DocuSign or similar electronic signature service, or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

13.17. Binding Effect. This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

13.18. Retention of Privilege. Nothing in this Settlement Agreement, or the negotiations relating to it, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

**PLAINTIFFS**

Paul Harvey                                                    2/13/2025
_____                                    _____
                                                                    Date

Meryl Eichenbaum                                              2/11/2025
_____                                    _____
                                                                    Date

Roxanne Kuzowsky                                             2/12/2025
_____                                    _____
                                                                    Date

                                                             2/11/2025
_____                                    _____
Jennifer K. Lee, MN Bar No. 0399012                                 Date
Carl F. Engstrom, MN Bar No. 0396298
**ENGSTROM LEE LLC**
323 Washington Ave. N., Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
Facsimile: (612) 677-3050
jlee@engstromlee.com
cengstrom@engstromlee.com

Marc R. Edelman, FL Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0572
medelman@forthepeople.com

Andrew R. Frisch, NJ Bar No. 038452000
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 967-5377
Facsimile: (954) 327-3013
afrisch@forthepeople.com

***Counsel for Plaintiffs and the Proposed
Settlement Class***

**On behalf of Defendants Bed Bath &
Beyond, Inc. 401(k) Savings Plan and
Laura Crossen,**

_____          02/13/2025
Jeremy P. Blumenfeld                        Date
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Christopher J. Boran
Thomas H. Severson
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 324-1000
Facsimile: (312) 324-1001
christopher.boran@morganlewis.com
tom.severson@morganlewis.com

***Counsel for Defendants***

40

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT
*in*

# BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN LITIGATION

*Harvey, et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee,*
**No. 2:23-cv-20376-CCC-SDA (D.N.J.)**

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**If you are a member of the Class, the settlement will affect your legal rights.**
**This is <u>not</u> a solicitation from a lawyer.**
**You have <u>not</u> been sued.**

- A Settlement has been reached in a class action lawsuit concerning the Bed Bath & Beyond, Inc. 401(k) Savings Plan (the "Plan"). The class action lawsuit involves whether Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee and Laura Crossen (collectively, "Defendants") managed the Plan in accordance with certain provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $1.95 million Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them  in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- The Settlement Class (whose members are "Settlement Class Members") includes all Participants whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's interest in the MassMutual Guaranteed Interest Account after Bed Bath & Beyond passed a resolution to terminate the Bed Bath & Beyond, Inc. 401(k) Savings Plan in 2023, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither Bed Bath & Beyond, Inc. ("BBB") nor any employees, attorneys, or representatives of BBB may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Claire C. Cecchi, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, in Courtroom [--], to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, must be filed with the Clerk of Court and served in writing on Class Counsel and Defense counsel, as identified in Item 11 below.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **PAYMENT OPTION ONE:** ROLLOVER TO AN INDIVIDUAL RETIREMENT ACCOUNT OR QUALIFIED EMPLOYER PLAN | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlement in the form of a direct rollover to an individual retirement account or qualified employer plan. To do this, you must submit the enclosed Rollover Form on or before [date of Fairness Hearing]. A Rollover Form may also be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. Rollovers will be effectuated only if and when the Court gives final approval to the Settlement and the Settlement becomes effective. Payments distributed in the form of a rollover will not be subject to automatic withholding. For additional information, see Item 6 below. |
| **PAYMENT OPTION TWO:** CHECK MAILED DIRECTLY TO YOU | If you do nothing in response to this Notice, the Settlement Administrator will attempt to mail your share of the Settlement directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlement and the Settlement becomes effective. Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. For additional information, see Item 6 below. |

| | |
|---|---|
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defense Counsel (as identified in Item 11, below), at least 21 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defense counsel (as identified in Item 11 below) with notice of your intent to appear postmarked at least 14 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do not comply with the requirements for making an objection. |

## The Class Action

The case is called *Harvey, et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee*, No.2:23-cv-20376-CCC-SDA (D.N.J.) (the "Class Action" or "lawsuit"). It has been pending since September 15, 2023. The Court supervising the case is the United States District Court for the District of New Jersey. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives—Paul Harvey, Meryl Eichenbaum, and Roxanne Kuzowsky—are former participants in the Plan. Defendants are the Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee and Laura Crossen. The claims in the lawsuit are described below in Item 2 below, and additional information about them, including a copy of the operative Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations facilitated by a mediator with the Class Representatives, Class Counsel, Defendants, and Defense Counsel, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $1,950,000.00 will be established to resolve the claims against Defendants in the Action. The "Net Settlement Amount" is $1,950,000.00 minus any Court-Approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below in Item 5.

## Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action

Class Counsel has devoted thousands of hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement.

During that time, they also have advanced costs ›necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($650,000.00). In addition, Class Counsel also will seek to recover their litigation costs advanced and Administrative Expenses associated with the Settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payments, not to exceed $7,500.00, for each of the Class Representatives who took on the risk of litigation, participated in the mediation, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, producing documents, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102.

| **1.  Why Did I Receive This Settlement Notice?** |
|---|

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

| **2.  What Is the Class Action About?** |
|---|

In the Class Action, the Class Representatives claim that the Defendants improperly monitored the Plan's investment in the MassMutual Guaranteed Interest Account. Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

| **3.  Why Is There A Settlement?** |
|---|

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their respective counsel. These negotiations were facilitated by an experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have

concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

### 4.  What Does the Settlement Provide?

Under the Settlement, Defendants or their insurers will pay $1,950,000.00 into a Qualified Settlement Fund to resolve the claims of the Settlement Class against Defendants. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further in Item 5, below). Class Members who are entitled to a distribution will receive their distribution as a rollover to a qualified retirement account or by check.

All Settlement Class Members and anyone claiming through them will fully release the Plan as well as Defendants and the Released Parties from certain Released Claims, as defined in the Settlement Agreement. The Released Parties include each Defendant and certain related parties as outlined in the Settlement Agreement. The Released Claims include any and all claims against any of the Released Parties with respect to the Plan that were asserted in the Class Action against Defendants or could have been asserted against Defendants.

This is *only* a summary of the Released Claims and is not a binding description. The governing releases are found within Article 7 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

### 5.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records provided by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice.

There are approximately 2,100 Settlement Class Members according to preliminary review of Plan records. Pursuant to the proposed Plan of Allocation, the Net Settlement Amount will be divided *pro rata* among Settlement Class Members. Each Settlement Class Member will have the opportunity to receive a share of the Net Settlement Amount (defined in the Settlement Agreement as their "Settlement Credit Amount") based on the percentage of the Market Value Adjustment charged to the Plan account(s) of that Settlement Class Member. A more complete description regarding the details of the Plan of Allocation can be found in Article 5 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

### 6.  How Can I Receive My Distribution?

A Rollover Form is enclosed with this Notice and explains the steps necessary to receive your share of the Settlement via direct rollover to an individual retirement account or qualified employer plan. You may also obtain the Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. Rollover Forms should be submitted prior to the date set forth above for the Fairness Hearing. Settlement payments distributed via direct rollover will not be subject to automatic withholdings. Further information regarding rollovers can be found at the end of this notice on page 10.

All other settlement payments will be mailed in the form of a check. You do not need to do anything to receive a check. However, because checks will be sent by mail, it is important to notify the Settlement Administrator ([telephone number] or via the contact form at [www.settlementwebsite.com]) of any changes to your mailing address. You may also notify Class Counsel (identified in Item 11, below) of any changes to your mailing address.

Payments made directly to Class Members by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. Any tax withheld by the Settlement Administrator may not constitute all tax that you may owe in connection your settlement payment. You will be responsible for determining and paying any tax that is due but was not automatically withheld in connection with your settlement payment.

If you submit a Rollover Form but your requested rollover is not effectuated for any reason (for example, because your Rollover Form was submitted too late, the information that you provided was not sufficient, or the financial institution that you designated did not accept the rollover), the Settlement Administrator will attempt to mail you a check. Such checks will be subject to automatic tax withholding and reporting, as determined by the Settlement Administrator, and all other terms of the Settlement Agreement that apply to payments by check.

## 7.    When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8.    Can I Exclude Myself from The Settlement?

No. The Class has been certified for Settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Action. If you wish to object to any part of the Settlement, you may file an objection with the Clerk of the Court and write to Class Counsel and Defense Counsel about why you object to the Settlement, as discussed below.

## 9.    Do I Have a Lawyer in The Case?

The Court has appointed the law firms of Engstrom Lee LLC in Minneapolis, Minnesota, and Morgan & Morgan, P.A. in Florida as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. In addition, Class Counsel will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. The Court will determine the amount of fees, costs, and administrative expenses that will be awarded, if any. All papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be available for review on the Settlement Website [www.settlementwebsite.com] and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to Defense Counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must: (1) clearly identify the case name and number: *Harvey, et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee*, No. 2:23-cv-20376-CCC-SDA; (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defense counsel and postmarked no later than [21 calendar days prior to Fairness Hearing] to be considered. Class Counsel and Defense Counsel will have an opportunity to respond to your objection. You also must file your objection with the Court by mailing or hand delivering it to the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Jennifer Lee<br>Carl Engstrom<br>**ENGSTROM LEE LLC**<br>323 N. Washington Ave., Ste. 200<br>Minneapolis, MN 55401<br><br>Andrew R. Frisch<br>**MORGAN & MORGAN, P.A.**<br>8151 Peters Road, Suite 4000<br>Plantation, FL 33324 | Christopher J. Boran<br>Thomas H. Severson<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606 |

Marc R. Edelman
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, in Courtroom [--]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlemementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must file an intent of notice to participate with the Clerk of the Court and mail to Class Counsel and Defense Counsel (as identified in Item 11, above) a notice of intent to appear postmarked at least [14 calendar days] before the Fairness Hearing. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlement.

## 15. What Happens If I Do Nothing at All?

If you are a "Settlement Class Member" as described on page 1, and you do nothing, the Settlement Administrator will attempt to mail your *pro rata* share of the Net Settlement Amount directly to you via check, if the Settlement is finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. Please note that

neither BBB nor any employees, attorneys, or representatives of BBB may advise you regarding the Settlement or how you should proceed.

## YOUR ROLLOVER OPTIONS

The Settlement Administrator has determined that the payment you are receiving from the Qualified Settlement Fund ("Fund") is eligible to be rolled over to an IRA or an employer plan. This Q&A is intended to help you decide whether to do such a rollover. This notice describes the rollover rules that apply to payments from the Fund.

## GENERAL INFORMATION ABOUT ROLLOVERS

**How can a rollover affect my taxes?** You will be taxed on a payment from the Fund if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (generally, distributions made before age 59½), unless an exception applies. However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception to the 10% additional income tax applies).

**What types of retirement accounts and plans may accept my rollover?** You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a 401(k), section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, IRAs are not subject to spousal consent rules, and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?** There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

**If you do a direct rollover,** the Fund will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover. The information they give you can then be used to complete the settlement administration form. You generally need to have an account opened (even if it's not funded) for an institution to process your rollover.

**If you do not do a direct rollover,** you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. Generally, you will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Fund is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

# EXHIBIT B

Bed Bath and Beyond 401K Settlement
P.O. Box 20XX
Chanhassen, MN 55317-20XX
**[website]**

# ROLLOVER FORM

ABC1234567890                                                    Claim Number: 1111111

|||||||||||||||||||||||||||||||||||||||||||

JOHN Q CLASSMEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

In order to receive your share of the Settlement by direct rollover to a qualified individual retirement account, Class Members must complete, sign, and mail this form with a postmark on or before **[DueDate]**. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

**[website]** or call **[PhoneNumber]**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING ROLLOVER FORM

1.  If you would like to receive your share of the Settlement by direct rollover to a qualified individual retirement account (commonly called an "IRA") or qualified employer plan (such as a 401(k) plan), please complete this Rollover Form. You should also keep a copy of all pages of your Rollover Form, including the first page with the address label, for your records.

2.  **Mail your completed Rollover Form postmarked on or before [DueDate] to the Settlement Administrator at the following address:**

    **Bed Bath and Beyond 401K Settlement**
    **P.O. Box 20XX**
    **Chanhassen, MN 55317-20XX**

    **You also may email a completed, signed copy to [EmailAddress]. It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Rollover Form.**

3.  Other Reminders:

    •  You must provide your date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

    •  If you desire to do a direct rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

    •  If you change your address after sending in your Rollover Form, please provide your new address to the Settlement Administrator.

    •  **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to an appeal in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within four months of the Court's Final Approval Order.

4.  **Questions?** If you have any questions about this Rollover Form, please call the Settlement Administrator at **[PhoneNumber]**. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement or your situation. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, **[website]**.

*[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]*

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement in *Harvey, et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee, et al.*, No. 2:23-cv-20376-CCC-ESK (D.N.J.). That Settlement provides allocation of monies to all Participants in the Bed Bath & Beyond, Inc. 401(k) Savings Plan ("Plan") whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's investment in the MassMutual Guaranteed Income Account, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

Because you are a Settlement Class Member in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To elect a rollover, please complete and mail this Rollover Form postmarked on or before **[DueDate]** to the Settlement Administrator. If you do not return this form, your payment will be sent to you directly by check.

## PART 2: SETTLEMENT CLASS MEMBER INFORMATION

First Name                                    M.I.    Last Name

Mailing Address

City                                                                    State    Zip Code

Home Phone                                    Work Phone or Cell Phone

Class Member's Social Security Number          Class Member's Date of Birth

M M    D D    Y Y Y Y

Email Address

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Settlement Class Member and the Settlement Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased.** Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                    M.I.    Last Name

Your Social Security Number or Tax ID Number       Your Date of Birth

M M    D D    Y Y Y Y

Your Mailing Address

City                                                                    State    Zip Code

*[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]*

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (*subject to ordinary income tax*)

**Rollover Information:**

Company or Trustee's Name (*to whom the check should be made payable*)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                                                State    Zip Code

Your Account Number                                                  Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

_____                    M M   D D   Y Y Y Y

**Class Member Signature (Required)**                              **Date Signed (Required)**

<u>Note</u>: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: [WEBSITE], OR CALL [PHONENUMBER]**

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HARVEY, MERYL EICHENBAUM, and ROXANNE KUZOWSKY, as representatives of a class of similarly situated persons, and on behalf of the BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN COMMITTEE and LAURA CROSSEN, <br><br> Defendants. | Case No. 2:23-cv-20376-CCC-SDA |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. ___. After review of the Unopposed Motion for Preliminary Approval of Settlement and the attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:

1.      Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of

possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Third Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2.      Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies, for settlement purposes only, the following Settlement Class:

> All Participants whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's interest in the MassMutual Guaranteed Interest Account after Bed Bath & Beyond passed a resolution to terminate the Bed Bath & Beyond, Inc. 401(k) Savings Plan in 2023, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

3.      Named Plaintiffs Paul Harvey, Meryl Eichenbaum, and Roxanne Kuzowsky are appointed as the Class Representatives, and Engstrom Lee LLC, and Morgan & Morgan, P.A. are appointed as Class Counsel for the Settlement Class.

4.      The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it is based on the percentage of the Market Value Adjustment charged to the Plan account(s) of that Class Member (or to the Plan account(s) of the Participant on whom the Class Member's membership in the

2

Settlement Class is based).

5.     The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed

Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes the best

notice practicable under the circumstances, provides due and sufficient notice of

the Final Fairness Hearing and of the rights of all Settlement Class Members, and

complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the

United States, and any other applicable law. Specifically, the Court finds that the

proposed Notice fairly and adequately provides information to the Settlement Class

regarding, among other things: (1) the nature of the claims asserted in the Action;

(2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement;

(4) the process for submitting a Rollover Form; (5) Settlement Class Members'

right to object to the Settlement and the deadline for doing so; (6) the Settlement

Class's release; (7) the identity of Class Counsel and the amount of compensation

they will seek in connection with the Settlement; (8) the date, time, and location of

the Fairness Hearing; and (9) Settlement Class Members' right to appear at the

Fairness Hearing.

6.     Pursuant to the Settlement Agreement, Analytics Consulting LLC is

hereby appointed as the Settlement Administrator and shall be required to perform

all the duties of the Settlement Administrator as set forth in the Settlement

Agreement and this Order.

7.     The Court approves the establishment of the Qualified Settlement
Fund.  Analytics Consulting LLC shall be the administrator of the Qualified
Settlement Fund and shall be responsible for all tax withholding and reporting
related to the Qualified Settlement Fund, including for determining whether tax-
qualified rollover distributions may be offered to the Settlement Class Members.

8.     No later than thirty (30) calendar days after the entry of this Order, the
Settlement Administrator shall send by first-class mail the Settlement Notice
(attached as Exhibit A to the Settlement Agreement) to each Settlement Class
Member identified by the Settlement Administrator based upon the data available
from either the Plan's former Recordkeeper provided in discovery or information
provided by Settlement Class Members. The Settlement Administrator shall use
commercially reasonable efforts to locate Settlement Class Members' last known
addresses for any who have moved since the last distribution to them from the
Plan.

9.     In accordance with the Settlement Agreement, the Settlement
Administrator also shall establish a Settlement Website and toll-free telephone line
relating to the Settlement no later than thirty (30) calendar days following the entry
of this Preliminary Approval Order.

10.     The Court hereby appoints Gallagher Fiduciary Advisors, LLC to

4

perform the duties of the Independent Fiduciary under the Settlement Agreement. The Court further approves the payment or reimbursement of up to $25,000 in fees and expenses of the Independent Fiduciary from the Qualified Settlement Fund.

11.    On [date] at [time] [no sooner than 120 days after the entry of this Order], or at such other date and time later set by Court Order, in courtroom [--] of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

12.    Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of

5

intent to participate or supporting documents must be filed or postmarked at least
twenty-one (21) calendar days prior to the scheduled Final Fairness Hearing. The
comment and/or objection also must: (1) clearly identify the case name and
number of this Action; (2) include the Settlement Class Member's full name,
current address, and telephone number; (3) describe the position the Settlement
Class Member wishes to assert, including the factual and legal grounds for the
position; (4) provide copies of all documents that the Settlement Class Member
wishes to submit in support of his or her position; (5) provide the name(s),
address(es) and phone number(s) of any attorney(s) representing the Settlement
Class Member; and (6) include the Settlement Class Member's signature. Any
Person wishing to speak at the Final Fairness Hearing shall file, with copies
provided to Class Counsel and Defense Counsel, a notice of intent to participate
fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to
participate shall be timely filed if it is post-marked to the Clerk of the Court, Class
Counsel, and Defense Counsel within fourteen (14) calendar days before the Final
Fairness Hearing.

13.    Any party may file a response to an objection by a Class Member at
least seven (7) calendar days before the Final Fairness Hearing.

14.    Any Settlement Class Member who fails to object in the manner
prescribed herein shall be deemed to have waived such Settlement Class Member's

objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

15.    Any application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

16.    No later than thirty (30) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

17.    Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

18.    The Court approves the CAFA Notice attached as Exhibit E to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

It is so ORDERED this ____ day of _____, 2025.

_____
Honorable Claire. C. Cecchi
United States District Judge

7

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HARVEY, MERYL EICHENBAUM, and ROXANNE KUZOWSKY, as representatives of a class of similarly situated persons, and on behalf of the BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN, | Case No. 2:23-cv-20376-CCC-SDA |

Plaintiffs,

v.

BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN COMMITTEE and LAURA CROSSEN,

Defendants.

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs'

Unopposed Motion for Final Approval of Class Action Settlement. ECF No. ▇.

After review of the Unopposed Motion for Final Approval of Settlement and the

attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

1

1.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the Settlement Class.

2.      The Court certifies, for Settlement purposes only, the following Settlement Class:

> All Participants whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's interest in the MassMutual Guaranteed Interest Account after Bed Bath & Beyond passed a resolution to terminate the Bed Bath & Beyond, Inc. 401(k) Savings Plan in 2023, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and adjudge the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

4.      The Court hereby orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5.      The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

2

6.     In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, __% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.     The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.     The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.     The Settlement was negotiated only after Class Counsel had conducted a thorough investigation and the Parties had fully briefed Defendants' motion to dismiss;

C.     The Settling Parties were well positioned to evaluate the value of the Class Action;

3

D.   If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

E.   The amount of the Settlement ($1,950,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.   The Class Representatives have actively and independently participated in the Class Action;

G.   The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

H.   Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

I.   There were _____ objections to the settlement. _____ of those objections were timely. The Court has considered all of them, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice; and

J.   The Settlement was reviewed by an independent fiduciary, Gallagher Fiduciary Advisors, LLC, who has approved the Settlement.

