# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL HARVEY, MERYL EICHENBAUM, and ROXANNE KUZOWSKY, as representatives of a class of similarly situated persons, and on behalf of the BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> BED BATH & BEYOND, INC. 401(K) SAVINGS PLAN COMMITTEE and LAURA CROSSEN, <br><br> Defendants. | Case No. 2:23-cv-20376-CCC-SDA |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs'

Unopposed Motion for Final Approval of Class Action Settlement. ECF No. 65.

After review of the Unopposed Motion for Final Approval of Settlement and the

attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

1.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the Settlement Class.

2.      The Court certifies, for Settlement purposes only, the following Settlement Class:

> All Participants whose individual Plan accounts were adjusted by any amount due to the Market Value Adjustment that was applied to the Plan's interest in the MassMutual Guaranteed Interest Account after Bed Bath & Beyond passed a resolution to terminate the Bed Bath & Beyond, Inc. 401(k) Savings Plan in 2023, along with their Beneficiaries and Alternate Payees of record, excluding Defendants.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and adjudges the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

4.      The Court hereby orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5.      The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

6.    In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable and re-mailed notices to those Class Members. In total, only 0.85% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.    The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.    The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.    The Settlement was negotiated only after Class Counsel had conducted a thorough investigation and the Parties had fully briefed Defendants' motion to dismiss;

C.    The Settling Parties were well positioned to evaluate the value of the Class Action;

D.      If the Settlement had not been achieved, both Plaintiffs and

Defendants faced the expense, risk, and uncertainty of extended litigation;

E.      The amount of the Settlement ($1,950,000.00) is fair,

reasonable, and adequate. The Settlement amount is within the range of

reasonable settlements that would have been appropriate in this case, based

on the nature of the claims, the potential recovery, the risks of litigation, and

settlements that have been approved in other similar cases;

F.      The Class Representatives have actively and independently

participated in the Class Action;

G.      The Class Representatives and Class Counsel have concluded

that the Settlement Agreement is fair, reasonable, and adequate;

H.      Class Members had the opportunity to be heard on all issues

regarding the Settlement and release of claims by submitting objections to

the Settlement Agreement to the Court;

I.      There were no objections to the settlement; and

J.      The Settlement was reviewed by an independent fiduciary,

Gallagher Fiduciary Advisors, LLC, who has approved the Settlement.

8.      The Motion for Final Approval of the Settlement Agreement is hereby

GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable

and adequate to the Plan and the Settlement Class.

4

9.      This Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

10.     The Plan, the Settlement Class, and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

11.     The Settlement Class and each Class Member have hereby released the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

12.     The provisions of Sections 3.2.3, 3.2.4 and 3.2.5 of the Settlement Agreement shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now

know or believe to be true with respect to the Class Action and the Released

Claims, whether or not such Class Members receive a monetary benefit from the

Settlement, whether or not such Class Members actually received the Settlement

Notice, whether or not such Class Members have filed an objection to the

Settlement or to any application by Class Counsel for an award of Attorneys' Fees

and Costs, and Administrative Expenses, and whether or not the objections or

claims for distribution of such Class Members have been approved or allowed.

13.    The Court finds that all applicable CAFA requirements have been

satisfied.

14.    As to Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs &

Administrative Expenses and Class Representative Compensation, Dkt. 63, the

Court finds that an award of attorneys' fees to Class Counsel in the amount of

$650,000.00 (equal to one-third of the Gross Settlement Amount) is reasonable.

The Court further finds that reimbursement of litigation expenses in the amount of

$3,338.27, payment to Analytics Consulting LLC in the amount of $21,529.34 for

Settlement Administration, and payment in the amount of $15,000 to Gallagher

Fiduciary Advisors, LLC is likewise reasonable.

15.    To Class Representatives Harvey, Eichenbaum, and Kuzowsky, the

Court awards class representative awards of $7,500 each.

16.     The Plan of Allocation is approved. The Settlement Administrator

shall have final authority to determine each Class Member's Settlement Credit

Amount in accordance with the Plan of Allocation. The Settlement Administrator

is further authorized to direct the Escrow Agent to make such distributions from

the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

17.     Within thirty-one (31) calendar days following the issuance of all

Settlement payments to Class Members as provided by the Plan of Allocation

approved by the Court, the Settlement Administrator shall prepare and provide to

Class Counsel and Defense Counsel a list of each Person who received a

Settlement payment from the Qualified Settlement Fund and the amount of such

payment.

18.     Upon the Effective Date of this Order under the Settlement

Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound

by the Settlement Agreement and by this Final Approval Order.

19.     The Court shall retain jurisdiction to enforce and interpret the

Settlement Agreement.

It is so ORDERED this 9th day of October, 2025.


/s/ Claire C. Cecchi
_____
Honorable Claire C. Cecchi
United States District Judge