4

8.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

9.      This Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

10.      The Plan, the Settlement Class, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

11.      The Settlement Class and each Class Member have hereby released the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

12.    The provisions of Sections 3.2.3, 3.2.4 and 3.2.5 of the Settlement

Agreement shall apply even if any Class Member may thereafter discover facts in

addition to or different from those which the Class Members or Class Counsel now

know or believe to be true with respect to the Class Action and the Released

Claims, whether or not such Class Members receive a monetary benefit from the

Settlement, whether or not such Class Members actually received the Settlement

Notice, whether or not such Class Members have filed an objection to the

Settlement or to any application by Class Counsel for an award of Attorneys' Fees

and Costs, and Administrative Expenses, and whether or not the objections or

claims for distribution of such Class Members have been approved or allowed.

13.    The Court finds that all applicable CAFA requirements have been

satisfied.

14.    The Court finds that an award of attorneys' fees to Class Counsel in

the amount of $650,000.00 (equal to one-third of the Gross Settlement Amount) is

reasonable. The Court further finds that reimbursement of litigation expenses in the

amount of $[--] and payment to Analytics Consulting LLC in the amount of $[--]

for Settlement Administration expenses is likewise reasonable.

15.    To Class Representatives Harvey, Eichenbaum, and Kuzowsky, the

Court awards class representative awards of $7,500 each.

6

16.     The Plan of Allocation is approved. The Settlement Administrator

shall have final authority to determine each Class Member's Settlement Credit

Amount in accordance with the Plan of Allocation. The Settlement Administrator

is further authorized to direct the Escrow Agent to make such distributions from

the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

17.     Within thirty-one (31) calendar days following the issuance of all

Settlement payments to Class Members as provided by the Plan of Allocation

approved by the Court, the Settlement Administrator shall prepare and provide to

Class Counsel and Defense Counsel a list of each Person who received a

Settlement payment from the Qualified Settlement Fund and the amount of such

payment.

18.     Upon the Effective Date of this Order under the Settlement

Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound

by the Settlement Agreement and by this Final Approval Order.

19.     The Court shall retain jurisdiction to enforce and interpret the

Settlement Agreement.

It is so ORDERED this ___ day of _____, 2025.


                                    _____
                                    Honorable Claire. C. Cecchi
                                    United States District Judge

7

# EXHIBIT E

February ▮▮, 2025

**VIA FEDEX**

TO:     Federal and State Officials Identified on Attached Distribution List

Re:     *Harvey et al. v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee et al.*
        United States District Court for the District of New Jersey
        Case No. 2:23-cv-20376-CCC-SDA

        **Class Action Fairness Act Notice Pursuant to 28 U.S.C. § 1715**

Analytics Consulting LLC ("Analytics"), an independent Settlement Administrator, on behalf of Defendants Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee and Laura Crossen ("Defendants"), hereby provides your office with this notice under the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, to advise you of the proposed settlement of the above-captioned class action lawsuit (the "Class Action") currently pending in the United States District Court for the District of New Jersey, in which Plaintiffs allege that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in connection with the management of the Bed Bath & Beyond, Inc. 401(k) Savings Plan (the "Plan").

Plaintiffs filed a motion with the United Stated District Court for the District of New Jersey on February 14, 2025, requesting preliminary approval of the proposed settlement. The Court has not granted preliminary approval of the proposed settlement yet, nor has it scheduled a hearing for preliminary approval or final approval of the settlement.

In accordance with 28 U.S.C. § 1715(b), Defendants state as follows:

**(1)     The operative Complaint and any materials filed with the Complaint.**

        The operative complaint in the Class Action is contained on the enclosed CD. In addition, the operative complaint and all other pleadings and records filed in the Class Action are available on the internet through the federal government's PACER service at https://ecf.njd.uscourts.gov/cgi-bin/login.pl. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)     Notice of any scheduled judicial hearing in the class action.**

        As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. Plaintiffs in the Class Action filed an unopposed motion for preliminary approval of the proposed class action settlement on February 14, 2025. The court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)**      **Any proposed or final notification to class members.**

Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (Dkt. No. ☐ ), the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (Dkt. No. ☐ ), and all other supporting documents (Dkt. Nos. ☐ ) are contained on the enclosed CD. The proposed form of direct notice to settlement class members, which is defined in Paragraph 1.43 of the class action settlement agreement dated February ☐, 2025 ("Settlement Agreement"), provides notice of the proposed settlement and is included as Exhibit A to the Settlement Agreement on the enclosed CD.

The court has not yet approved the proposed form of notice. Because the proposed settlement class would likely be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, the notices explain that there is no right to request exclusion from the settlement.

**(4)**      **Any proposed or final class action settlement.**

As discussed in section (3) above, the parties' Settlement Agreement and its exhibits (Dkt. No. ☐ ) are included on the enclosed CD. The court has not yet granted preliminary or final approval of the settlement.

**(5)**      **Any settlement or other agreement contemporaneously made between class counsel and counsel for Defendants.**

There are no additional agreements between class counsel and counsel for Defendants, other than those reflected in the Settlement Agreement.

**(6)**      **A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the Class Action. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)**      **Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

A list of the names of class members who reside in each state, based on the last mailing address known to Defendants, is included on the enclosed CD. The specific settlement allocation to each class member will be determined by the Settlement Administrator according to a court-approved formula. As a result, Defendants do not yet know how much each class member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the class members who reside in each state to the entire settlement. Upon final approval of the court, the settlement proceeds will be distributed among the class members according to the Plan of Allocation set forth in the Settlement Agreement.

**(8)    Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

The Defendants in this matter are represented by Christopher Boran and Tom Severson of Morgan, Lewis & Bockius LLP, 110 North Wacker Drive, Suite 2800, Chicago, IL 60606.  Should you have any questions regarding this matter, please do not hesitate to contact Mr. Boran or Mr. Severson at (312) 324-1000.

Thank you for your attention to this matter.


Sincerely,

Office of the Settlement Administrator

Enclosures

# EXHIBIT 2



### FIRM OVERVIEW

Engstrom Lee is a Minneapolis-based plaintiffs' class-action firm that focuses on retirement, employment, and consumer law.  Collectively, the partners have more than 50 years of experience and have won recoveries for more than 500,000 clients through class actions.

Until 2022, four of the partners were attorneys in the Employment Retirement Income Security Act (ERISA) practice group at Nichols Kaster, which had recovered more than $300MM for its clients since Partner Carl Engstrom founded the practice in 2015.

Engstrom Lee is led by its skilled and experienced partners.

**CARL ENGSTROM** represents employees who have been harmed by retirement plan malfeasance, discrimination, and workplace injuries, as well as whistleblowers seeking to report tips to the Securities and Exchange Commission. Prior to co-founding Engstrom Lee, Carl founded the ERISA Practice Group at Nichols Kaster, a national class action firm. From the time Carl founded the Group in 2015 until he left it to form Engstrom Lee, it recovered more than $300 million on behalf of retirement plan participants through class actions. Carl has served as class counsel in numerous cases including those against Fidelity, McKinsey & Co., Goldman Sachs, Putnam Investments, Allianz Asset Management, Principal Global Investors, JP Morgan Chase Bank, among other Fortune 500 companies. Before entering private practice, Carl clerked for Judge Hudson of the Minnesota Court of Appeals and Judge Carruthers in Hennepin County District Court. Before attending law school, Carl spent six years working as a financial advisor, earning the Certified Financial Planner (CFP) designation.

Representative matters: *Bhatia v. McKinsey & Co., Inc.*, Case No. 1:19-cv-01466 (S.D.N.Y.); *Urakhchin, et al. v. Allianz Asset Mgmt of Am., LLP*, Case No. 8:15-CV-01614 (CD Cal); *Sims, et al v. BB&T Corp., et al.*, Case No. 1:15-CV-00732 (M.D.N.C.); *Walther, et al. v. Wood, et al.*, Case No. 1:23-cv-00294 (N.D. Ind.); *Colon v. Johnson, et al.*, Case No. 8:22-cv-00888 (M.D. Fla.). *Brotherston, et al. v. Putnam Investments, LLC, et al.*, Case No. 1:15-CV-13825 (D. Mass.); *Moreno, et al. v. Deutsche Bank Am. Holding Corp., et al.*, Case No. 1:15-CV-09936 (S.D.N.Y.); *Main, et al. v. American Airlines Inc., et al.*, Case No. 4:16-CV-00473 (N.D. Tex.); *In re M&T Bank Corp. ERISA Litig.*, Case No. 1:16-CV-00375 (W.D.N.Y.); *Johnson, et al. v. Fujitsu Tech. and Bus. of Am., Inc., et al.*, Case No. 5:16-cv-03698 (N.D. Cal.); *Andrus, et al. v. New York Life Ins. Co., et al.*, Case No. 1:16-CV-05698 (S.D.N.Y.); *Morin, et al. v. Essentia Health, et al.*, Case No. 0:16-CV-04397 (D. Minn.); *Beach v. JPMorgan Chase Bank, et al.*, Case No. 1:17-CV-00653 (S.D.N.Y.); *Insignia v. United of Omaha Life Ins. Co.*, Case No. 8:17-CV-00179 (D. Neb.); *Velazquez v. Mass. Fin. Servs. Co. et al*, Case No. 1:17-CV-11249 (D. Mass.); *Larson, et*

Rev. 7/2024



*al. v. Allina Health System, et al.*, Case No. 0:17-CV-03835 (D. Minn.); *Karpik et al v. Huntington Bancshares Inc. et al.*, Case No. 2:17-CV-01153 (S. D. Ohio); *Nelsen, et al. v. Principal Global Investors Trust Co., et al.*, Case No. 4:18-cv-00115 (S.D. Iowa); *Reetz v. Lowe's Cos., Inc. et al*, Case No. 5:18-CV-00075 (W.D.N.C.); *McGinnes, et al v. FirstGroup Am., Inc. et al.*, Case No. 1:18-CV-00326 (S.D. Ohio); *Stevens v. SEI Investments Co., et al.*, Case No. 2:18-CV-04205 (E.D. Pa.); *Moitoso et al v. FMR LLC et al*, Case No. 1:18-CV-12122 (D. Mass.); *Toomey, et al v. DeMoulas Super Markets, Inc., et al.*, Case No. 1:19-CV-11633 (D. Mass.); *Kirk et al., v. Retirement Committee of CHS/Community Health Systems, Inc., et al.*, Case No. 3:19-cv-00689 (M.D. Tenn.); *Walther, et al. v. Wood, et al.*, Case No. 1:23-cv-00294 (N.D. Ind.); *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457 (D. Mass.); *Knudsen, et al. v. MetLife Group, Inc.*, Case No. 2:23-cv-00426 (D.N.J.); *Colon v. Johnson, et al.*, Case No. 8:22-cv-00888 (M.D. Fla.).

Education:  A.B. Harvard College, *cum laude* (1998), J.D. University of Minnesota Law School, *magna cum laude* (2012).

**CHARLIE GOKEY** is a partner at Engstrom Lee LLC where he represents workers in ERISA class actions. Prior to joining Engstrom Lee in 2023 as the firm's first lateral partner, he was a partner at Robins Kaplan LLP, where he regularly litigated ERISA claims and prosecuted large-scale fraud and other corporate malfeasance, including within the healthcare industry, with clients including UnitedHealthcare and Target Corporation. He has helped recover more than $150 million on behalf of his clients. Charlie started his career litigating constitutional matters at all levels of the federal judiciary as a fellow at a national civil liberties organization in Washington, DC, before serving as a law clerk in the U.S. District Court of the Eastern District of Virginia. He then entered private practice, working at the international law firm, Quinn Emanuel Urquhart and Sullivan LLP.

Representative Matters: *BCBSM, Inc., d/b/a Blue Cross and Shield of Minnesota v. GS Labs, LLC*, Case No. 22-cv-513 (D. Minn.); *Mission Toxicology, LLC et al v. UnitedHealthcare Insurance Company et al.*, Case No. 5:17-cv-1016 (W.D. Tex.); *Blue Cross of California, et al. v. Sonoma West Medical Center, Inc. et al.*, Case No. 2:18-cv-04912 (C.D. Cal.); *Premera Blue Cross v. GS Labs, LLC*, Case No. 2:21-cv-01399 (W.D. Wash.); *UnitedHealthCare Services, Inc., et al. v. Team Health Holdings, Inc., et al.*, Case No. 3:21-CV-00364 (E.D. Tenn.); *Fremont Emergency Services, LTD., et al. v. UnitedHealthcare Insurance Company, et al.*, Case No. 2:2022-cv-01118 (D. Nev.); *UnitedHealthcare Insurance Company, et al. v. Envision Healthcare Corporation, et al.*, Case No. 3:22-cv-00697 (M.D. Tenn.); *GS Labs, LLC v. Medica Insurance Company*, Case No. 0:22-cv-02988 (D. Minn.); *Walther, et al. v. Wood, et al.*, Case No. 1:23-cv-00294 (N.D. Ind.); *Bowers, et al. v. Russell, et al.*, Case No. 1:22-cv-10457 (D. Mass.);

Rev. 7/2024



*Knudsen, et al. v. MetLife Group, Inc.*, Case No. 2:23-cv-00426 (D.N.J.); *Colon v. Johnson, et al.*, Case No. 8:22-cv-00888 (M.D. Fla.).

Education: B.A. Carleton College, *cum laude* (2008), J.D. Georgetown University Law Center, *magna cum laude* (2013).

**JENNIFER LEE** is a founding partner at Engstrom Lee where she works on ERISA class actions representing workers whose retirement savings have been squandered due to imprudence, self-dealing, and fraud. Prior to co-founding Engstrom Lee, Jenny worked at a nationally ranked plaintiffs' class action firm where she served as class counsel in ERISA cases against McKinsey & Co., Allianz Asset Management, American Century, BB&T, among other Fortune 500 companies and financial institutions. As class counsel she has recovered tens of millions of dollars on behalf of her clients through ERISA. Jenny has been invited to speak at industry and bar events on ERISA litigation. Jenny previously worked at the ACLU's National Office where she served as counsel on constitutional cases across the country before federal district courts, courts of appeals, and the United States Supreme Court. Jenny began her career at the international corporate law firm, Cravath, Swaine & Moore LLP, where she worked on antitrust, intellectual property matters, and white-collar investigations.

Representative matters: *Bhatia v. McKinsey & Co., Inc.*, Case No. 1:19-cv-01466 (S.D.N.Y.); *Urakhchin, et al. v. Allianz Asset Mgmt of Am., LLP*, Case No. 8:15-CV-01614 (C.D. Cal); *Intravaia et al v. National Rural Electric Cooperative Association, et al.*, Case No. 1:19-cv-00973 (E.D. Va); *Wildman et al v. American Century Services, LLC, et al.*, Case No. 4:16-CV-00737 (W.D. Mo.); *Klawonn v. Board of Directors for the Motion Picture Industry Pension Plans, et al.*, Case No. 2:20-cv-09194-DMG-JEM (C.D. Cal.); *Carrigan, et al. v. Xerox Corporation, et al.*, Case No. 3:21-cv-01085 (D. Conn.); *Sims, et al v. BB&T Corp., et al.*, Case No. 1:15-CV-00732 (M.D.N.C.); *Mass v. The Regents Of The University of California*, Case No. RG17-879223 (Ca. Sup. Ct.); *Walther, et al. v. Wood, et al.*, Case No. 1:23-cv-00294 (N.D. Ind.); *Colon v. Johnson, et al.*, Case No. 8:22-cv-00888 (M.D. Fla.).

Education: B.A. Yale College, *cum laude* (2006), J.D. University of Chicago Law School, with honors (2010).

**BRANDON MCDONOUGH** is a founding partner at Engstrom Lee. He has spent his entire career representing employee, consumer, and civil rights plaintiffs around the country. His cases have included police misconduct, consumer privacy, deceptive advertising, and retirement plan mismanagement cases. He currently represents current and former employees whose retirement accounts have been shortchanged due to excessive fees,

Rev. 7/2024



imprudent investments, employer self-dealing, and general mismanagement. Brandon has been appointed class counsel in numerous cases, including those against Goldman Sachs, McKinsey & Co., Lowe's Companies, American Airlines, Putnam Investments, and other Fortune 500 companies.

Representative matters: *Falberg v. The Goldman Sachs Group, Inc. et al.*, Case No. 1:19-CV-09910 (S.D.N.Y.); *Toomey et al v. DeMoulas Super Markets, Inc., et al.*, Case No. 1:19-CV-11633 (D. Mass.); *Bhatia v. McKinsey & Company, Inc. et al.*, Case No. 1:19-CV-01466 (S.D.N.Y.); *Clark, et al. v. Oasis Outsourcing Holdings Inc., et al.*, Case No. 9:18-CV-81101 (S.D. Fla.); *McGinnes, et al. v. FirstGroup America, Inc., et al.*, Case No. 1:18-CV-00326 (S.D. Ohio); *Reetz v. Lowe's Companies, Inc., et al.*, Case No. 5:18-CV-00075 (W.D.N.C.); *Karpik et al v. Huntington Bancshares Inc. et al.*, Case No. 2:17-CV-01153 (S. D. Ohio); *Andrus, et al. v. New York Life Ins. Co., et al.*, Case No. 1:16-CV-05698 (S.D.N.Y.); *Main, et al. v. American Airlines Inc., et al.*, Case No. 4:16-CV-00473 (N.D. Tex.); *Brotherston, et al. v. Putnam Investments, LLC, et al.*, Case No. 1:15-CV-13825 (D. Mass.); *Broger v. Debt Arbitrators, LLC*, Case No. 0:13-CV-02131 (D. Minn.).

Education:  A.B. University of Chicago, J.D. (2008), University of Minnesota Law School, *cum laude* (2012).

**MARK THOMSON** is a founding partner at Engstrom Lee where he works on ERISA class actions representing workers whose retirement savings have been squandered due to imprudence, self-dealing, and fraud. Prior to co-founding Engstrom Lee, Mark worked at a nationally ranked plaintiffs' class action firm where he served as class counsel in ERISA cases against Fidelity, Lowe's, Aon Hewitt, JPMorgan Chase, and FirstGroup, among other Fortune 500 companies and financial institutions. As class counsel he has recovered tens of millions of dollars on behalf of his clients through ERISA. Mark began his career as a law clerk for Justice David Lillehaug and Justice Anne McKeig on the Minnesota Supreme Court.

Representative matters: *Colon v. Johnson et al.*, Case No. 888-TPB-TGW (M.D. Fla.); *Moitoso et al v. FMR LLC et al*, Case No. 1:18-CV-12122 (D. Mass.); *McGinnes et al v. FirstGroup Am., Inc. et al.*, Case No. 1:18-CV-00326 (S.D. Ohio); *Reetz v. Lowe's Cos., Inc. et al*, Case No. 5:18-CV-00075 (W.D.N.C.); *Velazquez v. Mass. Fin. Servs. Co. et al*, Case No. 1:17-CV-11249 (D. Mass.); *Beach v. JPMorgan Chase Bank et al*, Case No. 1:17-CV-00563 (S.D.N.Y.); *Morin v. Essentia Health et al*, Case No. 0:16-CV-04397 (D. Minn.); *Nelsen et al v. Principal Glob. Invs. Tr. Co. et al*, Case No. 4:21-CV-00134 (S.D. Iowa); *Baylog et al v. HashFlare LP*, Case No. 2:18-CV-03043 (C.D. Cal.); *Carter et al v. CIOX Health, LLC et al*, Case No. 6:14-CV-06275 (W.D.N.Y.); *McCracken et al v. Verisma Sys., Inc. et al*, Case No. 6:14-CV-06248 (W.D.N.Y.).

Rev. 7/2024



Education: B.A. University of Minnesota, *summa cum laude* (2011), J.D. Harvard Law School (2016).

**NICHOLAS THOMPSON** is a founding partner at Engstrom Lee LLC and the chair of the firm's railroad practice. He represents employees who have been discriminated against or seriously injured through the negligence of others. His work in high-profile cases has earned him numerous awards, and he is frequently invited to present on matters affecting employees who have been discriminated against and/or injured. Nick also serves on the Board of Academy of Rail Labor Attorneys (ARLA). Nick has earned record jury verdicts in disability discrimination cases, retaliation, and injury cases.

Representative matters: *Mills v. Union Pacific R.R. Co.*, Case No. 1:22-cv-00143-DCN (D. Idaho); *Sanders v. Union Pacific R.R. Co.*, Case No. 4:20-cv-03023 (D. Neb); *Bell v. CSX Transportation, Inc.*, Case No. 1:18-cv-00744-MJG (D. Md.); *Mlsna v. Union Pacific R.R Co.*, Case No. 3:18-cv-00037-wmc (W.D. Wis.); *Renard v. Union Pacific R.R. Co.*, Case No. 4:21-cv-00589 (W.D. Wis.).

Education: B.A. University of Wisconsin-Madison (2005); J.D., University of Minnesota Law School (2008).

Rev. 7/2024

# EXHIBIT 3



# Richard W. Simmons

Richard W. Simmons is the President of Analytics Consulting LLC[1].  Mr. Simmons joined Analytics in 1990 and has more than 33 years of experience developing and implementing class action communications and settlement programs.

Mr. Simmons' first legal notice consulting engagement was the *Schwan's Salmonella Litigation* settlement (*In Re: Salmonella Litigation*, Case No. 94-cv-016304 (D. Minn.)).   Since then, he has:

- Developed and implemented notice campaigns ranging in size up to 45 million known class members (and 180 million unknown class members);
- Testified regarding legal notice in building products, civil rights, consumer products, environmental pollution, privacy, and securities litigation settlements;
- Managed claims processes for settlement funds ranging up to $1 billion in value.

As part of Analytics' ongoing class action notice consulting practice, Mr. Simmons:

- testified regarding the adequacy of notice procedures in direct notice cases (including the development of class member databases);
- testified regarding the adequacy of published notice plans;
- has been appointed as a Distribution Fund Administrator by the Securities and Exchange Commission tasked with developing Distribution Plans for court approval;
- has been retained as an expert by the Federal Trade Commission to testify regarding the effectiveness of competing notice plans and procedures; and,
- acted as the primary author for the Duke Law Center's guidelines for best practices regarding the evaluation of class action notice campaigns.
- assisted in developing the George Washington University Law School's Class Action Best Practices Checklist.
- acted as the primary author for the Rabiej Litigation Law Center' forthcoming Class Action Best Practices.

In addition to his class action consulting work, Mr. Simmons has taught a college course in antitrust economics, was a guest lecturer at the University of Minnesota Law School on issues of statistical and economic analysis, was a charter member of the American Academy of Economic and Financial Experts and was a former referee for the Journal of Legal Economics (reviewing and critiquing peer reviewed articles on the application of economic and statistical analysis to legal issues).  Mr. Simmons is a published author on the subject of damage analysis in Rule 10b-5 securities litigation.

---

[1] In October 2013, Analytics Consulting LLC acquired Analytics Incorporated. I am the former President or Analytics Incorporated.  References to Analytics herein include the prior legal entities.



Mr. Simmons graduated from St. Olaf College with a B.A. in Economics (with a year at University College, Dublin), pursued a PhD. in Agricultural and Applied Economics (with a concentration in industrial organization and consumer/behavioral economics) at the University of Minnesota[2], and has received formal media planning training from New York University.

## APPLICATION OF TECHNOLOGY TO CLASS ACTION SETTLEMENTS

Mr. Simmons has been a visionary in the application of the Internet to class action notice campaigns and the management of settlements:

- In 1995, Mr. Simmons was the first in the nation to support class action settlements with an online presence, that included the ability to check online, the status of their claims.
- In 2000, Mr. Simmons invented online claims submission in class action litigation, filing a patent application governing *"Method and system for assembling databases in multiple-party proceedings"* US20010034731 A1.
- In 2002, Mr. Simmons established an online clearinghouse for class action settlements that provided the public with information regarding class action settlements and provided them with the ability to register for notification of new settlements. This clearinghouse received national press attention as a resource for class action settlements.
- From 2003 through 2013, Analytics' incremental changes in Internet support included class member verification of eligibility, locater services that identified retail outlets that sold contaminated products, secure document repositories, and multi-language support.
- In 2014, Mr. Simmons was the first to utilize and testify regarding product-based targeting in an online legal notice campaign
- In 2014, Analytics, under Mr. Simmons' leadership, released the first-class action settlement support site developed under e-commerce best practices.

## SPEAKER/EXPERT PANELIST/PRESENTER

Mr. Simmons has presented to panels of judges and lawyers on issues regarding class notice, claims processing, and disbursement:

- Mr. Simmons served as a panelist for the Francis McGovern Conferences on "Distribution of Securities Litigation Settlements: Improving the Process", at which regulators, judges, custodians, academics, practitioners and claims administrators participated.
- In 2011, Mr. Simmons was a panelist at the Federal Judicial Center's workshop/meetings regarding class action notice and settlement administration.
- In 2014, Mr. Simmons was invited to be interviewed by the Consumer Financial Protection Bureau as an expert on notice and claims administration in class action litigation as part of their study on arbitration and consumer class litigation waivers

---

[2] Mr. Simmons suspended work on his dissertation to acquire and manage Analytics.



- In 2016, Mr. Simmons presented results of research regarding the impact of forms of notice on fund participation rates to the Federal Trade Commission.
- In 2019, Mr. Simmons was the only claims administration expert invited to be a panelist to the Federal Trade Commission's Workshop on Consumers and Class Action Notices, where he spoke regarding the impact of different forms of notice on settlement participation rates and improving response rates to class action notices.
- In 2023, Mr. Simmons was a panelist for the Rabiej Litigation Law Center Bench-Bar Conference regarding Class Action Settlements where he spoke regarding maximizing claims rates in consumer class action settlements.

Mr. Simmons' speaking engagements regarding class notice include:

- *Maximizing Claims Rates in Consumer Class Actions*, Rabiej Litigation Law Center (2023)
- *Technology and Class Action Settlements*, National Association of Securities and Consume Attorneys (2023),
- *Risks and Regulations: Best Practices that Protect Class Member Confidentiality* presented at the HB Litigation Conference on Class Action Mastery in New York City (2018)
- *Recent Developments in Class Action Notice and Claims Administration* presented at Practising Law Institute in New York City (2017)
- *The Beginning and the End of Class Action Lawsuits* presented at Perrin Class Action Litigation Conference in Chicago (2017);
- *Class Action Administration: Data and Technology* presented at Harris Martin Target Data Breach Conference in San Diego (2014);
- *Developments in Legal Notice*, accredited CLE Program, presented at Susman Godfrey in Dallas (2014)
- *Developments in Legal Notice*, accredited CLE Program, presented at Shook Hardy & Bacon, LLP in Kansas City (2013),
- *Developments in Legal Notice*, accredited CLE Program, presented at Halunen & Associates in Minneapolis (2013),
- *Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice*, CLE Program, presented by Brian Christensen and Richard Simmons, to the Kansas Bar Association (March 2009).

Mr. Simmons' writings regarding class notice include:

- Crafting Digital Class Notices That Actually Provide Notice - Law360.com, New York (March 10, 2016).



JUDICIAL COMMENTS AND LEGAL NOTICE CASES

In evaluating the adequacy and effectiveness of Mr. Simmons' notice campaigns, courts have repeatedly recognized Mr. Simmons' work. The following excerpts provide recent examples of such judicial approval in matters where the primary issue was the provision of class notice.

Honorable Stephen J. Murphy III, *Doe 1 v. Deja vu Servs., Inc.*, No. 2:16-cv-10877, ECF No. 77 (E.D. Mich. June 19, 2017):

> *Also, the Plaintiffs certified that notice had been provided in accordance with the Court's preliminary approval order. The notices stated—in clear and easily understandable terms—the key information class members needed to make an informed decision: the nature of the action, the class claims, the definition of the class, the general outline of the settlement, how to elect for a cash payment, how to opt out of the class, how to object to the settlement, the right of class members to secure counsel, and the binding nature of the settlement on class members who do not to opt out.*

> *\* \* \**

> *In addition, the parties took additional steps to provide notice to class members, including through targeted advertisements on social media. The Court finds that the parties have provided the "best notice that is practicable under the circumstances," and complied with the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and due process.[3]*

Associate Justice Edward P. Leibensberger, *Geanacopoulos v. Philip Morris USA, Inc.*, No. 9884CV06002, Dkt. No. 230 (Mass. Super. Ct. Sept. 30, 2016):

> *The Court finds that the plan of Notice as described in paragraphs 12 through 20 of the Settlement Agreement, including the use of email, mail, publication and internet notice, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class.*

Honorable Edward J. Davila, *In re: Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, ECF No. 85 (N.D. Cal. Mar. 31, 2015):

> *On the issue of appropriate notice, the court previously recognized the uniqueness of the class asserted in this case, since it could potentially cover most internet users in the United States. On that ground, the court approved the proposed notice plan involving four media channels: (1) internet-based notice using paid banner ads targeted at potential class members (in English and in Spanish on Spanish-language websites); (2) notice via "earned*

---

[3]    Unless otherwise indicated, citations are omitted and emphasis is added.



*media" or, in other words, through articles in the press; (3) a website decided solely to the settlement (in English and Spanish versions); and (4) a toll-free telephone number where class members can obtain additional information and request a class notice. In addition, the court approved the content and appearance of the class notice and related forms as consistent with Rule 23(c)(2)(B).*

*The court again finds that the notice plan and class notices are consistent with Rule 23, and that the plan has been fully and properly implemented by the parties and the class administrator.*

Honorable Terrence F. McVerry, *Kobylanski. v. Motorola Mobility, Inc.*, No. 2:13-cv-01181, ECF No. 43  (W.D. Pa. Oct. 9, 2014):

*The Court finds that the distribution of the Notice to Settlement Class Members Re: Pendency of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution.*

Honorable Thomas N. O'Neill, Jr., *In re: CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270, ECF No. 119 (E.D. Pa. Mar. 20, 2014):

*Settlement class members were provided with notice of the settlement in the manner and form set forth in the settlement agreement. Notice was also provided to pertinent state and federal officials. The notice plan was reasonably calculated to give actual notice to settlement class members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.*

Honorable Robert W. Gettleman, *In re Aftermarket Filters Antitrust Litig.*, No. 1:08-cv-04883, ECF No. 1031  (N.D. Ill. Oct. 25, 2012):

*Due and adequate notice of the Settlement was provided to the Class. . . . The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlements.*

Honorable Marco A. Roldan, *Plubell v. Merck & Co., Inc.*, NO. 04CV235817-01, Final Judgment and Order (Mo. Cir. Ct. Mar. 15, 2013):

*Under the circumstances, the notice of this Settlement provided to Class Members in accordance with the Notice Order was the best notice practicable of the proceedings and*



> *matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements due process and Missouri law.*

Honorable James P. Kleinberg, *Skold v. Intel Corp.*, No. 2005-CV-039231, Order on Motion for Approval (Cal. Super. Ct. Mar. 14, 2013):

> *The Court finds that Plaintiff's proposed Notice plan has a reasonable chance of reaching a substantial percentage of class members.*

Honorable J. Phil Gilbert, *Greenville IL v. Syngenta Crop Prot., Inc.*, No 3:10-cv-00188, ECF No. 325 (S.D. Ill. Oct. 23, 2012):

> *The Notice provided to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process requirements, and provides the Court with jurisdiction over the Class Members.*

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| Antitrust | All Star Carts and Vehicles, Inc., et al. v. BFI Canada Income Fund, et al. | 08-CV-1816 (E.D.N.Y.) |
| | In Re: Aftermarket Filters Antitrust Litigation | No. 1.08-cv-4883, MDL No. 1957 (N.D. Ill.) |
| | In Re: Aluminum Phosphide Antitrust Litigation | Case No. 93-cv-2452 (D. Kan.) |
| | In Re: Beef Antitrust Litigation | MDL No. 248 (N.D. Tex.) |
| | In Re: Bromine Antitrust Litigation | MDL No. 1310 (S.D. Ind.) |
| | In Re: Corrugated Container Antitrust Litigation | MDL. No 310 (S.D. Tex.) |
| | In Re: Industrial Silicon Antitrust Litigation | Case No. 95-cv-2104 (W.D. Pa.) |
| | In Re: Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs | MDL No. 10 (S.D.N.Y.) |
| | In Re: Workers Compensation Insurance Antitrust Litigation | Case No. 4:85-cv-1166 (D. Minn.) |
| | Red Eagle Resources Corporation, Inc., et al. v. Baker Hughes Inc., et al. | Case No. 91-cv-627 (S.D. Tex.) |
| | Rob'n, Inc., et al. v. Uniform Code Counsel, Inc. | Case No. 03-cv-203796-1 (Spokane County, Wash.) |
| | Sarah F. Hall d/b/a Travel Specialist, et al. v. United Airlines, Inc., et al. | Case No. 7:00-cv-123-BR(1) (E.D.S.C.) |
| Asset Forfeiture | U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger") | No. CV 09-1731 (C.D. Cal.) |
| | U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures") | No. CV 09-1731 (C.D. Cal.) |
| | U.S. v. David Merrick | 6:10-cr-109-Orl-35DAB |
| | U.S. v. David Merrick | (E.D. Fla) |
| | U.S. v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al. | Case No. 09-cv-01731 (C.D. Cal.) |
| | United States of America v. $1,802,651.56 in Funds Seized from E-Bullion, et al. | 3:07-cr-119 (W.D.N.Y.) |
| | United States of America v. Alfredo Susi, et al. | 6:10-cr-109-Orl-35DAB |
| | United States of America v. David Merrick | Case No. 05-cv-058 (D.R.I.) |
| | United States of America v. Elite Designs, Inc. | Case No. 6:09-cv-1852 (S.D. Fla.) |
| | United States of America v. Evolution Marketing Group | Case No. 4:09-cr-00013-JHP-1 (N.D. Okla.) |
| | United States of America v. George David Gordon | No. C09-1770RSM (W.D. Wash.) |
| | United States of America v. Regenesis Marketing Corporation | (E.D. FL) |
| | United States of America v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al. | Case No. 04-cv-641 (E.D.N.Y.) |
| | United States of America v. Zev Saltsman | |
| Biometric Privacy | Allen v R.J. Van Drunen & Sons, Inc. | Case No. 2:20cv02106-CSB-EIL (C.D. Ill.) |
| | Alric Howell v Lakes Venture dba Fresh Thyme Farmers Market | 1:20-cv-02213 (N.D. IL) |
| | Andrea Jones et al. v Rosebud Restaurants,Inc. | 2019CH12910 (Cook County, IL) |
| | Angela Karikari v Carnagio Enterprises, Inc. | Case No.: 2019L000168 Circuit Court of Dupage County, IL |
| | Anthony Rodriguez v Senior Midwest Direct, Inc. | Case No.: 2021-CH-00811 (Cook County, IL) |
| | Anton Tucker et al. v Momence Packing Co. | Case No.: 2019-L-000098 (Kankakee County, IL) |
| | Belicia Cruz v The Connor Group, A Real Estate Investment Firm, LLC | Case No.: 1:22cv01966 (N.D. IL) |
| | Biagi v International Services, Inc | Case No. 21CH00000311 (Lake County, IL) |
| | Brittany Willoughby v Lincoln Insurance Agency, Inc. | Case No.: 2022CH01917 Circuit Court of Cook County, IL |
| | Charles Devose v Ron's Temporary Help Services, Inc. d/b/a Ron's Staffing Services, Inc. | Case No.: 191 1022 Circuit Court of Will County IIl |
| | Charles Hilson v MTII, Inc. | 20 L 440 (Will County, IL) |
| | Charles Thurman et al. v NorthShore University HealthSystem | Case No. 2018-CH-3544 (Cook County, IL) |
| | Christopher Crosby et al. v Courier Express One, Inc. | 2019-CH-03391 (Cook County, IL) |

Page 1



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Clifford Like et al. v Professional Freezing Services LLC | 2019 CH 04194 (Cook County, IL) |
| | Danielle Parker v Dabecca Natural Foods, Inc. | 2019 CH 1845 (Cook County, IL) |
| | Darrin Hall v Whiting Corporation | Case No.: 2021L000912 (Will County, IL) |
| | Deanna Ramirez v Greater Rockford Auto Auction, Inc. | Case No.: 2021-L-48 (Winnebago County, IL) |
| | Dearlo Terry v Griffith Foods | 2019CH12910 (Cook County, IL) |
| | Diahann Cook v John C. Proctor Endowment d/b/a Proctor Place, JCPE Investments, and JCPE Properties L | Case No. 21L00083 (Peoria County, IL) |
| | Drape et al. v S.F. Express Corporation | 20-L-001094 (DuPage County, IL) |
| | Eslanda Bertasiute v The Hari Group, Inc. | Case No.: 2020CH07055 Circuit Court of Cook County, IL |
| | Francesca Graziano et al. v Royal Die and Stamping LLC dba Royal Power Solutions, LLC | 2019-L-00169 (DuPage County, IL) |
| | Gniecki Katarzyna v Columbia Sussex Management | Case No.: 2021CH00677 (Cook County, IL) |
| | Heard, et al. v. THC – Northshore, Inc. | Case No. 2017-CH-16918 (Cook County, IL) |
| | Hector Campos v Sonoco Products Company | Case No.: 2021CH01223 |
| | Hubler v Placesmart Agency d/b/a/ Nashville Material & Supply LLC | Case No.: 2021L11 (Washington County, IL) |
| | Jacob Weeks v Tricon Industries Manufacturing | Case No.: 2021L32 (LaSalle County, IL) |
| | Jada Marsh v CLS Plasma, Inc. | Case No.: 1:19cv07606 (N.D. IL) |
| | Javier Vega v Mid-America Taping & Reeling, Inc. | Case No.: 2019CH03376 Circuit Court DuPage County, IL |
| | Jeremy Webb et al. v Plachman, Inc. | Case No. 2020-L-15 (Kankakee County, IL) |
| | Jerrod Lane et al. v Schenker, Inc. | 3:19-cv-00507 NIR-MAB (S.D. IL) |
| | Joseph Ross v Caremel, Inc. | 2019L000010 (Kankakee County, IL) |
| | Joshua Eden Mims v Mando Window & Door Corp. | 2019 CH 10371 (Cook County, IL) |
| | Katherine Martinez et al. v Nando's Restaurant Group, Inc. | 1:19-cv-07012 (N.D. IL) |
| | Kimberly Smith v ARG Resources, LLC d/b/a Arby's | Case No. 2019-CH-12528 (Cook County, IL) |
| | Latonia Williams v Personalizationmall.Com, LLC | Case No.: 1:20cv00025 (N.D. IL) |
| | Lawrence et al v Atria Management Company, LLC | Case No: 2020-ch-01384 (Cook County, IL) |
| | Lawrence v Capital Senior Living, Inc. | Case No.: 2021-I-000267 (Dupage County, IL) |
| | Leen Abusalem et al. v The Standard Market, LLC | 2019L000517 (Dupage County, IL) |
| | Marcus McCullum v IKO Midwest, Inc. | Case No.: 2020CH05114 (Cook County, IL) |
| | Maria Tapia-Rendon v United Tape & Finishing Co., Inc | Case No.: 1:21cv03400 (N.D. IL) |
| | Maurilio Ortega v Rapid Displays, Inc. | Case No.: 2020CH00140 Circuit Court of Cook County, IL (Chancery Division) |
| | Maysoun Abudayyeh v Envoy Air, Inc. | Case No.: 1:21cv00142 ( N.D. IL) |
| | Melone v General RV Center | Case No.: 21L000405 (Kane County, IL) |
| | Michael Pfatenhauer v Alfagomma Aurora TF LLC | Case No.: 21L000251 (Kane County, IL) |
| | Michelle Sedory v Aldi, Inc. | Case No.: 20CH02768 (Cook County, IL) (Chancery Division) |
| | Mims v Trippe Manufacturing Company, d/b/a Trippe Lite | Case No.: 2019-ch-10189 (Cook County, IL) |
| | Morales v Graham Packing Plastic Products, LLC | Case No: 2021000801 (Dupage County, IL) |
| | Neisha Torres et al. v Eataly Chicago, LLC | 2020 CH 6417 (Cook County, IL) |
| | Olmon v U.S.A. Recycling, Inc. d/b/a Pallet Logistics Management, Inc. | Case No.: 21L0737 (St. Clair County, IL) |
| | Otilia Garcia et al. v Club Colors Buyers LLC | Case No. 2020 L 001330 (Dupage County, IL) |



Page 2

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Rafael Vazquez v Pet Food Experts, Inc. | 2019 CH 14746 (Cook County, IL) |
| | Reo v Skolnik Industries, Inc. | Case No.: 2021-ch-00571 (Cook County, IL) |
| | Ricardo White v Bridgeway of Bensenville Independent Living, LLC | 2019 CH 03397 (Cook County, IL |
| | Rivera v American Freedom Insurance Co. | Case No. 2020-CH-06596 (Cook County, IL) |
| | Roach v. Walmart Inc. | Case No. 2019-CH-01107 (Cook County, IL) |
| | Robert Corey v Wireless Vision, LLC | Case No.: 2020CH1192 (Cook County, IL) |
| | Rosy Gomez v Resource Management Group, Inc. | Case No.: 2021ch00440 (Cook County, IL) |
| | Sanchez v Agile Pursuits, Inc. d/b/a Tide Cleaners f/k/a Pressbox LLC | Case No. 2020-CH-02640  Circuit Court of Cook County, IL |
| | Seyon Haywood v Thyssenkrupp Dynamic Components Danville, LLC | Case No.: 2021L000057 (Vermilion County, IL) |
| | Shonnette Banks v Meridian Lodging Associates, LLP | Case No.: 1:20cv07030 (N.D. Ill.) |
| | Stark v Joliet Cold Storage, LLC | Case No.: 191182 (Will County, IL) |
| | Steven Horn v Method Products | Case No.: 1:21cv05621 (E.D. IL) |
| | Stiles v. Specialty Promotions, Inc. | Case No. 2020-CH-03776 (Cook County, IL) |
| | Sykes v. Clearstaff, Inc. | Case No. 19-CH-03390 (Cook Co. IL) |
| | Tapia-Renton v Employer Solutions Staffing Group II, LLC, et al. | Case No. 21-CV-3400 (N.D. Ill.) |
| | Tiffanie Snider v Heartland Beef, Inc. | Case No.: 4:20cv04026 (C.D. IL) |
| | Trayes v Midcon Hospitality Group, LLC et al. | Case No. 19-CH-11117 (Cook County, IL) |
| | Tylisha Allen v Flanders Corp. | Case No. 2022-LA-000154 (Sangamon County, IL) |
| | Tyronne L. Helm et al. v Marigold, Inc. | 2020-CH-003971 (Cook County, IL) |
| | Villasenor v Air & Ground Services, Inc. | Case No.: 2021CH55558 (Cook County, IL) |
| | White v Willow Crest Nursing Pavilion, LTD | Case No.: 2021CH04785 (Cook County, IL) |
| | William Clow v The Sygma Network, Inc. | Case No.: 1:22cv01094-CSB-EIL (C.D. IL) |
| Business | American Golf Schools, LLC, et al. v. EFS National Bank, et al. | Case No. 00-cv-005208 (D. Tenn.) |
| | AVR, Inc. and Amidon Graphics v. Churchill Truck Lines | Case No. 4:96-cv-401 (D. Minn.) |
| | Buchanan v. Discovery Health Records Solutions | Case No. 13-015968-CA 25 (Miami Dade County) |
| | Do Right's Plant Growers, et al. v. RSM EquiCo, Inc., et al. | Case No. 06-CC-00137 (Orange County, Cal.) |
| | F.T.C. v. Ameritel Payphone Distributors | Case No. 00-cv-514 (S.D. Fla.) |
| | F.T.C. v. Cephalon | Case No. 08-cv-2141  (E.D. Pa.) |
| | F.T.C. v. Datacom Marketing, Inc. | Case No. 06-cv-2574 (N.D. Ill.) |
| | F.T.C. v. Davison & Associates, Inc. | Case No. 97-cv-01278 (W.D. Pa.) |
| | F.T.C. v. Fidelity ATM, Inc. | Case No. 06-cv-81101 (S.D. Fla.) |
| | F.T.C. v. Financial Resources Unlimited, Inc. | Case No. 03-cv-8864 (N.D. Ill.) |
| | F.T.C. v. First American Payment Processing Inc. | Case No. 04-cv-0074 (D. Ariz.) |
| | F.T.C. v. Group C Marketing, Inc. | Case No. 06-cv-6019 (C.D. Cal.) |
| | F.T.C. v. Jordan Ashley, Inc. | Case No. 09-cv-23507 (S.D. Fla.) |
| | F.T.C. v. Medical Billers Network, Inc. | Case No. 05-cv-2014 (S.D.N.Y.) |
| | F.T.C. v. Minuteman Press Int'l | Case No. 93-cv-2496 (E.D.N.Y.) |
| | F.T.C. v. Netfran Development Corp | Case No. 05-cv-22223 (S.D. Fla.) |

Page 3


ANALYTICS

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | F.T.C. v. USA Beverages, Inc. | Case No. 05-cv-61682 (S.D. Fla.) |
| | Garcia, et al. v. Allergan, Inc. | 11-CV-9811 (C.D. Cal.) |
| | Gerald Young et al. v. HealthPort Technologies, LLC, et al. | Case No. LACL130175 (Polk County, IA) |
| | Goldberg et al. v. HealthPort Inc. et al. | Case No L-1421-14 (Essex County, NJ) |
| | In Re Google AdWords Litigation | No. 5:08-cv-03369-EJD (N.D. Cal.) |
| | In re Syngenta Ag Mir 162 Corn Litigation | Case No 2:14-md-2591-JWL-JPO (D. Kan.) |
| | Law Offices of Henry E. Gare, P.A., et al. v. Healthport Technologies, LLC | No. 16-2011-CA-010202 (Duval County, FL) |
| | Melby et al. v. America's MHT, Inc., et al. | Case No. 3:17-CV-155-M (N.D. Texas) |
| | Number Queen, Ltd. et al. v. Redgear Technologies, Inc. et al. | Case No. 14-0064 (W.D. Mo.) |
| | Physicians of Winter Haven LLC v. STERIS Corp. | Case No. 1:10-cv-00264 (N.D. Ohio) |
| | Richard P. Console, JR., P.C. v. Medical Records Online Inc. | Docket No. CAM-L-2133-18 (Camden County, NJ) |
| | Sue Ramirez et al. v. Smart Professional Photocopy Corporation | No. 01-L-385 (Peoria County, IL) |
| | Terry Bishop v DeLaval, Inc. | Case No.: 5/19cv06129 (W.D. MO) |
| | Todd Tompkins, Doug Doug and Timothy Nelson v. BASF Corporation, et al. | Case No. 96-cv-59 (D.N.D.) |
| Civil Rights | Bentley v. Sheriff of Essex County | Case No. 08-cv-01363 (E.D. La.) |
| | Cazenave, et al. v. Sheriff Charles C. Foti, Jr., et al. | Case No. 11-01907 (Essex County, MA) |
| | Garcia, et al. v. Metro Gang Strike Force, et al. | Case No. 00-cv-1246 (E.D. La.) |
| | Gregory Garvey, Sr., et al. v. Frederick B. MacDonald & Forbes Byron | Case No. 09-cv-01996 (D. Minn.) |
| | McCain, et al. v. Bloomberg, et al. | 3:07-cv-30049 (S.D. Mass.) |
| | Minich, et al. v. Spencer, et al. | Case No. 41023/83 (New York) |
| | Nancy Zamarron, et al. v. City of Siloam Springs, et al. | Civil Action No. 1584cv00278 (Suffolk Superior Court, Mass.) |
| | Nathan Tyler, et al. v. Suffolk County, et al. | Case No. 08-cv-5166 (W.D. Ark.) |
| | Nilsen v. York County | Case No. 1:06-cv-11354 (S.D. Mass.) |
| | Richard S. Souza et al. v. Sheriff Thomas M. Hodgson | Case No. 02-cv-212 (D. Me.) |
| | Toho v. County of Bucks | 2002-0870 BRCV (Superior Ct., Mass.) |
| | Travis Brecher, et al. v. St. Croix County, Wisconsin, et al. | Case No. 12-6867 (E.D. Pa.) |
| | Tyrone Johnson et al. v CoreCivic et al. | Case No. 02-cv-0450-C (W.D. Wisc.) |
| | | 2:20-Cv-01309 RFB-NJK (D. NV) |
| Consumer | Adam Berkson, et al. v. Gogo LLC and Gogo Inc., | Case No. 1:14-cv-01199-JBW-LB (S.D.N.Y.) |
| | Alimi v Integrity Management Group, LLC et al. | Case No.: 2021-CH-03274 (Cook County, IL) |
| | Andrew J. Hudak, et al. v. United Companies Lending Corporation | Case No. 334659 (Cuyahoga County, Ohio) |
| | Angela Doss, et al. v. Glenn Daniels Corporation | Case No. 02-cv-0787 (E.D. Ill.) |
| | Angell v. Skechers Canada | 8562-12 (Montreal, Quebec) |
| | Ann McCracken et al. v Verisma Systems, Inc. | 6:14-cv-06248 (W.D. N.Y.) |
| | Anthony Talalai, et al. v. Cooper Tire & Rubber Company | Case No. L-008830-00-MT (Middlesex County, NJ) |
| | Ballard, et al. v. A A Check Cashiers, Inc., et al. | Case No. 01-cv-351 (Washington County, Ark.) |
| | Belinda Peterson, et al. v. H & R Block Tax Services, Inc. | Case No. 95-CH-2389 (Cook County, Ill.) |
| | Boland v. Consolidated Multiple Listing Service, Inc. | Case No. 3:19-cv-01335-SB (D.S.C.) |



Page 4

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Braulio M. Cuesta, et al. v. Ford Motor Company, Inc., and Williams Controls, Inc. | CIV-06-61-S (E.D. Okla.) |
| | Capraola, et al. v. Hekberg Diamond Shops, Inc. | Case No. 13-06493 (N.D. Ill.) |
| | Carideo et al. v. Dell, Inc. | Case No. 06-cv-1772 (W.D. Wash.) |
| | Carnegie v. Household International, Inc. | No. 98-C-2178 (N.D. Ill.) |
| | Che Clark v. JPMorgan Chase Bank, N.A., et al. | Case No. 017-cv-01069 (D. Minn.) |
| | Christine Gambino et al. v CIOX Health, LLC | 2015-CA-006038-B (District of Columbia) |
| | Clair Loewy v. Live Nation Worldwide Inc. | Case No. 11-cv-04872 (N.D. Ill.) |
| | Conradie v. Caliber Home Loans | Case No. 4:14-cv-00430 (S.D. Iowa) |
| | Consumer Financial Protection Bureau v. Corinthian Colleges, Inc. | Case No. 1:14-cv-07194 (N.D. Ill.) |
| | Consumer Financial Protection Bureau v. Park View Law | Case No. 2:17-cv-04721 (N.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Credit, L.L.C., et al. | Case No. 2:17-cv-04720 (N.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Marketing Holdings | Case No. 2:16-cv-07111 (C.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Marketing Holdings | 1:15-cv-23070-MGC (S.D. Fl) |
| | Consumer Financial Protection Bureau v. Security National Automotive Acceptance | Civil Action No. 1:15-cv-401 (S.D. Ohio) |
| | Covey, et al. v. American Safety Council, Inc. | 2010-CA-009781-0 (Orange County, FL) |
| | Cummins, et al. v. H&R Block, et al. | Case No. 03-C-134 (Kanawha County, W.V.) |
| | David and Laurie Seeger, et al. v. Global Fitness Holdings, LLC | No. 09-CI-3094, (Boone Circuit Court, Boone County, Ky.) |
| | Don C. Lundell, et al. v. Dell, Inc. | Case No. 05-cv-03970 (N.D. Cal.) |
| | Duffy v. Security Pacific Autmotive Financial Services Corp., et al. | Case No. 3:93-cv-00729 (S.D. Cal.) |
| | Edward Howley, et al. v. American Pioneer Title Insurance Company | No. CA CE 03-016234 (Broward County, Fla.) |
| | Evans, et al. v. Linden Research, Inc., et al. | Case No. 4:11-cv-1078-DMR (N.D. Cal.) |
| | F.T.C. and The People of the State of New York v. UrbanQ | Case No. 03-cv-33147 (E.D.N.Y.) |
| | F.T.C. v A1 DocPrep Inc. et al. | Case No. 2:17-cv-07044 SJO-JC (C.D. CA) |
| | F.T.C. v First Universal Lending, LLC et al. | Case No. 9:09-cv-82322 ZLOCH (S.D. FL) |
| | F.T.C. v Student Debt Doctor, LLC et al. | Case No. 17-cv-61937 WPD (S.D. FL) |
| | F.T.C. v. 1st Beneficial Credit Services LLC | Case No. 02-cv-1591 (N.D. Ohio) |
| | F.T.C. v. 9094-5114 Quebec, Inc. | Case No. 03-cv-7486 (N.D. Ill.) |
| | F.T.C. v. Ace Group, Inc. | Case No. 08-cv-61686 (S.D. Fla.) |
| | F.T.C. v. Affordable Media LLC | Case No. 98-cv-669 (D. Nev.) |
| | F.T.C. v. AmeraPress, Inc. | Case No. 98-cv-0143 (N.D. Tex.) |
| | F.T.C. v. American Bartending Institute, Inc., et al. | Case No. 05-cv-5261 (C.D. Cal.) |
| | F.T.C. v. American International Travel Services Inc. | Case No. 99-cv-6943 (S.D. Fla.) |
| | F.T.C. v. Asset & Capital Management Group | Case No. 8:13-cv-1107 (C.D. Cal.) |
| | F.T.C. v. Bigsmart.com, L.L.C., et al. | Case No. 01-cv-466 (D. Ariz.) |
| | F.T.C. v. Broadway Global Master Inc | Case No. 2-cv-00855 (E.D. Cal.) |
| | F.T.C. v. Call Center Express Corp. | Case No. 04-cv-22289 (S.D. Fla.) |
| | F.T.C. v. Capital Acquistions and Management Corp. | Case No. 04-cv-50147 (N.D. Ill.) |
| | F.T.C. v. Capital City Mortgage Corp. | Case No. 98-cv-00237 (D.D.C.) |



Page 5

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | F.T.C. v. Centro Natural Corp | Case No. 14-23879 (S.D. Fla.) |
| | F.T.C. v. Certified Merchant Services, Ltd., et al. | Case No. 4:02-cv-44 (E.D. Tex.) |
| | F.T.C. v. Check Inforcement | Case No. 03-cv-2115 (D.N.J.) |
| | F.T.C. v. Chierico et al. | Case No. 96-cv-1754 (S.D. Fla.) |
| | F.T.C. v. Clickformail.com, Inc. | Case No. 03-cv-3033 (N.D. Ill.) |
| | F.T.C. v. Consumer Credit Services | Case No. 96-cv-1990 (S.D. N.Y.) |
| | F.T.C. v. Consumer Direct Enterprises, LLC | Case No. 07-cv-479 (D. Nev.) |
| | F.T.C. v. Debt Management Foundation Services, Inc. | Case No. 04-cv-1674 (M.D. Fla.) |
| | F.T.C. v. Delaware Solutions | Case No. 1:15-cv-00875-RJA (W.D.N.Y) |
| | F.T.C. v. DeVry Education Group Inc. | Case No. 2:16-cv-579 (C.D. Cal.) |
| | F.T.C. v. Digital Enterprises, Inc. | Case No. 06-cv-4923 (C.D. Cal.) |
| | F.T.C. v. Dillon Sherif | Case No. 02-cv-00294 (W.D. Wash.) |
| | F.T.C. v. Discovery Rental, Inc., et al. | Case No: 6:00-cv-1057 (M.D. of Fla.) |
| | F.T.C. v. EdebitPay, LLC. | Case No. 07-cv-4880 (C.D. Cal.) |
| | F.T.C. v. Electronic Financial Group, Inc. | Case No. 03-cv-211 (W.D. Tex.) |
| | F.T.C. v. Eureka Solutions | Case No. 97-cv-1280 (W.D. Pa.) |
| | F.T.C. v. Federal Data Services, Inc., et al. | Case No. 00-cv-6462 (S.D. Fla.) |
| | F.T.C. v. Financial Advisors & Associates, Inc. | Case No. 08-cv-00907 (M.D. Fla.) |
| | F.T.C. v. First Alliance Mortgage Co. | Case No. 00-cv-964 (C.D. Cal.) |
| | F.T.C. v. First Capital Consumer Membership Services Inc., et al. | Case No. 1:00-cv-00905 (W.D.N.Y.) |
| | F.T.C. v. First Capital Consumers Group, et al. | Case No. 02-cv-7456 (N.D. Ill.) |
| | F.T.C. v. Franklin Credit Services, Inc. | Case No. 98-cv-7375 (S.D. Fla.) |
| | F.T.C. v. Global Web Solutions, Inc., d/b/a USA Immigration Services, et al. | Case No. 03-cv-02301 (D. D.C.) |
| | F.T.C. v. Granite Mortgage, LLC | Case No. 99-cv-289 (E. Ky.) |
| | F.T.C. v. Herbalife International of America | Case No. 2:16-cv-05217 (C.D. Cal.) |
| | F.T.C. v. ICR Services, Inc. | Case No. 03-cv-5532 (N.D. Ill.) |
| | F.T.C. v. iMall, Inc. et al. | Case No. 99-cv-03650 (C.D. Cal.) |
| | F.T.C. v. Inbound Call Experts, LLC | Case No. 9:14-cv-81395-KAM (S.D. Fla.) |
| | F.T.C. v. Information Management Forum, Inc. | Case No. 2-cv-00986 (M.D. Fla.) |
| | F.T.C. v. Ira Smolev, et al. | Case No. 01-cv-8922 (S.D. Fla.) |
| | F.T.C. v. Jeffrey L. Landers | Case No. 00-cv-1582 (N.D. Ga.) |
| | F.T.C. v. Jewelway International, Inc. | Case No. 97-cv-383 (D. Ariz.) |
| | F.T.C. v. Kevin Trudeau | Case No. 98-cv-0168 (N.D. Ill.) |
| | F.T.C. v. Komaco International, Inc., et al. | Case No. 02-cv-04566 (C.D. Cal.) |
| | F.T.C. v. LAP Financial Services, Inc. | Case No. 3:99-cv-496 (W.D. Ky.) |
| | F.T.C. v. Lumos Labs, Inc. | Case No. 3:16-cv-00001 (N.D. Cal.) |
| | F.T.C. v. Marketing & Vending, Inc. Concepts, L.L.C., et al. | Case No. 00-cv-1131 (S.D.N.Y.) |
| | F.T.C. v. Mercantile Mortgage | Case No. 02-cv-5078 (N.D. Ill.) |



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | F.T.C. v. Merchant Services Direct, LLC | Case No. 2:13-cv-00279 (E. D. Wa.) |
| | F.T.C. v. Meridian Capital Management | Case No. 96-cv-63 (D. Nev.) |
| | F.T.C. v. NAGG Secured Investments | Case No. 00-cv-02080 (W.D. Wash.) |
| | F.T.C. v. National Consumer Counsil, Inc., et al. | Case No. 04-cv-0474 (C.D. Cal.) |
| | F.T.C. v. National Credit Management Group | Case No. 98-cv-936 (D.N.J.) |
| | F.T.C. v. National Supply & Data Distribution Services | Case No. 99-cv-128-28 (C.D. Cal.) |
| | F.T.C. v. Nationwide Information Services, Inc. | Case No. 00-cv-0505 (C.D. Cal.) |
| | F.T.C. v. NBTY, Inc. | No. 05-4793 (E.D.N.Y.) |
| | F.T.C. v. NetSpend | Case No. 1:16-cv-04203-AT (N.D. Ga.) |
| | F.T.C. v. NutriMost LLC | Case No. 2:17-cv-00509-NBF (W.D. Pa.) |
| | F.T.C. v. One Technologies, LP | Case No. 3:14-cv-05066 (N.D. Cal.) |
| | F.T.C. v. Oro Marketing | Case No. 2:13-CV-08843 (C.D. Cal.) |
| | F.T.C. v. Pace Corporation | Case No. 94-cv-3625 (N.D. Ill.) |
| | F.T.C. v. Paradise Palms Vacation Club | Case No. 81-11600 (W.D. Wash.) |
| | F.T.C. v. Patrick Cella, et al. | Case No. 03-cv-3202 (C.D. Cal.) |
| | F.T.C. v. Platinum Universal, LLC | Case No. 03-cv-61987 (S. D. Fla.) |
| | F.T.C. v. Raymond Urso | Case No. 97-cv-2680 (S.D. Fla.) |
| | F.T.C. v. Rincon Management Services, LLC | Case No. 5:11-cv-01623-VAP-SP (C.D. Cal.) |
| | F.T.C. v. Robert S. Dolgin | Case No. 97-cv-0833 (N.D. Cal.) |
| | F.T.C. v. Southern Maintenance Supplies | Case No. 99-cv-0975 (N.D. Ill.) |
| | F.T.C. v. Star Publishing Group, Inc. | Case No. 00-cv-023D (D. Wy.) |
| | F.T.C. v. Stratford Career Institute | Case No. 1:16-cv-00371 (N.D. Ohio) |
| | F.T.C. v. Stuffingforcash.com Corp. | Case No. 02-cv-5022 (N.D. Ill.) |
| | F.T.C. v. Target Vending Systems, L.L.C., et al. | Case No. 00-cv-0955 (S.D.N.Y.) |
| | F.T.C. v. The College Advantage, Inc. | Case No. 03-cv-179 (E.D. Tex.) |
| | F.T.C. v. The Crescent Publishing Group, Inc., et al. | Case No. 00-cv-6315 (S.D.N.Y.) |
| | F.T.C. v. The Tax Club | Case No. 13-cv-210 (IMF) (S.D.N.Y.) |
| | F.T.C. v. The Tungsten Group, Inc. | Case No. 01-cv-773 (E.D. Va.) |
| | F.T.C. v. Think Achievement Corp. | Case No. 2:98-cv-12 (N.D. Ind.) |
| | F.T.C. v. Think All Publishing | Case No. 07-cv-11 (E.D. Tex.) |
| | F.T.C. v. Tracfone | Case No. 3:15-cv-00392 (N.D. Cal.) |
| | F.T.C. v. Trustsoft, Inc. | Case No. 05-cv-1905 (S.D. Tex.) |
| | F.T.C. v. Unicyber Gilboard, Inc. | Case No. 04-cv-1569 (C.D. Cal.) |
| | F.T.C. v. US Grant Resources, LLC | Case No. 04-cv-0596 (E.D. La.) |
| | F.T.C. v. Verity International, Ltd., et al. | Case No. 00-cv-7422-LAK (S.D.N.Y.) |
| | F.T.C. v. Wellquest International, Inc. | Case No. 2:03-cv-05002 (C.D. Cal.) |
| | F.T.C. v. Wolf Group | Case No. 94-cv-8119 (S.D. Fla.) |
| | Federal Trade Commission v Nutraclick, LLC | Case No.: 2:20cv08612 (C.D. CA) |


ANALYT/CS

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Fernando N. Lopez and Mallory Lopez, et al. v. City Of Weston* | Case No. 99-8958  CACE 07 (Fl. 17th Jud Dist) |
| | *Fiori, et al. v. Dell Inc., et al.* | Case No. 09-cv-01518 (N.D. Cal.) |
| | *FMS, Inc. v. Dell, Inc. et al.,* | Case No. 03-2-23781-7SEA (King County, Wash.) |
| | *Frederick v Manor Care of Hemet CA, LLC* | MCC2000202 (Riverside County, CA) |
| | *FTC v 9140-9201 Quebec Inc. dba Premium Business Pages, Inc.* | 1:18-cv-04115 (E.D. IL) |
| | *FTC v Elite IT Partners, Inc.* | 2:19-cv-00125 (D. UT) |
| | *FTC v Fat Giraffe Marketing Group LLC* | 2:19-cv-00063 CW (C.D. Utah) |
| | *FTC v Grand Teton Professionals, LLC et al.* | 3:19-cv-00933 VAB (D. CT) |
| | *FTC v Manhattan Beach Venture, LLC* | Case No. 2:19cv7849 (C.D. CA) |
| | *FTC v Physician's Technology, LLC* | 2:20-cv-11694 NGE-RSW (E.D. MI) |
| | *FTC v Renaissance Health Publishing, LLC dba Renown Health Products* | 9:20-cv-80640 DMM (S.D. FL) |
| | *FTC v Slac, Inc.* | 5:20-cv-00470 (C.D. CA) |
| | *FTC v Zycal Bioceuticals Healthcare Company, Inc.* | 1:20-cv-10249 (D. MA) |
| | *Galatis, et al. v. Psak, Graziano Piasecki & Whitelaw, et. al.* | No. L-005900-04 (Middlesex County, NJ) |
| | *Garcia v. Allergan* | 11-cv-9811 (C.D. Cal.) |
| | *Gloria Lopez et al. v Progressive County Mutual Insurance Company* | 5:19-cv-00380 FB-ESC (W.D. TX) |
| | *Grabowski v. Skechers U.S.A., Inc.* | No. 3:12-cv-00204 (W.D. Ky.) |
| | *Greg Benney, et al. v. Sprint International Communications Corp. et al.* | Case No. 02-cv-1422 (Wyandotte County, KS) |
| | *Griffin v. Dell Canada Inc* | Case No. 07-cv-32523D2 (Ontario, Superio Court of Justice) |
| | *Haas and Shahbazi vs. Navient Solutions and Navient Credit Finance Corporation* | Case No. 15-35586 (DRI) (S.D. Texas) |
| | *Harris, et al. v. Roto-Rooter Services Company* | Case No. 00-L-525 (Madison County, IL) |
| | *Harrison, et al. v. Pacific Bay Properties* | Case No. BC285320 (Los Angeles County, CA) |
| | *Henderson, et al . V. Volvo Cars of North America, LLC, et al.* | 09-04146 (D.N.J.) |
| | *In re H&R Block IRS Form 8863 Litigation* | Case No. 4:13-MD-02474-FJG. (W.D. MO) |
| | *In Re: Bancomer Transfer Services Mexico Money Transfer Litigation* | BC238061, BC239611(Los Angeles County, CA) |
| | *In Re: Certainteed Fiber Cement Siding Litigation* | MDL 2270 (E.D. PA) |
| | *In Re: H&R Block Express IRA Marketing Litigation* | Case No. 06-md-01786 (W.D. Mo.) |
| | *In Re: High Carbon Concrete Litigation* | Case No. 97-cv-20657 (D. Minn.) |
| | *In Re: High Sulfur Content Gasoline Products Liability Litigation* | MDL No. 1632 (E.D. La.) |
| | *In Re: Ria Telecommunications and Afex Mexico Money Transfer Litigation* | Case No. 99-cv-0759 (San Louis Obispo, Cal.) |
| | *In Re: Salmonella Litigation* | Case No. 94-cv-016304 (D. Minn.) |
| | *In the Matter of Kushly Industries LLC* | FTC File No.: 202-3111 |
| | *Janet Figueroa, et al. v. Fidelity National Title  Insurance Company* | Case No. 04-cv-0898 (Miami Dade County, Fla.) |
| | *Jerome H. Schlink v. Edina Realty Title* | Case No. 02-cv-18380 (D. Minn.) |
| | *Joel E. Zawikowski, et al. v. Beneficial National Bank, et al.* | Case No. 98-cv-2178 (N.D. Ill.) |
| | *John Babb, et al. v. Wilsonart International, Inc.* | Case No. CT-001818-04 (Memphis, Tenn.) |
| | *John Colin Suttles, et al. v. Specialty Graphics, Inc,* | Case No. 14-505 (W.D. TX) |
| | *Kenneth Toner, et al. v. Cadet Manufacturing Company* | Case No. 98-2-10876-2SEA (King County, Wash.) |



Page 8

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Kiefer, et al. v. Ceridian Corporation, et al.* | Case No. 3:95-cv-818 (D. Minn.) |
| | *Kim Schroll et al. v. Lakewood Residential Care LLC dba Lakewood Park Manor* | 18STCV29819 (Los Angeles County, CA) |
| | *Kobylanski et al. v. Motorola Mobility, Inc. et al.* | No. 13-CV-1181 (W.D. Pa.) |
| | *Lisa Ranieri et al.v AdvoCare International, L.P.* | Case No. 3:17-cv-00691 B (N.D. TX) |
| | *Long et al v. Americredit Financial Services, Inc.* | 0:2011-02752 (Hennepin County, MN) |
| | *Louis Thulo, et al. v. Lawyers Title Insurance Corporation* | Case No. 0405324-11 (Broward County, Fla.) |
| | *Lynn Henderson, et al. v. Volvo Cars of North America, LLC, et al.* | No. 2:09-cv-04146-CCC-JAD (D.N.J.) |
| | *Lymette Lijewski, et al. v. Regional Transit Board, et al.* | Case No. 4:93-cv-1108 (D. Minn.) |
| | *Mark Laughman, et al. v. Wells Fargo Leasing Corp. et al.* | Case No. 96-cv-0925 (N.D. Ill.) |
| | *Mark Parisot et al. v. US Title Guaranty Company* | Case No. 0822-cc-09381 (St. Louis Circuit Court, Mo.) |
| | *Mark R. Lund v. Universal Title Company* | Case No. 05-cv-00411 (D. Minn.) |
| | *Marks, et al. v. The Realty Associates Fund X, et al.* | CA No. SUCV2018-00056-BLS1 (Suffolk County, MA) |
| | *Melissa Castille Dodge, et al. v. Phillips College of New Orleans, Inc., et al.* | Case No. 95-cv-2302 (E.D. La.) |
| | *Michael Drogin, et al. v. General Electric Capital Auto Financial Services, Inc.* | Case No. 95-cv-112141 (S.D.N.Y.) |
| | *Michael Sutton v. DCH Auto Group, et al.* | (Essex County, NJ) |
| | *Michael T. Pierce et al. v. General Electric Capital Auto Lease* | CV 93-05291015 |
| | *Mitchem, et al v. Illinois Collection Service, Inc.* | Case No. 09-cv-7274 (N.D. Ill.) |
| | *Northcoast Financial Services v. Marcia Webster* | 2004 CVF 18651 (Cuyahoga County, OH) |
| | *Olivia Savarino et al. v Lincoln Property Co.* | 14-1122C (Essex County, MA) |
| | *Oubre v. Louisiana Citizens Fair Plan* | No. 625-567 (Jefferson Parish, LA) |
| | *Patricia Faircloth, et a. v. Certified Finance, Inc., et al.* | Case No. 99-cv-3097 (E.D. La.) |
| | *Pistili v. Life Time Fitness, Inc.* | Case No. 07-cv-2300 (D. Minn.) |
| | *Rawls Leslie, et al. v. The St. Joe Paper Company* | Case No. 03-368CA (Gulf County, Fla.) |
| | *Regayla Loveless, et al. v. National Cash, Inc, et al.* | Case No. 2001-cv-892-2 (Benton County, Ark.) |
| | *Ricci, et al., v. Ameriquest Mortgage Co.* | Case No. 27-cv-05-2546 (D. Minn.) |
| | *Ronnie Haese, et al. v. H&R Block, et al.* | Case No. 96-cv-423 (Kleberg County, Tex.) |
| | *Sandra Arnt, et al. v. Bank of America, N.A.* | No. 27-cv-12-12279 (Hennepin County, MN) |
| | *Sara Khaliki, et al. v. Helzberg Diamond Shops, Inc.* | 4:11-cv-00010 (W.D. Mo.) |
| | *Shepherd, et al. v. Volvo Finance North America, Inc., et al.* | Case No. 1:93-cv-971 (N.D. Ga.) |
| | *Skusenas v. Linebarger, Goggan, Blair & Sampson, LLC.* | Case No. 1:10-cv-8119 (N.D. Ill.) |
| | *Smith v. NRT Settlement Services of Missouri, LLC* | Case No. 06-cv-004039 (St. Louis County, MO) |
| | *Terrell Ervin v. Nokia Inc. et al.* | Case No. 01-L-150 (St. Clair County, Ill.) |
| | *The People of the State of California v. Rainbow Light Nutritional Systems, LLC, et al.* | Case No. 19STCV28214 (Los Angeles County, CA) |
| | *Theresa Boschee v. Burnet Title, Inc.* | Case No. 03-cv-016986 (D. Minn.) |
| | *Thomas Geanacopoulos v. Philip Morris USA, Inc.* | Civil Action No. 98-6002-BLS1 (MA Superior Court) |
| | *Thomas Losgar, et al. v. Freehold Chevrolet, Inc., et al.* | Case No. L-3145-02 (Monmouth County, NJ) |
| | *Tiffany Ellis, et al. v. General Motors LLC* | Case No. 2:16-cv-11747 (E.D. Mich.) |
| | *Tom Lundberg, et al. v. Sprint Corporation, et al.* | Case No. 02-cv-4551 (Wyandotte County, Kan.) |

Page 9

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Trac-woy, Inc., et al. v. General Electric Credit Auto Leasing* | Case No. 92-CH-08962 (Cook County, Ill.) |
| | *Trudy Latman, et al. vs. Costa Cruise Lines, N.V., et al* | Case No. 96-cv-8076 (Dade County, Fla.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | | (E.D. Fla) |
| | *U.S. v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | 3:07-cr-119 (W.D.N.Y.) |
| | *United States of America v. Alfredo Susi, et al.* | 6:10-cr-109-Orl-35DAB |
| | *United States of America v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | *United States of America v. Elite Designs, Inc.* | Case No. 05-cv-058 (D. R.I.) |
| | *United States of America v. Evolution Marketing Group* | Case No. 6:09-cv-1852 (S.D. Fla.) |
| | *United States of America v. Regenesis Marketing Corporation* | No. C09-1770RSM (W.D. Wash.) |
| | *United States of America v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | (E.D. Fla.) |
| | *Vicente Arriaga, et al. v. Columbia Mortgage & Funding Corp, et al.* | Case No. 01-cv-2509 (N.D. Ill) |
| | *William R. Richardson, et al., v. Credit Depot Corporation of Ohio, et al.* | Case No. 13-L-562 (St. Clair County, IL) |
| | *Vittorio Bloylock  v LVNV Funding LLC, et al.* | Case No. 315343 (Cuyahoga County, Ohio) |
| | *Zyburo v. NCSPlus Inc.* | Case No. 12-cv-06677 (S.D.N.Y.) |
| CryptoCurrency | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures")* | No. CV 09-1731 (C.D. Cal.) |
| | *United States of America v. $1,802,651.56 in Funds Seized from e-Bullion, et al.* | Case No. 09-cv-01731 (C.D. Cal.) |
| Data Breach | *F.T.C. v. Choicepoint* | Case No. 06-cv-0198 (N.D. Ga.) |
| | *First Choice Federal Credit Union v. The Wendy's Company* | Case No. 2:16-cv-00506-NBF-MPK (W.D. Pa.) |
| | *In Re Equifax, Inc. Customer Data Security Breach Litigation* | 1:17-md-2800 TWT (N.D. GA) |
| | *In Re Hudson's Bay Company Data Security Incident Consumer Litigation* | Case No. 1:18-cv-08472 PKC (S.D. N.Y.) |
| | *Mitchell Loutman v American Bank Systems, Inc.* | Case No.: 2:20cv1959 (W.D. PA) |
| | *Sterling et al. v. Strategic Forecasting, Inc. et al* | No. 2:12-cv-00297-DRH-ARL (E.D.N.Y.) |
| | *Veridian Credit Union v. Eddie Bauer LLC* | No. 2:17-cv-00356 (W.D. Wash.) |
| | *Village Bank et al. v Caribou Coffee Company, Inc.* | 0:19-cv-01640 (D. MN) |
| Data Breach/Privacy | *Anderson, et al. v. United Retail Group, Inc., et al.* | Case No. 37-cv-89685 (San Diego County, Cal.) |
| | *Baby Doe v Ann & Robert H. Lurie Children's Hospital of Chicago* | Case No.: 2020CH04123 Circuit Court Cook County IL (Chancery Division) |
| | *F.T.C. v. CEO Group, Inc.* | Case No. 06-cv-60602 (S.D. Fla.) |
| | *In Re: U.S. Bank National Association Litigation* | Case No. 99-cv-891 (D. Minn.) |
| Discrimination | *Chicago Teachers Union, Local.1, v Board of Education of the City of Chicago* | Case No.: 1:12cv01311 (N.D. Ill.) |
| Elder Abuse | *Blaine Johnson v Napaidence Opco, LLC d/b/a Napa Post Acute* | Case No.: 21CV001248 (Napa County, CA) |
| | *Brinkerhoff v  Lifehouse San Diego operations LLC d/b/a The Shores Post-Acute* | Case No.: 202100021078 (San Diego, CA) |
| Employment | *Aaron Riffle et al. v Cristy's Pizza, Inc.* | 2:19-cv-04750 GCS-CMV (S.D. OH) |
| | *Aaron Riley v Timiny R/R Construction, Inc.* | Case No.: 3:21cv02288 (N.D. OH) |
| | *Adam P. Kelly, et al v. Bank of America, N.A., et al.* | No. 10-CV-5332 (E.D. Ill.) |
| | *Alequin, et al. v. Darden Restaurants, Inc. et al.* | Case No.: 12-61742-CV (S.D. Fla.) |



Page 10

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Alice Williams, et a. v. H&R Block Enterprises | RG 08366506, (County of Alameda, CA) |
| | Alicia Ousley v CG Consulting d/b/a Scores Columbus | Case No: 2:19-cv-01744 SDM-KAJ (S.D. OH) |
| | Alma Anguiano v. First United Bank and Trust Co. | Case No: CIV-12-1096 (D. Okla.) |
| | Alona Brank v Med1Care, Ltd | Case No: 3:22cv00384-JZ (N.D. OH) |
| | Amanda Fortin v Wise Medical Staffing, Inc. | Case No: 2:21cv01467 (S.D. OH) |
| | Amber Oaks v Auria Holmesville, LLC | Case No: 3:22cv0008-JZ (N.D. Ohio) |
| | Amber Young v I Love This Bar LLC | Case No: 2:20cv3971 (S.D. Ohio) |
| | Amiee Tracy v Quantum Health, Inc. | Case No: 2:22cv00294-MHW-KAJ (E.D. Ohio) |
| | Amy Brailer v Clearcomm Bawa, Inc. | Case No: 1:17cv01391-JFM (D. MD |
| | Andrew R. Rondomanski, et al. v. Midwest Division, Inc. | No. 11-cv-00887 (W.D. Mo.) |
| | Anita Adams v Aztar Indiana Gaming Company LLC d/b/a Tropicana Evansville | Case No.: 2:20cv00143-RLY-MPB (S.D. Ind.) |
| | Ann Ford v U.S. Foods, Inc. | Case No.: 1:19cv05967 (N.D. Ill.) |
| | Antwaun Jones et al. v United American Security LLC | Case No.: 1:20cv00440 JG (N.D. OH) |
| | Arturo Reyes et al. v Ivory Management Co. dba Renaissance Stone Care and Waterproofing | 19CV340357 (Santa Clara, CA) |
| | Ashanti Sanchez v Agile Pursuits, Inc. | Case No.: 2020CH02640 Circuit Court Cook County, IL |
| | Bolandran, et al. v. Labor Ready, et al. | BC 278551 (Losa Angeles County, Cal.) |
| | Ballard, et al. v. CoreCivic of Tennessee, LLC | Case No. 3:20cv418 (M.D. Tenn.) |
| | Ballard, et al., v Fogo de Chao, LLC | Case No. 09-cv-7621 (D. Minn.) |
| | Barbara Jane Freck et al. v Cerner Corporation | 4:20-cv-00043 BCW (W.D. MO) |
| | Batiste v. TopGolf International Inc. and TopGolf USA Spring Holdings, LLC | Civil Action 4:20-cv-00655 (S.D. Tx.) |
| | Beasley, et al. v. GC Services LP | Case No. 09-cv-01748 (E.D. Mo.) |
| | Berry v. Farmers Bank & Trust, N.A. | Case No. 13-02020 |
| | Berte v. WIS Holdings Corporation | 07-cv-1932 (S.D. Cal.) |
| | Bishop et al. v. AT&T Corp. | Case No. 08-cv-00468 (W.D. Pa.) |
| | Bobbi Hardisky et al. v Gateway Health LLC | Case No. 2:20-cv-01483 MPK (W.D. PA) |
| | Bobbie Jarrett v. GGNSC Holdings, LLC | Case No.: 12-CV-4105-BP (W.D. Mo.) |
| | Bobbi-Jo Smiley et al. v E.I. Dupont De Nemours and Company | 3:12-cv-02380 (M.D. PA) |
| | Bonnie J. Pasquale v Tropicana Atlantic City Corporation | Case No.: 1:20cv06909 (D. NJ) |
| | Brenda Wickens, et al. v Thyssenkrupp Crankshaft Co. LLC | Case No. 1:19-cv-06100 (S.D. IL) |
| | Brian Smith et al. v Kellogg Company | 1:18-cv-01341 PLM-RSK (D. NV) |
| | Brittanee Tupitza et al. v Texas Roadhouse Management Corporation | Case No. 1:20-cv-00002 (W.D. PA) |
| | Burbran Pierre v City of New York, et al. | Civil Action No.: 20-cv-05116(ALC)(DCF) (S.D.N.Y.) |
| | Cara Nasisi et al v Comprehensive Health Management, Inc. | Case No. 1:19-cv-4132 KPF (S.D. N.Y.) |
| | Carlos Calderas, et al. v AK Tube, LLC | Case No. 3:19-cv-02431.JZ (W.D. OH) |
| | Carolyn Bledsoe et al. v LHC Group, Inc. | 2:18-cv-02863 (D. AZ) |
| | Carolyn M. Nicholson et al. v IOC-Boonville, Inc. dba Isle of Capri Casino Hotel, Boonville | 2:19-cv-04084 (W.D. MO) |
| | Chandler Glover and Dean Albrecht, et al., v John E. Potter | EEOC No. 320-A2-8011X; Agency No. CC-801-0015-99 |
| | Chantel Headspeth et al. v TPUSA, Inc. dba Teleperformance USA | 2:19-cv-02062 ALM-CMV (S.D. OH) |



Page 11

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Charles Fravel, et al. v General Mills Operations, LLC | Case No. 2:20-cv-01094 EAS-CMV (S.D. OH) |
| | Cheyenne Seiber at al.vManagement and Training Corporation | 3:19-cv-02983 (N.D. OH) |
| | Christian Alesius v Pitsburgh Logistics Systems, Inc. d/b/a PLS Logistics Services | Case No.: 2:20cv01067 (W.D. PA) |
| | Christopher Evins v. Glow Networks, Inc. | Case No. 14-cv-00544 (W.D. Mo.) |
| | Christopher Rawlings oe al. v BMW Financial Services NA, LLC | 2:20-cv-02289 EAS-KAJ (S.D. OH) |
| | Claudine Wilfong, et al. v. Rent-A-Center, Inc. | Case No. 00-cv-680 (S.D. Ill.) |
| | Coltogirone, et al. v. Gateway Health, LLC | Case No. 2:20-cv-00605-MJH (W.D. Pa.) |
| | Copher v. Motor City Auto Transport, Inc. | 15-2500-CK (Macomb County, MI) |
| | Creed, et al. v. Benco Dental Supply Co. | 3:12-CV-1571 (E.D. Pa.) |
| | Dania Pruess, et al. v Presbyterian Health Plan, Inc. | Case No. 1:19-cv-629 KG-JFR (D. New Mexico) |
| | Daniel O'Malley v Kass Management Services, Inc. | Case No.: 1:20cv01331 (N.D. IL) |
| | Darrin Dickerson et al. v Zoya Group, LLC | 1:20-cv-02490 (D.CO) |
| | Dawn Bellon, et al. v Capital Blue Cross | Case No. 1:20-cv-00744 YK (M.D. PA) |
| | Day, et al. v. KASA Delivery LLC. | Case No. 01-17-0000-2142 (AAA) |
| | De La Torre v. Colburn Electric Company | Civil Action No. 4:20-cv-00127-JED-JFJ (N.D. Okla.) |
| | Deborah Roberts v Arrow Senior Living Management, Inc. | Case No.:4:21cv01370 (E.D. MO) |
| | Department of Consumer and Worker Protection v Dunkin Donuts | |
| | Doe, et al. v. Cin-Lan, Inc, et al. | Case No. 4:08-cv-12719 (E.D. Mich.) |
| | Doe, et al. v. Déjà Vu Services, Inc., et al., | No. 2:16-cv-10877 (E.D. Mich.) |
| | Dominique Delvo v Toast, Inc. | Case No. C.A. 2284-CV-01464H (Suffolk County, MA) |
| | Don Brooks et al. v C.H. Robinson International, Inc. et al. | 4:16-cv-00939 (W.D. MO) |
| | Donna Disselkamp at al. v Norton Healthcare, Inc. | 3:18-cv-00048 CRS (W.D. KY) |
| | Donna Marcum v Lakes Venture LLC dba Fresh Thyme Farmers Market LLC | 3:19-cv-0231 DJH (W.D. KY) |
| | DuBeau et al v. Sterling Savings Bank et al. | No. 12-cv-1602 (D. Or.) |
| | Dzianis Huzionkau et al. v NY Sweet Spot Café Inc. dba Sweetspot Café | 1:18-cv-05715 (E.D. N.Y.) |
| | Ebony Jones at al. v CBC Restaurant Corp. dba Corner Bakery Café | 1:19-cv-06736 (N.D. IL) |
| | Edward Watson at al. v Tennant Company, a Minnesota Corporation | 2:18-cv-02462 WBS-DB (E.D. CA) |
| | EEOC v Oceanic Time Warner Cable LLC, et al. | Case No. CV -18-00357 DKW-KJM (D. Hawaii) |
| | Eli Balderos v Schutz Container Systems, Inc. | Case No.: 3:21cv02427 (N.D. OH |
| | Elizabeth Border et al. v Alternate Solutions Health Network LLC | Case No. 2:20-cv-01273 ALM-KAJ (S.D. OH) |
| | Elizabeth Yorba v Barrington School, LLC | Case No.:2:21cv691 (S.D. OH) |
| | Elvia Boyza et al. v United Service Companies, Inc. | 1:18-cv-6854 (N.D. IL) |
| | Emma Guertin v Melba Franchise Holdings, Inc. d/b/a Chick-fil-A Fulton Street | Case No.: 604316/2022 (Nassau County, NY) |
| | Equal Employment Opportunity Commission (EEOC) v. Star Tribune Company | Case No. 08-cv-5297(D. Minn.) |
| | Equal Employment Opportunity Commission v Faribault Foods, Inc. | Case No. 07-cv-3976 (D. Minn.) |
| | Eric Eisenberg v Conrad's Tire Service,Inc. | Case No. CV-21-949506 (Cuyahoga County, OH) |
| | Feiertag v. DDP Holdings, LLC d/b/a Apollo Retail Specialists, LLC, | Case No. 2:14-cv-2643 (S.D. Ohio) |
| | Felina Robinson v The Buffalo News, Inc. | Case No. 801427/2019 (Erie County, NY) |



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Ferreras, et. al v. American Airlines, Inc.* | 16-cv-2427 (D.N.J.) |
| | *Fisher, et al. v. Michigan Bell Telephone Company* | Case No. 09-cv-10802 (E.D. Mich.) |
| | *Frank De La Paz v. Accurate Courier NCA LLC* | Case No. 16CV00555 (County of Santa Cruz, CA) |
| | *Frank, Peasley, Waters, and Wilhelm, v Gold'n Plump Poultry, Inc.* | Case No. 04-cv-1018 (D. Minn.) |
| | *French v. Midwest Health Management, Inc.* | Case No.: 2:14-cv-2625 |
| | *Geelan, et al. v. The Mark Travel Coporation* | Case No. 03-cv-6322 (D. Minn.) |
| | *Gipson, et al. v. Southwestern Bell Telephone Company* | Case No. 08-cv-2017 (D. Kan.) |
| | *Goelz v Bud Antle, Inc.* | Case No.: 2022 CV 02 0068 (Tuscarawas County, OH) |
| | *Greene, et al. v. Shift Operations LLC, et al.* | Case No. CGC 16-552307 (County of San Francisco, CA) |
| | *Gregory Hernandez v. The Children's Place* | No. CGC 04-4300989 (San Francisco, CA) |
| | *Gretchen Valencia et al. v Armada Skilled Home Care of NM LLC* | 1:18-cv-01071 KG-JFR (D. NM) |
| | *Harrison v Blackline Systems, Inc.* | Arbitration |
| | *Hawkins v. JPMorgan Chase Bank, N.A.* | Case No. 8:19-cv-02174 (M.D. Fla.) |
| | *Heather Betts et. al. v Central Ohio Gaming Ventures, LLC* | 2:16-cv-00373 EAS-EPD (S. D. OH) |
| | *Heather Fitzgerald v Forest River Manfacturing LLC* | Case No.: 3:20cv01004 (N.D. IN) |
| | *Heather Lawrence v Benesys, Inc.* | Case No.: 1:22cv11517 (E.D. Mich) |
| | *Hector Farias v Strickland Waterproofing Company, Inc.* | Case No.: 3:20cv00076 (W.D. VA) |
| | *Helen Bernstein, et al. v. M.G. Waldbaum* | Case No. 08-cv-0363 (D. Minn.) |
| | *Helen Hamlin v Garant Chocolatier, LLC* | 4:20-cv-00117 (N.D. OH) |
| | *Holt v. Living Social* | 1:2012cv00745 (D.D.C.) |
| | *Isabella Savini Merante v American Institute for Foreign Study, Inc.* | Case No.: 3:21cv03234 (N.D. CA) |
| | *Jacob Bartakovits et al. v Wind Creek Bethlehem LLC dba Wind Creek Bethlehem* | 5:20-cv-01602 (E.D. PA) |
| | *James Meyers et al. v Boomerang Rubber, Inc.* | 3:19-cv-00070 WHR (S.D. OH) |
| | *James Oakley et al. v The Ohio State University Wexner Medical Ctr.* | 2017-00845 (Oh state Court of Claims) |
| | *James Smith et al. v Oakley Transport, Inc.* | 3:19-cv-05854 EMC (N.D. CA) |
| | *James Walters v Professional Labor Group, LLC* | Case No.: 1:21cv02831-JRS-MJD (S.D. Ind.) |
| | *Jamise Collins et al. v Goodwill Industries of Greater Cleveland & East Central Ohio* | 1:19-cv-01433 (N.D. OH) |
| | *Janae Miller v HG Ohio Employee Holding Corporation* | Case No.: 2:21cv3978 (E.D. OH) |
| | *Jason Adams et al. v Wenco Ashland, Inc.* | 1:19-cv-1544 CEH (N.D. OH) |
| | *Jason Mass et al. v the Regents of the University of California et al.* | RG17-879223 (Alameda County, CA) |
| | *Javier Garza et al. v Wood Group USA, Inc.* | 4:20-cv-00253 (S.D. TX) |
| | *Jeffrey Allen Jones v Amazon* | Case No.: 1:15cv01106 |
| | *Jennifer Dennis et al. v Greatland Home Health Services, Inc.* | 1:19-cv-05427 (N.D. IL) |
| | *Jennifer Hardy et al. v DuPage Medical Group, LTD* | 1:19-cv-02265 (N.D. IL) |
| | *Jennifer Hayes, et al. v Thor Motor Coach Inc.* | Case No. 3:19-cv-375 DRL-MGG (N.D. IN) |
| | *Jeremiah Smith et al. v PPG Industries, Inc.* | 1:19-cv-01518 (N.D. OH) |
| | *Jessica Owens et al. v Hearthside Food Solutions, LLC* | 3:19-cv-02479 (N.D. OH) |
| | *Jimmy West v. PSS World Medical, Inc.* | Case No. 4:13-cv-00574 (E.D. Mo.) |



Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | John Alba, et al. v. Papa John's USA, Inc. | Case No. 05-cv-7487 (W.D. Cal.) |
| | John Lewis et al. v Sentry Electrical Group, Inc. | 1:19-cv-00178 WOB (S.D. OH) |
| | Johnson, et al v. General Mills, Inc. | Case No. 10-cv-1104 (W.D. Mo.) |
| | Jordan Purvis v DSL Retail Services Corporation | Case No.: 3:21cv01738-IZ (N.D. OH) |
| | Joseph Connors v American Medical Response, Inc. Services, Inc. | 1:20-cv-05046 (S.D. N.Y.) |
| | Joseph Gallant et al. v Arrow Consultation Services, Inc. | 1:19-cv-00925 (S.D. IN) |
| | Justice v. Associated Materials, LLC | Case No. 5:20-cv-0041O-SL (N.D. Ohio) |
| | Justin Tyson v Shake Shack Enterprises, LLC | Case No.: 514220/2022 (Kings County, NY) |
| | Kariseli Quinones v Magic Cleaning Solutions LLC | Case No.: 1:22cv00197 (E.D.N.Y.) |
| | Karyn Petersen, et al. v EmblemHealth, Inc. et al. | Case No. 1:20-cv-2568 CBA-RLM (E.D.N.Y.) |
| | Kelly Marie Camp, et al. v. The Progressive Corporation, et al. | Case No. 01-cv-2680 (E.D. La.) |
| | Kelly, et al v. Bank of America, N.A. et al. | No. 10-5332 (N.D. Ill.) |
| | Kendall Olin-Marquez v Arrow senior Living Management, LLC | Case No.: 2:21cv00996-EAS-CMV (S.D. Ohio) |
| | Kendra Brown v Rush Street Gaming, LLC | Case No.: 1:22cv00392 (N.D. NY) |
| | Kenyona Eubanks v Aurora Health Care, Inc. | Case No.: 2:20cv01253 (E.D. WI) |
| | Kevin Moitoso et al. v FMR LLC | 1:18-cv-12122 WGY (D. MA) |
| | Khadeza Pyfrom v ContactUS, LLC d/b/a ContactUS Communications | Case No.: 2:21cv02493-EAS-CMV (S.D. Oio) |
| | Kiley Thornburg v Reflektions, LTD | 2:21cv3905 (S.D. OH) |
| | Kim Anderson v Rent-A-Daughter Corporation | Case No.: 1:22cv00143 (N.D. OH) |
| | Kimberly Smith v ARG Resources, LLC | Case No.: 2019CH12528 Circuit Court Cook County, IL |
| | Kristin Swearingen v Amazon.com Services, Inc. | Case No.: 3:19cv01156-JR (D. OR) |
| | Kristina Drake v Chop Hospitality LLC | Case No.: 1:20cv01574 (E.D. Ill.) |
| | Krystal Wright v Majestic Care Staff LLC | Case No.: 2:21cv02129-MHW-EPD (S.D. Ohio) |
| | Kulauzovic et al. v. Citibank, N.A. | Index No. 507538/2018 (County of Kings, NY) |
| | Kusinski v. MacNeil Automotive Products Limited | Case No. 17-cv-3618 (N.D. Ill.) |
| | Lang, et al v DirecTV, Inc., et al. | No. 10-1085 (E.D. La.) |
| | Latanya Miles et al. v Variety Wholesalers, Inc. | 1:19-cv-01714 PAB (N.D. OH) |
| | Lavar Martin et al. v Summit County | 5:19-cv-02641 JRA (N.D. OH) |
| | Lee and Campion v. The City of Philadelphia | NO. 001125 (Court of Common Pleas, Philadelphia County) |
| | Lee Stephens v Auto Systems Centers, Inc. d/b/a/ Midas | Case No.: 2:21cv05131-ALM-CMV (S.D. Ohio) |
| | Leslie Avant v VXL Enterprises, LLC | Case No.: 3:21cv2016 (N.D. Cal.) |
| | Leslie Bethel v Bluemercury, Inc. | Case No.: 21cv2743 (S.D. NY) |
| | Linda J. Calhoun et al. v Aon Hewitt Health Insurance Solution, Inc. | Case No. 1:19-cv-01810 (N.D. IL) |
| | Lucas v Miller Products, Inc. | Case No.: 4:21-cv-2355 (N.D. OH) |
| | Luis Zhibri v Optimum Logistics Group, LLC | Case No.: 2:21cv05877 (E.D. NY) |
| | Lynn Lietz, et al. v. Illinois Bell Telephone Company, et al. | No. 1:11-cv-0108 (N.D. Ill.) |
| | Mallory v. Aclara Smart Grid Solutions, LLC | Case No. 2:20-cv-0240 (S.D. Ohio) |
| | Marcos D. Daglio v Boosso America Corporation | Case No.: 2:18cv13448-KM- MAH (D. NJ) |

Page 14



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Mariah Smith v Advocate Health Care Network | Case No.: 1:19cv05148 (E.D. IL) |
| | Mark Satterly et al. v Airstream, Inc. | 3:19-cv-00392 WHR (S.D. OH) |
| | Mary Hutkai, et al. v. Penn National Gaming, Inc., et al. | Case No. 4:16-cv-00906 (W.D. Mo.) |
| | Mary Walburn et al. v Lend-A-Hand Services, LLC | 2:19-cv-00711 ALM-CMV (S.D. OH) |
| | Michael A. Rivota et al. v Bank of America Corporation | 1:18-cv-03843 (N.D. IL) |
| | Michael Fisher et al. v Dura-Line Corporation | 1:19-cv-00286 (N.D. OH) |
| | Michael Levine, et al. v Vitamin Cottage Natural Food Markets, Inc. | Case No. 1:20-cv-00261 STV (D. CO) |
| | Michelle Jackson, et al. v. Jamba Juice Company | Case No. 8:02-cv-00381 (C.D. Cal.) |
| | Mi'Jette Sirmons v Star Multi Care Holding Corporation | Case No. 2:21cv00456-CB (W.D. PA) |
| | Monica Brunty et al. v Optima Health Plan | 2:19-cv-00255 (E.D. VA) |
| | Monte Endris v Hubler Chevrolet, Inc. | Cause No.: 49D12-1810-PL-040781  Superior Court, Marion County, IN |
| | Mudrich  v The SYGMA Network, Inc. | Case No. 2:21-cv-4932  (S.D. OH) |
| | Nathaniel Boyce v SSP America MDW, LLC | Case No.: 1:19cv02157 (N.D. IL) |
| | Nicholas Jones v Memoryblue, Inc. | Case No.: 2022-00319306-CV    Superior Court. Sacramento County, CA |
| | Nicholas O'Neil et al. v Miller Pipeline LLC | Case No. 2:20-cv-04034 MHW-CMV (E.D. OH) |
| | Nicole Kordie v Ohio Living | Case No.: 2:21cv03791-SDM-CMV (S.D. Ohio) |
| | Nikia Edwards v Optima Health Plan | Case No. 2:20cv00192 (E.D. VA) |
| | Nikiesha Cleveland v Foundations Health Solutions, Inc. | Case No. 1:21cv01713 (N.D. OH) |
| | Norma Marquez et al. v RCKC Corporation et al. | 1:18-cv-07977 (N.D. IL) |
| | OFCCP v. B&H Foto & Electronics Corp. | Case No. 2016-OFC-0004 (Department of Labor) |
| | Omar Malcolm v The City of New York | Case No.: 1:20cv9641-ALC (S.D. NY) |
| | Owen, et al. v. Punch Bowl Minneapolis, LLC | Case No. 19-cv-0955 (D. Minn) |
| | Pamela Adams, et al., v. MedPlans Partners, Inc | Case No. 3:07-cv-259  (W.D. Ky.) |
| | Parnell, et al. v. Academy Mortgage Corporation | Case No. 01-17-0004-5311 (AAA) |
| | Pedro Rodriguez Martinez v Alpha Technologies Services, Inc. | 5:17-cv-628 (E.D. NC) |
| | Phillip Busler, et al. v. Enersys Energy Products Inc., et al. | Case No. 09-cv-0159 (W.D. Mo.) |
| | Powell v. The Kroger Company and Dillon Companies, LLC | Case No. 1:20-cv-01983 (D. Colo.) |
| | Prentis Walton et al. v Oldcastle Building Envelope, Inc. | 3:18-cv-02936 (N.D. OH) |
| | Ray Cruz-Perez v Penn National Gaming, Inc. | 1:20-cv-02577 (N.D. IL) |
| | Rhonda Gresky v Checker Notions Company, Inc. d/b/a/Checker Distributors | Case No.: 3:21cv1203 (N.D. Ohio) |
| | Robert Eddings v. General Aluminum Manufacturing Company | Case No. 1:17-CV-00362 (N.D. Ohio) |
| | Robert Stock et al. v Xerox Corporation | Case No. 6:16-cv-06256 EAW (W.D. N.Y.) |
| | Rocher, et al. v. Sav-on Drugs, et al. | Case No. BC 227551 (Los Angeles County, Cal.) |
| | Roger James v Boyd Gaming Corporation | Case No.: 2:19cv02260-DDC-JPO (D. KS) |
| | Roger Stiles v Specialty Promotions, Inc. | Case No.: 2020CH03766 Circuit Court Cook County, IL |
| | Ronnie Loschiavo v Advanced Drainage Systems, Inc. | Case No. 2:21cv05069-MHW-CMV (S.D. OH) |
| | Rosann Biagi v International Services, Inc. | Case No.: 21CH00000311 Circuit Court of Lake County, IL |
| | Russell Cain v JB Hunt Transport, Inc. | Case No. D-202-CV-2019-00710 (Bernalillo County, NM) |



Page 15

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Russell, et al. v. Illinois Bell Telephone Company | Case No. 08-cv-1871 (N.D. Ill.) |
| | Ryan Cocca v Ping Identity Corporation | Arbitration |
| | Ryan Ransom et al. v Burrows Paper Corporation | Case No. 2:20-cv-03824 MHW-CMV (S.D. OH) |
| | Sakinah Kelly et al. v Evolent Health LLC | 1:19-cv-00500 (N. D. Ill.) |
| | Salomon v. Bayview Loan Servicing, LLC | No. 10-17-0002-1424 (AAA) |
| | Scott Snider et al. V Quantum Health, Inc. | 2:20-cv-02296 CMV (E.D. OH) |
| | Sequoia Moss-Clark, et al. v. New Way Services, Inc., et al. | Case No. C12-1391 (Contra Costa County, CA) |
| | Sergio Moreno et al. v Silvertip Completion Services Operating LLC | Case No. 7:19-cv-00240 (W.D. TX) |
| | Shannon Wheeler v. Cobalt Mortgage, Inc. et al. | Case No. 2:14-cv-B1847-JCC (W.D. WA) |
| | Sherman Wright et al. v The Kroger Co. | 1:19-cv-00761 MRB (S.D. OH) |
| | Smallwood, et al. v. Illinois Bell Telephone Company, | Case No. 09-cv-4072 (N.D. Ill.) |
| | Smith v. Family Video | Case No. 11-cv-01773 (N.D. Ill.) |
| | Smith v. Pizza Hut, Inc. | No. 09-cv-01632-CMA-BNB (D. Colo.) |
| | Speraneo v. BJC Health Systems, Inc. d/b/a BJC HealthCare | Case No. 1322-CC09701 (St. Louis County, MO) |
| | Stephanie Sanz, et al. v. Johny Utah 51, LLC | Case No. 14-cv-4380 (S.D.N.Y.) |
| | Stephen DiGiorgio et al. v EOS Holdings, Inc. | 1:16-cv-11069 (D. MA) |
| | Steven Belt v P.F. Chang's China Bistro, Inc. | 2:18-cv-03831 AB (E.D. PA) |
| | Surette, et al. v SmartBear Software, Inc. | Civil Action No. 2281-cv-00802  Middlesex County Superior Court |
| | Tamare Fry v Pilot Plastics, Inc. | Case No.: 5:22cv00465 (N.D. OH) |
| | Tanielle Thomas vWalmart, Inc. | 18-cv-4717 (E.D. PA) |
| | Tasha Smith v Acceptance Solutions Group, Inc. | Case No.: 1:21cv01675 (N.D. Ill.) |
| | Teeter v. NCR Corporation | Case No. 08-cv-00297 (C.D. Cal.) |
| | Terri Powell et al. v IKEA Industry Danville, LLC | 4:18-cv-00058 (W.D. VA) |
| | Terrie Gammon et al. v Marietta OPCO, LLC dba Arbors at Marietta | 2:19-cv-05140 JLG-EPD (S.D. OH) |
| | The Fortune Society, Inc. et al. v. Macy's, Inc. et al. | No. 19 Civ. 5961 (S.D.N.Y.) |
| | Thomas Cramer et al. v. Bank of America, N.A. et al. | Case No. 12-08681 (N.D. Ill.) |
| | Thomas Dege, et al., v. Hutchinson Technology, Inc. | Case No. 06-cv-3754 (D. Minn.) |
| | Thomas v. Kellogg Company et al. | Case No. 3:13 Civ. 05136 (W.D. Wash.) |
| | Thompson v. Qwest Corporation, et al. | Civil Action No.: 1:17-cv-1745 (D. Colo.) |
| | Tiffany Williams v Bob Evans Farms, Inc. | Case No.: 2:18cv01353 (W.D. PA) |
| | Todd Coleman v Trophy Nut Co. | 3:19-cv-00374 TMR (S.D. OH) |
| | Tracie Ford et al. v Cardinal Innovations Healthcare Solutions | Case No. 1:20-cv-00736 (M.D. NC) |
| | Tracy Mattison et al. v Trubridge, Inc. | 5:19-cv-01618 IRA (N.D. OH) |
| | Trista L.Freeman, et al. v Crossroads Hospice of Northeast Ohio LLC | Case No. 5:20-cv-01579 BYP (E.D. OH) |
| | Twohill, et al. v. First Acceptance Corporation | Case No. 3:17-cv-00284 (M.D. Tenn.) |
| | Tyler Mudrich v The Sygma Network, Inc. | Case No. 2:21cv04932-EAS-CMV (S.D. OH) |
| | Tylisha Allen v Flanders Corporation | Case No. 2022-LA-154 Circuit Court Sangamon, IL |
| | Vernon Roberts v Techserv Consulting and Training, LTD | Case No. 6:21cv00406 (E.D. Tex.) |


ANALYTICS

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Victor Sanchez v Gold Standard Enterprises, Inc. d/b/a/ Binny's Beverage Depot* | Case No.: 1:21cv03349 (N.D. Ill) |
| | *Wallace Pitts at al. v. G4S Secure Solutions (USA), Inc.* | 2:19-cv-02650 MHW-CMV (E.D. OH) |
| | *Watkins, et al. v. I.G. Incorporated, et a.* | Case No. 27-13-15361 (Hennepin County, MN) |
| | *Weeks v. Matrix Absence Management, Inc.* | Case No. 2:20-cv-884 (D. Arizona) |
| | *White et al. v. Edward Jones Co., L.P. dba Edward Jones* | No. 17 Civ. 02004 (N.D. Ohio) |
| | *Wilkinson, et al. v. NCR Corporation* | Case No. 1:08-cv-5578 (N.D. Ill.) |
| | *William Perrin, et al. v. Papa John's International* | No. 4:09-CV-01335 (E.D. Mo.) |
| | *William Whitlock, et al. v. FSH Management, LLC, et. al.* | 3:10-cv-00562-M |
| | *Williams v. DH Pace* | Case No. 4:14-cv-00161 (W.D. Mo.) |
| | *Williams, et al. v. Dollar Financial Group, et al.* | Case No. RG03099375 (Alameda County, CA) |
| | *Williams, et al. v. G4S Secure Solutions (USA) Inc.* | Civil Action No. 1:17-CV-00051 (M.D.N.C.) |
| | *Williams, et al. v. H&R Block Enterprises, Inc.* | Case No. RG 08366506 (Alameda County, CA) |
| | *Wittemann, et al. v. Wisconsin Bell, Inc.* | Case No. 09-cv-440 (W.D. Wisc.) |
| | *Wlotkowski, et al. v. Michigan Bell* | Case No. 09-cv-11898 (E.D. Mich.) |
| Environmental | *Bernice Samples, et al. v. Conoco, Inc., et al.* | Case No. 01-0631-CA-01 (Escambia County, Fla.) |
| | *Billieson, et al. v. City of New Orleans, et al.* | No. 94-19231 (Orleans Parish, LA) |
| | *City of Greenville, et al., v. Syngenta Crop Protection, Inc., and Syngenta AG* | No. 3:10-cv-00188-JPG-PMF (S. D. Ill.) |
| | *In Re: Duluth Superior Chemical Spill Litigation* | Case No. 92-cv-503 (W.D. Wis.) |
| | *Keltner, et al., v. SunCokeEnergy, Inc., et al.* | Case No.: 2014-L-1540 (Madison County, IL) |
| | *Latta, et al. v. Hannibal Board of Public Works, et al.* | Case No. 16SL-CC01881 (St. Louis, MO) |
| | *McGruder, et al. v. DPC Enterprises* | No. CV2003-022677 (Maricopa County, AZ) |
| | *Mehl v. Canadian Pacific Railway, Limited* | Case No. 02-cv-009 (D.N.D.) |
| | *Michelle Marshall, et al. v. Air Liquide – Big Three, Inc. et al.* | No. 2005-08706 (Orleans Parish, LA) |
| | *Perrine, et al. v. E.I. Dupont De Nemours and Company, et al.* | 01-0631-CA-01 (Harrison C., WV) |
| ERISA | *In Re: Broadwing Inc ERISA Litigation* | Case No. 2-cv-00857 (S.D. Ohio) |
| | *Leslie D. Nolan v The Detroit Edison Company* | Case No.: 2:18cv13359-DML-SDD (E.D. MI) |
| | *Michael Marzec v Reladyne, LLC* | Case No.: 2018CH14101 Circuit Court of Cook County, IL (Chancery Division) |
| | *Quince Rankin v. Charles C. Conway (Kmart ERISA Litigation)* | Case No. 02-cv-71045 (E.D. Mich.) |
| ERISA - 401k/403b Fee | *Anderson, et al. v. Coca-Cola Bottlers' Association, et al.* | Case No. 21-cv-02054 (D. Kan.) |
| | *André Clark, et al., v. Oasis Outsourcing Holdings, Inc., et al.* | Case No. 9:18-cv-81101- RLR (S.D. Fla.) |
| | *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.* | Case No. 06:701 (S.D. Ill.) |
| | *Bacon, et al., v. Board of Pensions of the Evangelical Lutheran Church in America* | Case No. 27-CV-15-3425 (Hennepin County, MN) |
| | *Baker, et al. v. John Hancock Life Insurance Company (U.S.A.), et al.* | Civil Action 1:20-cv-10397-RGS (D. Minn.) |
| | *Beach, et al.v. JPMorgan Chase Bank, N.A., et al.* | Case No. 17-00563-JMF (S.D.N.Y.) |
| | *Becker v. Wells Fargo & Co. et al* | Case No. 0:20-cv-02016 (D. Minn.) |
| | *Bhatia, et al. v. McKinsey & Company, Inc., et al.* | Case No. 1:19-cv-01466-GHW-SN (S.D.N.Y.) |
| | *Bouvy v. Analog Devices, Inc., et al.* | Case No. 19-cv-881-DMS-BLM (S.D. Cal.) |
| | *Brian Loomis v Nextep, Inc.* | Case No. 5:21cv00199-HE (W.D. OK) |


A N A L Y T I C S

Page 17

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Brotherston, et al. v. Putnam Investments, LLC, et al. | Civil Action No. 15-13825-WGY (D. Mass.) |
| | Brown-Davis et al v. Walgreen Co. et al | Case No. 1:19-cv-05392 (N.D. Ill.) |
| | Clifton Marshall, et al. v. Northrop Grumman Corp., et al. | Case No. 16-6794 (C.D. Cal.) |
| | Conte v. WakeMed | Case No. 5:21-cv-00190-D (E.D.N.C.) |
| | Cunningham, et al., v. Cornell University, et al. | Case No. 16-cv-6525 (S.D.N.Y.) |
| | David Clark, et al. v. Duke University, et al. | Case No. 1:16-CV-01044-CCE-LPA (M.D.N.C.) |
| | David Kinder, et al. v. Koch Industries, Inc., et al. | Case No. 1:20 cv 02973 MHC (N.D. Ga.) |
| | Dean et al. v. Cumulus Media, Inc. et al. | No. 1.22-cv-04956-TWT (D. Ga) |
| | Dennis Gordan, et al. v. Massachusetts Mutual Life Insurance Co., et al. | Case No. 13-cv-30184-MAP (D. Mass.) |
| | Diego Cervantes v. Invesco Holding Company (US), Inc., et al. | Civil Action No. 1:18 cv-02551-AT (N.D. Ga.) |
| | Dustin S. Soulek v Costco Wholesale Corporation | Case No.: 20cv937 (E. D. Wis.) |
| | Ford, et al. v. Takeda Pharmaceuticals U.S.A., Inc., et al | No. 21-cv-10090 (D. Mass.) |
| | Gleason et al. v. Bronson Healthcare Group, Inc. et al. | Case No. 1:21-cv-00379 (W. D. Mich.) |
| | Henderson et al. v. Emory University et al. | Case No. 16-cv-2920 (N.D. Ga.) |
| | Hill et al. v. Mercy Health System Corporation et al | Case No. 3:20-cv-50286 (N.D. Ill.) |
| | In re GE ERISA Litigation | Master File No.1:17-cv-12123-IT (D. Mass) |
| | In re M&T Bank Corporation ERISA Litigation | Case No. 1:16-cv-375 (W.D.N.Y.) |
| | In re Northrop Grumman Corporation ERISA Litigation | Case. No. 06-CV-6213 AB (JCx) (C.D. Cal.) |
| | Intravaia, et al. v. National Rural Electric Cooperative Association, et al. | Case No. 1:19-cv-00973-LO-IDD (E.D. Va.) |
| | Johnson, et al v. Fujitsu Technology and Business of America, Inc. et al. | Case No.: 5:16-cv-03698 NC (N.D. Cal) |
| | Karg et al. v. Transamerica Corporation et al | Case No. 1:18-cv-00134 (N.D. Iowa) |
| | Karg, et al. v. Transamerica Corp., et al. | Case No. 1:18-cv-00134-CIW-KEM (N.D. Iowa) |
| | Karolyn Kruger, et al. v. Novant Health Inc., et al. | Case No. 14-208 (M.D.N.C.) |
| | Karpik, et al. v. Huntington Bancshares Incorporated, et al. | Case No. 2:17-cv-01153-MHW-KAJ (S.D. Ohio) |
| | Kimberly D. Traczyk v Aspirus, Inc. | Case No.: 2:21cv00077 (W.D. MI) |
| | Kinder et al v. Koch Industries, Inc. et al | Case No. 1:20-cv-02973 (N.D. Ga.) |
| | Kirk, et al. v. Retirement Committee of CHS/Community Health Systems, Inc., et al. | Civil Action No. 3:19-cv-00688 (M.D. Tenn.) |
| | Lauren Bence, et al. v. Presence Health Network, et al. | Case No. 1:17-cv-08315 (N.D. Ill.) |
| | Loomis, et al. v. Nextep Inc., et al. | Case No. 5:21-cv-00199-HE (W.D.Ok) |
| | Loren L. Cassell, et al. v. Vanderbilt University, et al. | Case No. 3:16-CV-02086 (M.D. Tenn.) |
| | Main, et al. v. American Airlines, Inc., et al. | Civil Action No.: 4:16-cv-00473-O (N.D. Texas) |
| | Marcia McGowan v Barnabas Health, Inc. | Case No.: 2:20cv13119-KM-JRA (D.N.J.) |
| | McNeilly, et al. v. Spectrum Health System, et al. | No. 1:20-cv-00870 (W.D. Mich.) |
| | Moitoso, et al. v. FMR LLC, et al. | Civil Action No. 1:18-cv-12122-WGY (D. Mass.) |
| | Munro v. University of Southern California | Case No. 16-6191 (C.D. Cal.) |
| | Pat Beesley, et al v. International Paper Co. et al. | Case No. 06-703-DRH (S.D. Ill.) |
| | Paul Andrus, et al. v. New York Life Insurance Company, et al. | Case. No.1:16-cv-05698 (KPF) (S.D.N.Y.) |
| | Pledger, et al. v. Reliance Trust, et al. | Case No. 1:15-cv-4444-MHC (N.D. Ga.) |



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Price v. Eaton Vance Corp., et al.* | Civil Action No. 18-12098-WGY (D. Mass.) |
| | *Ramos et al. v. Banner Health et al. (Judgement)* | Case No. 1:15-cv-02556 (D. Colo.) |
| | *Ramos et al. v. Banner Health et al. (Slocum)* | Case No. 1:15-cv-02556 (D. Colo.) |
| | *Reetz v. Lowe's Companies, Inc.* | No. 5:18-cv-075-RJC-DCK (W.D.N.C.) |
| | *Robert Sims, et al. v. BB&T Corporation, et al.* | Case No. 1:15-cv-732-CCE-JEP (M.D.N.C.) |
| | *Ronald Tussey, et al. v. ABB Inc., et al.* | Case No. 2:06-cv-4305-NKL (W.D. Mo.) |
| | *Smith et al. v. OSF Healthcare System, et al.* | Case No. 3:16-cv-00467-SMY-RJD (S.D. Ill.) |
| | *Smith v. GreatBanc Tr. Co.* | No. 1:20-cv-02350-FUV (N.D. Ill.) |
| | *Smith v. VCA Inc., et al.* | No. 2:21-cv-09140-GW-AGR (C.D. Cal.). |
| | *Soulek v. Costco Wholesale Corporation et al* | Case No. 1:20-cv-00937 (E.D. Wis.) |
| | *Stacy Schapker v. Waddell & Reed Financial, Inc., et al.* | Case No. 17-cv-2365 (D. Kan.) |
| | *Stevens v. SEI Investments Company, et al.* | Case No. 2:18-CV-09936 (E.D. Pa.) |
| | *Todd Ramsey, et al., v. Philips North America LLC* | Case No. 3:18-cv-01099-NJR-RJD (S.D. Ill.) |
| | *Tooney, et al. v. Demoulas Super Markets, Inc., et al.* | Case No. 1:19-CV-11633-LTS (D. Mass.) |
| | *Tracey, et al. v. Massachusetts Institute of Technology, et al.* | Case No. 1:16-cv-11620 (D. Mass.) |
| | *Traczyk v.Aspirus, Inc. et al.* | Case No. 2:21-cv-00077-RJJ-MV (W.D. Mich.) |
| | *Traudt et al v. Oracle Corporation et al.* | Case No. 16-cv-00175 (D. Colo.) |
| | *Velazquez, et al. v. Massachusetts Financial Services Company* | Case No. 1:17-CV-11249 (D. Mass.) |
| | *Walter v. Kerry Inc., et al.* | 2:21-cv-539-BHL (E.D. Wis.) |
| | *Woznicki v. Aurora Health Care, Inc.* | Case No. 20-cv-1246 (E.D. Wis.) |
| FACTA | *Albright v. Metrolink* | No. 4:11-CV-01691AGF (E.D. Mo.) |
| | *Ebert, et al. v. Warner's Stellian* | No. 11-cv-02325 JRT/ SER (D. Minn.) |
| | *Fouks, et al. v. Red Wing Hotel Corporation* | Case No. 12-cv-02160 (D. Minn.) |
| | *Jones v. Dickinson* | No. 11 CV 02472 (D. Mo.) |
| | *Linda Todd, et al. v. Medieval Times* | Case No. 1:10-cv-00120 (D. N.J.) |
| | *Masters v. Lowe's Home Centers, Inc.* | Case No. 3:09-cv-255 (S.D. Ill.) |
| | *Seppanen et al. v. Krist Oil Company* | Case No. 2:09-cv-195 (W.D. Mich.) |
| | *Waldman v. Hess Corporation* | Case No. 07-cv-2221 (D. N.J.) |
| FCRA | *Michael Stoner, et al. v. CBA Information Services* | Case No. 04-cv-519 (E.D. Pa.) |
| Insurance | *Ann Costella v. Allianz Life Insurance Company* | Case No. 03-cv-20405 (D. Minn.) |
| | *Boyd Demmer, et al. v. Illinois Farmers Insurance Company* | Case No. MC 00-017872 (Hennepin County, Minn.) |
| | *Christopher Meek v. Kansas City Life Insurance Company* | Case No. 4:19cv00471 (W.D. MO) |
| | *Chultem v. Ticor Title Insur. Co., et al.* | Case No. 2006-CH-09488 ((Cook County, Il,Il.) |
| | *Colella v. Chicago Title Insur. Co., et al.* | Case No. 2006-CH-09489 ((Cook County, Il,Il.) |
| | *Daluga, et al. v. Continental Casualty Company* | No. 3:15-cv-00297 (W.D. Wis.) |
| | *Deborah Hillgamyer, et al. v. Reliastar Life Insurance Company, et al.* | No. 11-cv-729 (W.D. Wis.) |
| | *Doan v. State Farm* | 108CV129264 (Santa Clara Co., CA) |
| | *Dorothea Pavlov v. Continental Casualty Company* | Case No. 07-cv-2580 (N.D. Ohio) |



Page 19

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Earl L. McClure v State Farm Insurance Company | Case No.: 2:20cv01389-SMB (D. AZ) |
| | Frank Rose, et al. v. United Equitable Insurance Company, et al. | Case No. 00-cv-02248 (Cass County, ND) |
| | Froeber v. Liberty Mutual Fire Insurance Company | Case No. 00C15234 (Marion County, OR) |
| | Garrison, et al., v. Auto-Owners Insurance Company | Case No. 02-cv-324076 (Cole County, Mo.) |
| | Harold Hanson, et al. v. Acceleration Life Insurance Company, et al. | Case No. 3:97-cv-152 (D.N.D.) |
| | In Re: Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation | Case No. 99-md-1309 (D. Minn.) |
| | Irene Milkman, et al. v. American Travellers Life Insurance Company, et al. | No. 03775 (Philadelphia Court of Common Pleas, Pa.) |
| | J. Gregory Sheldon v Kansas City Life Insurance Company | Case No.: 1916CV26689 Circuit Court of Jackson County, MO |
| | Jacobs v. State Farm General Insurance Company | No. CJ-96-406 (Sequoyah County, Okla.) |
| | James M. Wallace, III., et al. v. American Agrisurance, Inc., et al. | Case No. 99-cv-669 (E.D. Ark.) |
| | James Ralston, et al. v. Chrysler Credit Corporation, et al. | Case No. 90-cv-3433 (Lucas County, Ohio) |
| | Michael T. McNellis, et al. v. Pioneer Life Insurance Company, et al. | Case No. CV990759 (County of San Luis Obispo, Cal.) |
| | Morris v. Liberty Mutual Fire Insurance Company | CJ-03-714 (Pottawatomie County, OK) |
| | Paul Curtis, et al v. Northern Life Insurance Company | Case No. 01-2-18578 (King County, Wash.) |
| | Ralph Shaffer v. Continental Casualty Company and CNA Financial Corp | Case No. 06-cv-2253 (C.D. Cal.) |
| | Raymond Arent, et al. v. State Farm Mutual Insurance Company | Case No. 00-mc-16521 (D. Minn.) |
| | Roy Whitworth, et al. v. Nationwide Mutual Insurance Company, et al. | Case No. 00CVH-08-6980 (Franklin County, Ohio) |
| | Sonia Gonzalez, et al. v. Rooms to Go, Inc., et al. | Case No. 97-cv-3146 (S.D. Fla.) |
| | Taqueria El Primo, LLC v Farmers Group, Inc. | Case No.: 19cv03071 (D. MN) |
| | Tow Distributing, Inc., et al. v. BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota | Case No. 02-cv-9317 (D. Minn.) |
| Insurance - Force Placed | Arnett v. Bank of America, N.A. | No. 3:11-CV-01372-SI (D. OR) |
| | Clements, et al. v. JPMorgan Chase Bank, N.A., et al. | No. 3:12-cv-02179-JCS (N.D. Cal.) |
| | Hofstetter, et al. v. Chase Home Finance, LLC., et al. | Case No. 10-cv-1313 (N.D. Cal.) |
| | Jerome Walls, et al. v. JP Morgan Chase Bank, N.A., et al. | Case No. 11-00673 (W.D. KY) |
| Legal Notice | Anderson et al. v. Canada (Attorney General) | 2011 NLCA 82 |
| | Angell v. Skechers Canada | 8562-12 (Montreal, Quebec) |
| | Billieson, et al. v. City of New Orleans, et al. | No. 94-19231 (Orleans Parish, LA) |
| | Carnegie v. Household International, Inc. | No. 98-C-2178 (N.D. Ill.) |
| | Cazenave, et al. v. Sheriff Charles C. Foti, Jr., et al. | Case No. 00-cv-1246 (E.D. La.) |
| | City of Greenville, et al., v. Syngenta Crop Protection, Inc., and Syngenta AG | No. 3:10-cv-00188-JPG-PMF (S. D. Ill.) |
| | Evans, et al. v. Linden Research, Inc., et al. | Case No. 4:11-cv-1078-DMR (N.D. CA) |
| | F.T.C. v. NBTY, Inc. | No. 05-4793 (E.D.N.Y.) |
| | George Williams, et al. v. BestComp, Inc., et al. | Case No. 09-C-5242-A (Parish of St. Landry, LA) |
| | Griffin v. Dell Canada Inc. | Case No. 07-cv-3252302 (Ontario, Superio Court of Justice) |
| | In Re: Aftermarket Filters Antitrust Litigation | No. 1.08-cv-4883, MDL No. 1957 (N.D. Ill.) |
| | In Re: Asia Pulp & Paper Securities Litigation | Case No. 01-cv-7351 (S.D.N.Y.) |
| | In Re: Certainteed Fiber Cement Siding Litigation | MDL 2270 (E.D. PA) |
| | In Re: Duluth Superior Chemical Spill Litigation | Case No. 92-cv-503 (W.D. Wis.) |


ANALYTICS

Page 20

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | In Re: Google Referrer Header Privacy Litigation | No. 10-04809 (N.D. Cal.) |
| | In Re: Salmonella Litigation | Case No. 94-cv-016304 (D. Minn.) |
| | Jerome H. Schlink v. Edina Realty Title | Case No. 02-cv-18380 (D. Minn.) |
| | Joel E. Zawikowski, et al. v. Beneficial National Bank, et al. | Case No. 98-cv-2178 (N.D. Ill.) |
| | Joshua Wasser, et al. v. All Market, Inc., | Case No. 1:16-CV-21238 (S.D. Fla.) |
| | Kobylanski et al. v. Motorola Mobility, Inc. et al. | No. 13-CV-1181 (W.D. Pa.) |
| | Mary Plubell, et al. v. Merck and Co., Inc. | Case No. 04-cv-235817 (Jackson County, MO) |
| | McGruder, et al. v. DPC Enterprises | No. CV2003-022677 (Maricopa County, AZ) |
| | Mehl v. Canadian Pacific Railway, Limited | Case No. 02-cv-009 (D.N.D.) |
| | Michelle Marshall, et al. v. Air Liquide -- Big Three, Inc. et al. | No. 2005-08706 (Orleans Parish, LA) |
| | Pat Beesley, et al v. International Paper Co. et al. | Case No. 06-703-DRH (S.D. Ill.) |
| | Perrine, et al. v. E.I. Dupont De Nemours and Company, et al. | 01-0631-CA-01 (Harrison C., WV) |
| | Red Eagle Resources Corporation, Inc., et al. v. Baker Hughes Inc., et al. | Case No. 91-cv-627 (S.D. Tex.) |
| | Skold, et al. v Intel Corporation, et al. | Case No. 1-05-cv-039231 (County of Santa Clara, CA) |
| | The People of the State of California v. Rainbow Light Nutritional Systems, LLC, et al. | Case No. 19STCV28214 (Los Angeles County, CA) |
| | Thomas Geanacopoulos v. Philip Morris USA, Inc. | Civil Action No. 98-6002-BLS1 (MA Superior Court) |
| Medical/Drug | F.T.C. v. CHK Trading Corp. | Case No. 04-cv-8686 (S.D.N.Y.) |
| | F.T.C. v. Christopher Enterprises, Inc. | Case No. 2:01-cv-0505 (D. Utah) |
| | F.T.C. v. Conversion Marketing, Inc. | Case No. 04-cv-1264 (C.D. Cal.) |
| | F.T.C. v. Enforma Natural Products, Inc. | Case No. 00-cv-04376 (C.D. Cal.) |
| | F.T.C. v. Goen Technologies | FTC File No. 042 3127 |
| | F.T.C. v. Great American Products | Case No. 05-cv-00170 (N.D. Fla.) |
| | F.T.C. v. Kevin Trudeau, et al. | Case No. 03-cv-3904 (N.D. Ill.) |
| | F.T.C. v. Latin Hut, Inc. | Case No. 04-cv-0830 (S.D. Cal.) |
| | F.T.C. v. QT, Inc. | Case No. 03-cv-3578 (N.D. Ill.) |
| | F.T.C. v. Seasilver USA, Inc. | Case No. 03-cv-0676 (D. Nev.) |
| | F.T.C. v. Smart Inventions, Inc. | Case No. 04-cv-4431 (C.D. Cal.) |
| | F.T.C. v. Sunny Health Nutrition Technology & Products, Inc. | Case No. 06-cv-2193 (M.D. Fla.) |
| | F.T.C. v. United Fitness of America, LLC | Case No. 02-cv-0648 (D. Nev.) |
| | In Re: Guidant Corp Implantable Defibrillators Products Liability Litigation | Case No. 05-cv-1708 (D. Minn.) |
| | In re: Nuvoring Products Liability Litigation | 08-MDL-1964 |
| | Karen Wright, et al. v. Milan Jeckle | Case No. 98-2-07410-2 (Spokane County, Wash.) |
| | Mary Plubell, et al. v. Merck and Co., Inc. | Case No. 04-cv-235817 (Jackson County, MO) |
| Privacy/FCRA | St. Clair, et al. v MRB, et al. | Case No. 12-cv-1572 (D. Minn.) |
| Securities | Adam C. Kossab , et al. v. Francis D. John, et al. | Case No. 2:16-cv-00613-AJS (W.D. Pa.) |
| | Alan Freberg, et al. v. Merrill Corporation, et al. | Case No. 99-cv-010063  (D. Minn.) |
| | Anderson v. Investors Diversified Services | Case No. 4:79-cv-266 (D. Minn.) |
| | Arkansas Teacher Retirement System, et al. v. Insulet Corp., et al. | Civil Action No. 15-12345-MLW (D. Mass) |



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Bottlebrush Investments, LP, et al v. The Lambweth Company, et al.* | Case No. BC 407967 (County of Los Angeles, CA) |
| | *Charter Township Of Clinton v. OSI Restaurants* | Case No. 06-CA-010348 (Hillsborough County, Fla.) |
| | *Christopher Carmona, et al. v. Henry I. Bryant, et al. (Albertson's Securities Litigation)* | Case No. 06-cv-01251 (Ada County, Idaho) |
| | *Daryl L. Cooper, et al. v. Miller Johnson Steichen Kinnard, Inc.* | Case No. 02-cv-1236 (D. Minn.) |
| | *Dutton v. Harris Stratex Networks, Inc. et al* | 08-cv-00755-LPS (D. Del.) |
| | *Edith Gottlieb v. Xcel Energy, Inc., et al.* | Case No. 02-cv-2931 (D. Minn.) |
| | *Family Medicine Specialists, et al. v. Abatix Corp., et al.* | Case No. 3:04-cv-872B (N.D. Tex.) |
| | *Fisk, et al. v. H&R Block Inc., et al.* | 1216-CV20418 (Jackson County, MO) |
| | *Friedman, et al. v. Penson Worldwide, Inc.* | 11-cv-02098 (N.D. Tex.) |
| | *In Re Allergan PLC Securities Litigation* | Case No.: 18cv12089-CM-GWG (S.D. NY) |
| | *In re FX Energy Stockholders Litigation* | Case No. A-15-726409-B (Clark County, NV) |
| | *In Re Regulus Therapeutics Inc. Securities Litigation* | 3:17-cv-00182 BTM-RBB (S.D. CA) |
| | *In Re Universal Health Services, Inc. Derivative Litigation* | Case No.: 2:17cv02187 (E.D. PA) |
| | *In Re: American Adjustable Rate Term Trust Securities Litigation* | Case No. 4:95-cv-666 and 4:95-cv-667 (D. Minn.) |
| | *In Re: Ancor Communications, Inc Securities Litigation* | Case No. 97-cv-1696 (D. Minn.) |
| | *In Re: Asia Pulp & Paper Securities Litigation* | Case No. 01-cv-7351 (S.D.N.Y.) |
| | *In Re: Bayer AG Securities* | Case No. 03-cv-1546 (S.D.N.Y.) |
| | *In Re: Bio-One Securities Litigation* | Case No. 05-cv-1859 (M.D. Fla.) |
| | *In Re: Bioplasty Securities Litigation* | Case No. 4:91-cv-689 (D. Minn.) |
| | *In Re: Citi-Equity Group, Inc. Securities Litigation* | Case No. 94-cv-012194 (D. Minn.) |
| | *In Re: Citi-Equity Group, Inc., Limited Partnerships Securities Litigation* | MDL No. 1082 (C.D. Cal.) |
| | *In Re: Control Data Corporation Securities Litigation* | Case No. 3:85-cv-1341 (D. Minn.) |
| | *In Re: Cray Research Securities Litigation* | Case No. 3:89-cv-508 (D. Minn.) |
| | *In re: CV Sciences, Inc. Securities Litigation* | Case No.: 2:18cv01602-JAD-BNW (D. NV) |
| | *In Re: Cybex International Securities Litigation* | No. 653794/2012 (County of New York, NY) |
| | *In Re: E.W. Blanch Holdings, Inc. Securities Litigation* | Case No. 01-cv-258 (D. Minn.) |
| | *In Re: Encore Computer Corporation Shareholder Litigation* | Case No. 16044 (New Castle County, Del.) |
| | *In Re: EVCI Career Colleges Holding Corp Securities Litigation* | Case No. 05-cv-10240 (S.D.N.Y.) |
| | *In Re: Flight Transportation* | MDL No. 517 (D. Minn.) |
| | *In Re: Frontier Oil Corporation* | Case No. 2011-11451 (Harris County, Tex.) |
| | *In Re: HeartWare International, Inc. Securities Litigation* | No. 1.16-cv-00520-RA (S.D.N.Y.) |
| | *In Re: Hennepin County 1986 Recycling Bond Litigation* | Case No. 92-cv-22272 (D. Minn.) |
| | *In Re: McCleodUSA Incorporated Securities Litigation* | Case No. 02-cv-0001 (N.D. Iowa) |
| | *In Re: McKesson HBOC, Inc. Securities Litigation* | Case No. 99-cv-20743 (N.D. Cal.) |
| | *In Re: Merrill Lynch & Co., Inc. Securities Derivative and ERISA Litigation* | 07-cv-9633 (S.D.N.Y.) |
| | *In Re: Merrill Lynch Research Reports Securities Litigation* | Case No. 02-md-1484 (S.D.N.Y.) |
| | *In Re: Micro Component Technology, Inc. Securities Litigation* | Case No. 4:94-cv-346 (D. Minn.) |
| | *In Re: National City Corp. Securities, Derivative and Erisa Litig.* | MDL No. 2003 (N.D. Ohio) |

Page 22



7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | In Re: New Century | No. 07-CV-0931 (C.D. Cal.) |
| | In Re: Novastar Financial, Inc. Securities Litigation | Case No. 04-cv-0330 (W.D. Mo.) |
| | In Re: OCA, Inc. Securities and Derivative Litigation | Case No. 05-cv-2165 (E.D. La.) |
| | In Re: Raytheon Company Securities Litigation | Case No. 99-cv-12142 (D. Mass.) |
| | In Re: Reliance Group Holdings, Inc. Securities Litigation | Case No. 00-cv-4653 (S.D.N.Y.) |
| | In Re: Retek Inc Securities Litigation | Case No. 02-cv-4209 (D. Minn.) |
| | In Re: Solomon Analyst Metromedia Litigation | Case No. 02-cv-7966 (S.D.N.Y.) |
| | In re: Sauer-Danfoss, Inc. Stockholder Litigation | C.A. No. 8396-VCL (Court of Chancery of the State of Delaware) |
| | In Re: Scimed Life Systems, Inc. Shareholders Litigation | Case No. 94-mc-17640 (D. Minn.) |
| | In Re: Sourcecorp Securities Litigation | Case No. 04-cv-02351 (N.D. Tex.) |
| | In re: Spectrum Pharmaceuticals Securities Litigation | Case No. 2:13-cv-00433-LDG (D. Nev.) |
| | In Re: SS&C Technologies, Inc. Shareholders Litigation | Case No. 05-cv-1525 (D. Del.) |
| | In re: SunEdison, Inc. Securities Litigation | Case No. 1:16-md-2742-PKC (S.D.N.Y) |
| | In Re: Tellium Inc Securities Litigation | Case No. 02-cv-5878 (D. N.J.) |
| | In Re: The Sportsman's Guide, Inc. Litigation | Case No. 06-cv-7903 (D. Minn.) |
| | In Re: Tonka Corporation Securities Litigation | Case No. 4:90-cv-002 (D. Minn.) |
| | In Re: Tonka II Securities Litigation | Case No. 3:90-cv-318 (D. Minn.) |
| | In Re: Tricord Systems, Inc. Securities Litigation | Case No. 3:94-cv-746 (D. Minn.) |
| | In Re: VistaCare, Inc. Securities Litigation | Case No. 04-cv-1661 (D. Ariz.) |
| | In Re: Williams Securities Litigation | Case No. 02-cv-72(N.D. Okla.) |
| | In Re: Xcel Energy, Inc. Securities Litigation | Case No. 02-cv-2677 (D. Minn.) |
| | In Re: Xcelera.Com Securities Litigation | Case No. 00-cv-11649 (D. Mass.) |
| | In Re: Xybernaut Corp. Securities MDL Litigation | Case No. 05-mdl-1705 (E.D. Va.) |
| | In the Matter of BKS Advisors, LLC | SEC Admin. Proc. File No. 3-18648 |
| | In the Matter of deVere USA, Inc. | SEC Admin. Proc. File No. 3-18527 |
| | In the Matter of Focus Media Holding Limited, et al. | SEC Admin. Proc. File No. 3-16852 |
| | In the Matter of James Goodland and Securus Wealth Management, LLC | SEC Admin. Proc. File No. 3-16878 |
| | In the Matter of JL Capital Management | SEC Admin. Proc. File No. 3-18171 |
| | In the Matter of Ross, Sinclaire & Associates, LLC, et al. | SEC Admin. Proc. File No. 3-17315 |
| | In the Matter of Securities America Advisors, Inc. | SEC File No.: 3-20381 |
| | In the Matter of Sica Wealth Management, LLC and Jeffrey C. Sica | SEC Administrative Proceeding File No. 3-19716 |
| | In the Matter of William D. King, CPA | SEC Administrative Proceeding File No. 3-19991 |
| | Inchen Huang v Assertio Therapeutics, Inc. | Case No.: 4:17cv04830-JST (N.D. Cal.) |
| | Ivy Shipp, et al. v. Nationsbank Corp. | 19,002 (TX 12th Jud Dist) |
| | Karl E. Brogen and Paul R. Havig, et al. v. Carl Pohlad, et al. | Case No. 3:93-cv-714 (D. Minn.) |
| | Kevin D. Mayer et al. v United Microelectronics Corporation | 19-cv-02304 (S.D. N.Y.) |
| | Lori Miller, et al. v. Titan Value Equities Group Inc., et al. | Case No. 94-mc-106432 (D. Minn.) |
| | Makor Issues & Rights, Ltd., et al. v. Tellabs, Inc., et al. | 02-C-4356 (N.D. Ill.) |

7/20/2023

Analytics Consulting LLC
Partial List of Legal Notice and Class Action Consulting Experience

| Practice Area | Engagement | Citation |
|---|---|---|
| | Montoya, et al. v. Mamma.com, Inc., et al. | Case No. 1:05-cv-02313 (S.D.N.Y.) |
| | Norwood v Lee, et al. | C.A. No.: 2018-0056-KSJM Court of Chancery of the State of Delaware |
| | Partridge v GreenStar Agricultural Corporation, et al. | Ontario Superior Court of Justice (Toronto Region) |
| | Paskowitz v James J. Hill | Case No. 715541/2018 (Queens County, NY) |
| | Resendes, et al.; Maher, et al.; Hawkins, et al.; Schooley, et al. v. Thorp, et al. | Case No. 84-cv-03457, 84-cv-11251, 85-cv-6074, 86-cv-1916L (D. Minn.) |
| | Richard Donal Rink, et al. v. College Retirement Equities Fund | No. 07-CI-10761, (Jefferson County, KY) |
| | Robert Trimble, et al. v. Holmes Harbor Sewer District, et al. | Case No. 01-2-007751-8 (Island County, Wash.) |
| | Sandi Roper, et al. v. SITO Mobile, Ktd., et al. | NO. 2:17-CV-01106-ES-MAH (D.N.J.) |
| | SEC v Colonial Tidewater Realty Income Partners, LLC | 1:15-cv-2401 (D. MD) |
| | SEC v MMR Investment Bankers LLC dba MMR, Inc. | File No. 3-16753 and 3-16754 |
| | Securities and Exchange Commission v Al-Raya Investment Company, et al. | No. 109-CV-6533 |
| | Securities and Exchange Commission v Broadwind Energy, Inc. | Case No.: 1:15cv01142 (N.D. IL) |
| | Securities and Exchange Commission v. AIMSI Technologies, Inc., et al. | 05 CV 4724 (LLS) (S.D.N.Y.) |
| | Securities and Exchange Commission v. Alderson et al. | No. 18-04930 (S.D.N.Y.) |
| | Securities and Exchange Commission v. Broadwind Energy, Inc. et al. | Civ. Act. No. 1:15-cv-01142 (N.D. Ill.) |
| | Securities and Exchange Commission v. CKB168 Holdings Ltd., et al. | Civil Action No. 1:13-cv-5584 (E.D.N.Y.) |
| | Securities and Exchange Commission v. Harrison Katzen | Case No. 16-cv-06606 (E.D.N.Y.) |
| | Securities and Exchange Commission v. Intercontinental Regional Center Trust of Chicago, LLC | Civil Action No. 13-cv-982 (N.D. Ill.) |
| | Securities and Exchange Commission v. Myron Weiner | 11-CV-05731 (E.D.N.Y.) |
| | Securities and Exchange Commission v. Rockford Funding Group, LLC, et al. | 09-10047 (S.D.N.Y.) |
| | Securities and Exchange Commission v. United American Ventures, LLC, et al. | Case No. 10-cv-00568-JCH-LFG (D.N.M.) |
| | Superior Partners, et al. v. Rajesh K. Soin, et al. | Case No. 08-cv-0872 (Montgomery County, Ohio) |
| | Sveningsen, et al. v. Piper Jaffray & Hopwood, et al. | Case No. 3:85-cv-921 (D. Minn.) |
| | Three Bridges Investment Group, et al. v. Honeywell, et al. | Case No. 88-cv-22302 (D. Minn.) |
| | Tietz v Bridgemark Financial Corp. | Action No.: S-197731 The Supreme Court of British Columbia |
| | United States of America v. George David Gordon | Case No. 4:09-cv-00013-JHP-1 (N.D. Okla.) |
| | United States of America v Zev Saltsman | Case No. 04-cv-641 (E.D.N.Y.) |
| | William Steiner, et al. v. Honeywell, Inc. et al. | Case No. 4:88-cv-1102 (D. Minn.) |
| Test Score | David Andino, et al. v. The Psychological Corporation, et al. | Case No. A457725 (Clark County, Nev.) |
| | Frankie Kurvers, et al. v. National Computer Systems | No. MC00-11010 (Hennepin County, Minn) |

Page 24